BOBBY SHAWN JANDE
NAME

J25333
PRISON NUMBER

Po Box 5004
CURRENT ADDRESS OR PLACE OF CONFINEMENT

Calipatria CA 92233
CITY, STATE, ZIP CODE.

FILED

2008 MAR -5 PM 3: 34

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

2254 ✓ 1983
FILING FEE PAID
Yes ___ No ___
IFP MOTION FILED
Yes ___ No ___
COPIES SENT TO
Court ✓ ProSe ___

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

BOBBY SHAWN JANDE
(FULL NAME OF PETITIONER)

PETITIONER

v.

L. E. Scribner, Warden
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

RESPONDENT

and

Edmund G. Brown, Jr
The Attorney General of the State of
California, Additional Respondent.

'08 CV 0420 JLS POR
Civil No _____
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1.  Name and location of the court that entered the judgment of conviction under attack: _____
    Superior Court of California, County of Imperial 939 W. Main Street el centro CA 92243

2.  Date of judgment of conviction: June 22, 2001

3.  Trial court case number of the judgment of conviction being challenged: _____
    EHC-00868

4.  Length of sentence: _____ N/A

CIV 68 (Rev. Jan. 2006)

cv

5.  Sentence start date and projected release date:  _N/A_ _____

_____

6.  Offense(s) for which you were convicted or pleaded guilty (all counts): _____
    _Possession of stolen property; Check fraud_ _____

_____

7.  What was your plea? (CHECK ONE) _____
    (a)  Not guilty        ☒
    (b)  Guilty            ☐
    (c)  Nolo contendere   ☐

8.  If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
    (a)  Jury     ☐
    (b)  Judge only ☐

9.  Did you testify at the trial?
    ☐ Yes  ☐ No

### DIRECT APPEAL

10.  Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☐ Yes  ☐ No

11.  If you appealed in the **California Court of Appeal**, answer the following:
    (a)  Result: _____
    (b)  Date of result (if known): _____
    (c)  Case number and citation (if known): _____
    (d)  Names of Judges participating in case (if known)_____

    _____

    (e)  Grounds raised on direct appeal: _____

    _____

    _____

12.  If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a)  Result: _____
    (b)  Date of result (if known): _____
    (c)  Case number and citation (if known): _____

    _____

    (d)  Grounds raised: _____

    _____

    _____

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

    (a) Result: _____

    (b) Date of result (if known): _____

    (c) Case number and citation (if known): _____

    _____

    (d) Grounds raised: _____

    _____

    _____

    _____

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
☒ Yes ☐ No

15. If your answer to #14 was "Yes," give the following information:

    (a) **California Superior Court** Case Number (if known): _E HC - 00868_

    (b) Nature of proceeding: _Habeas Corpus petition_

    (c) Grounds raised: _Petitioners due process rights violated under 14th amendment of the U.S. constitution and article I, section 7 subd (a) of California constitution_

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes ☒ No

    (e) Result: _Denied_

    (f) Date of result (if known): _June 22, 2007_

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
☒ Yes ☐ No

17. If your answer to #16 was "Yes," give the following information:

   (a) **California Court of Appeal** Case Number (if known): D051373

   (b) Nature of proceeding: Habeas Corpus petition

   (c) Names of Judges participating in case (if known) Huffman, Naves, and Irion

   (d) Grounds raised: Petitioners due process rights were violated under 14th amendment to the u.s. Constitution and Article I section 7 subd(a) of California Constitution.

   (e) Did you receive an evidentiary hearing on your petition, application or motion?
   ☐ Yes ☒ No

   (f) Result: Denied

   (g) Date of result (if known): November 6, 2007

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☒ Yes ☐ No

19. If your answer to #18 was "Yes," give the following information:

   (a) **California Supreme Court** Case Number (if known): S159392

   (b) Nature of proceeding: Habeas Corpus Petition

   (c) Grounds raised: Petitioners due process rights violated under 14th amendment to the u.s constitution and Article I section 7 subd(a) of California constitution.

   (d) Did you receive an evidentiary hearing on your petition, application or motion?
   ☐ Yes ☒ No

   (e) Result: Denied

   (f) Date of result (if known): January 16, 2008

CIV 68 (Rev. Jan. 2006)

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the <u>California Supreme Court</u>, containing the grounds raised in this federal Petition, explain briefly why you did not:

_____

_____

_____

_____

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
    ☒ Yes ☐ No      (IF "YES" SKIP TO #22)
    (a) If no, in what federal court was the prior action filed? _____
       (i) What was the prior case number? _____
      (ii) Was the prior action (CHECK ONE):
              ☐ Denied on the merits?
              ☐ Dismissed for procedural reasons?
     (iii) Date of decision: _____
    (b) Were any of the issues in this current petition also raised in the prior federal petition?
              ☐ Yes ☐ No
    (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
              ☐ Yes ☐ No

<u>CAUTION:</u>

- <u>Exhaustion of State Court Remedies:</u>  In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- <u>Single Petition:</u>  If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- <u>Factual Specificity:</u>  You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE**: Lieutenant J. Sigler violated my due process rights, by finding me guilty of a serious rule violation 115, for possession of stolen property and check fraud, despite the complete devoid of ANY evidence I knew anything about the stolen money orders or checks.

**Supporting FACTS:** I am submitting this petition to challenge the finding of guilt on a serious rule violation 115 and the sanction of a loss of good time day credit of 150 days. In the interest of brevity, unbeknownst to me, apparently starting in April 1006 petitioners brother Bret Janoe started mailing money orders and checks (he) had stolen from the U.S. mail. Bret would physically alter the money orders and checks by writing my name over the original endorsees name, but visually you can see the original endorsees name behind my name, and other times, the original endorsees name would be in plain sight in the "order to pay line". By accident bret found out I was in prison at calipatria. I had not spoken to bret in 20 years; nor is bret approved to visit me in the california dept. of corrections and Rehabilitation. The money orders and checks went directly from bret to the trust office at calipatria state prison. I never was in a position to view any of the money orders and checks.

When the money orders and checks arrived at the trust office, employee(s) working there in failed to recognize the money orders and checks were physically altered and deposited about 10 of them onto my trust account. The employee(s) would immediately withdraw funds and forward them to state and federal courts, in which I owed funds. The employee(s) would then forward the empty-envelopes to me, that the money orders and checks had

**Did you raise <u>GROUND ONE</u> in the <u>California Supreme Court</u>?**

☒ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): Habeas petition

(2) Case number or citation: S159392

(3) Result (attach a copy of the court's opinion or order if available): Denied

arrived in, with written notations on them that funds had arrived and were deposited to my trust account, ready for me to spend.

The actions of trust office employee(s), of accepting and depositing obviously fraudulent money orders and checks to my trust account violated several sections of the California Code of Regulations, Title 15. Specifically, title 15 § 3133 subd (b) (3) which states in relevant part, "all incoming... mail addressed to an inmate will be opened and inspected before delivery to the inmate. The purpose of inspection will be ... to prevent the introduction of contraband". The trust office employee(s) who did accept for deposit, the obviously fraudulent money orders and checks to my trust account failed to recognize they were in fact contraband and should have been referred to the appropriate facility captain for investigation. Specifically, title 15 § 3140 subd (a) (1) which states in relevant part, "funds may be mailed to an inmate... The check or money order shall be made payable to the California Dept. of Corrections and Rehabilitation with the inmates last name and departmental identification number..."; Trust office employee(s) were blatantly incompetent, insofar as not recognizing the money orders and checks arriving at the trust office were fraudulent and none of them were made payable to the California Dept. of Corrections and Rehabilitation; consequently, none of them should have been accepted for deposit to my trust account.

When I received the empty envelopes from the trust office, I wrote bret at the return address asking him why he was mailing all of these funds to the institution. As a prisoner of the California Dept. of Corrections and Rehabilitation, I have no control over anyone, out in society who may choose to send mail to the institution. The administration officials at Calipatria State Prison have a duty as the gate keepers of the institution to verify the mail delivered to prisoner's contains no contraband. After bret mailed all 10 fraudulent money orders and checks to the institution, he finally wrote me a letter, explaining his fraud scam, but prison officials confiscated the letter upon its arrival at the institution and I did not receive the letter

until after I received the Serious Rule Violation 115 report. But why would Bret be explaining his fraud scam in the letter if I supposedly knew about it, already. The letter proves I knew nothing about the fraudulent money orders and checks arriving at the institutional trust office.

When I received the empty envelopes from the trust office with notations that funds had arrived, I believed the written notations on the envelopes were accurate and reliable information and decided to spend some funds in the prison canteen. Once I spent some of the funds I was issued a serious rule violation 115 for possession of stolen property and check fraud. At a impromptu hearing I was found guilty of the charges and sanctioned with a loss of 150 good time days; loss of all privileges; I owe the CDCR 530.00 dollars; and I was placed in administrative segregation, based solely on the guilt finding of the serious rule violation 115 for possession of stolen property and check fraud, August 23, 2006. To be housed in administrative segregation for such a prolonged period, over 17 months now, is atypical and significant hardship in relation to ordinary prison life, which would trigger due process protections.

There is no evidence in the CDCR record that I knew the money orders and checks arriving at the trust office were stolen.

I submitted an administrative grievance (602), No. CAL-A-06-02524 to appeal the guilt findings on the charges of possession of stolen property and check fraud. The employee of CDCR investigating the incident was Mr. Bell. Mr. Bell spoke to trust office technician W. Neciuk, "as to why were the checks and money orders processed and deposited into your trust account when it appeared that the checks were altered and fraudulent?" Mr. Neciuk stated, "we should have visually caught it in the beginning, due to you could tell inmate Jance's name was obviously typed over the original name printed on the check", in the second level response. Mr. W. Neciuk is admitting that they accidently accepted and deposited the fraudulent money orders and checks into my trust account. Why am I being held accountable for their

mistake?   The calipatria state prison investigative services unit refused to even refer the matter to the imperical county district attorney office for prosecution on october 10, 2006. The CDCR record is completely devoid of any evidence I knew the money orders and checks arriving at the institutional trust office were stolen.  I have no control over other people, such as my brother bret, and what he mails to the institution or what he decided to write on the outside of the envelopes he used to mail the fraudulent funds to the institution w.  The Lieutenant sigler who conducted the hearing on the charges, based his decision on conjecture and suspicion, which fail to meet the some evidence standard or the state evidentiary standard, to revoke good time credits.

The charges I was found guilty of, possession of stolen property and check fraud are not SHU-able offense pursuant to california code of Regulations Title 15 § 3341.5 subd (9).  The institutional classification committee uses the boilerplate language that I am a threat to the safety and security of the institution, to keep me in administrative segregation, when in fact they have no authority to house me in administrative segregation.  The charges are not violent.

Petitioner would request the court reverse the finding of guilt on the serious rule violation and restore the 150 good time credit; remove the serious rule violation from my CDCR file and destroy it; be released from administrative segregation, to be housed back in general population facility yard.

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes  ☒ No

24. If your answer to #23 is "Yes," give the following information:

    (a)  Name of Court: _____

    (b)  Case Number: _____

    (c)  Date action filed: _____

    (d)  Nature of proceeding: _____

    _____

    (e)  Name(s) of judges (if known): _____

    (f)  Grounds raised: _____

    _____

    _____

    _____

    _____

    _____

    (g)  Did you receive an evidentiary hearing on your petition, application or motion?
       ☐ Yes  ☒ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a)  At preliminary hearing: _____ N|A _____

    (b)  At arraignment and plea: _____ N|A _____

    (c)  At trial: _____ N|A _____

    (d)  At sentencing: _____ N|A _____

    (e)  On appeal: _____ N|A _____

    (f)  In any post-conviction proceeding: _____ U|A _____

    (g)  On appeal from any adverse ruling in a post-conviction proceeding: _____ N|A _____

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
   ☐ Yes  ☒ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
   ☐ Yes  ☒ No

   (a) If so, give name and location of court that imposed sentence to be served in the future:

   _____

   (b) Give date and length of the future sentence: _____

   _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
      ☐ Yes  ☒ No

28. Consent to Magistrate Judge Jurisdiction

   In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to proceed before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

   The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

   You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☒ Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

29. Date you are mailing (or handing to a correctional officer) this Petition to this court: _____

March 3, 2008

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____

SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

March 3, 2008                    _____

(DATE)                              SIGNATURE OF PETITIONER

CIV 68 (Rev. Jan. 2006)

cv

**FILED**

JUN 2 2 2007

SUPERIOR COURT CA.
IMPERIAL COUNTY
JOHN Q. GUILLEN CLERK
BY ///// DEPUTY

1

2

3

4

5

6

7

8

SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

COUNTY OF IMPERIAL

10

11 In re:                                    Case No. EHC-00868

12 BOBBY JANOE

13 On Habeas Corpus.                 **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

14

15

16        Petitioner, an inmate currently incarcerated at Calipatria State prison, filed the instant

17 proceeding on May 14, 2007.  Petitioner alleges that he was denied due process of law in an

18 administrative hearing in which he was found guilty of possession of stolen property and check

19 fraud.  He was found to have received altered or stolen checks at the prison from his brother,

20 who apparently had been arrested for burglary of a post office.  Petitioner has exhausted his

21 administrative remedies.

22        The disciplinary hearing was held on August 4, 2006.  Petitioner testified at the hearing,

23 and submitted declarations from his brother and mother as well as his own declaration.  All

24 declarations were to the effect that petitioner had no knowledge the checks were stolen or

25 altered.  Petitioner himself had not seen the checks, which had been deposited by prison staff.

1    The evidence at the hearing indicated that petitioner was aware of the checks to the

2 extent that they were deposited into his trust account in the amount of $3771.71. Petitioner

3 himself had withdrawn some $1100 from his trust account. Six empty envelopes indicating

4 correspondence between petitioner and his brother were found in his cell when it was searched.

5    The Court finds that petitioner was afforded due process of law. Further, the court's

6 review of the evidence is limited to the question of whether the decision is supported by "some"

7 evidence. *In re Powell* (1988) 45 Cal 3rd 894.

8    Inasmuch is the decision of the hearing officer was supported by some evidence, the

9 petition is denied.

10 DATED: June 20, 2007

11

12    JEFFREY B. JONES
      Judge of the Superior Court

13

14

15

16

17

18

19

20

21

22

23

24

25

COURT OF APPEAL - FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

NOV  8 2007

Court of Appeal Fourth District

| | |
|---|---|
| In re BOBBY S. JANOE | D051373 |
| on | (San Diego County |
| Habeas Corpus. | Super. Ct. No. EHC 00868) |

THE COURT:

The petition for writ of habeas corpus has been read and considered by Justices Huffman, Nares and Irion.

Petitioner was convicted of murder in 1994 for killing his wife and is presently incarcerated at Calipatria State Prison. Petitioner argues his due process rights were violated at an administrative hearing when he was found guilty of a serious rules violation for possession of stolen property and check fraud. He was assessed 150 days forfeiture of credit and the temporary loss of other privileges.

Petitioner received notice of the charges, a hearing and an opportunity to present evidence in his defense, a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action, and full administrative appeal of his rules violation. Petitioner has therefore been afforded all the process due to him. (*Wolff v. McDonnell* (1974) 418 U.S. 539, 563-567.)

To the extent petitioner argues the rules violation is supported by insufficient evidence because he had no knowledge the checks were altered or stolen, we only need to find "some evidence" to support the administrative decision. (*Superintendent v. Hill* (1985) 472 U.S. 445, 455-456; *In re Zepeda* (2006) 141 Cal.App.4th 1493, 1498.) This standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." (*Superintendent v. Hill, supra*, 472 U.S. at pp. 455-456.) As explained in his administrative appeals and by the trial court, petitioner's trust account

S159392

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re BOBBY S. JANOE on Habeas Corpus

The petition for writ of habeas corpus is denied.

SUPREME COURT
FILED

JAN 1 6 2008

Frederick K. Ohlrich Clerk

_____

Deputy

GEORGE
_____
Chief Justice

# VERIFICATION

## STATE OF CALIFORNIA
## COUNTY OF IMPERIAL

### ( C.C.P. SEC. 446 & 2015.5; 28 U.S.C. SEC. 1746 )

I, __BoBBY S. JANCE__ DECLARE UNDER THE PENALTY OF PERJURY THAT: I AM THE ___Declarant___ IN THE ABOVE ENTITLED ACTION; I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS ___3___ DAY OF ___March___, 2008, AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA 92233-5002

(SIGNATURE) _Bobby S. Jane_
(DECLARANT/PRISONER)

---

## PROOF OF SERVICE BY MAIL

### ( C.C.P. SEC. 1013 (a) & 2015.5; 28 U.S.C. SEC. 1746 )

I, __Bobby S. Jane__, AM A RESIDENT OF CALIPATRIA STATE PRISON, IN THE COUNTY OF IMPERIAL, STATE OF CALIFORNIA; I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND ~~AM I AM~~ A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: P.O. BOX 5002, CALIPATRIA, CALIFORNIA 92233-5002

ON __March 3__, 2008, I SERVED THE FOREGOING:

_Petition for writ of habeas Corpus; Motion in forma pauperis_

---

### (SET FORTH EXACT TITLE OF DOCUMENT IS SERVED)

ON THE PARTY(S) HEREIN BY PLACING A TRUE COPY(S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S), WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA 92233-5002

U.S. District court
Clerk office
Room 4290
880 Front street
San Diego CA 92101-8900

District attorney
940 W. Main street
el centro CA 92243

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: _March 3_, 2008, _____
(DECLARANT/PRISONER)

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**FILED**

**I (a) PLAINTIFFS**

Bobby Shawn Janoe

DEFENDANTS

2254    1983

Scribner, et al

FILING FEE PAID
Yes    No ✓

IFP MOTION PENDING
Yes    No

COPIES SENT TO
Court    Press

2008 MAR -5 PM 3: 34

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Imperial
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Bobby Shawn Janoe
PO Box 5004
Calipatria, CA 92233
J-2533

ATTORNEYS (IF KNOWN)

**'08 CV 0420 JLS POR**

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 28 U.S.C. 2254

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   DEMAND $ ____   Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE ____   Docket Number ____

DATE    March 5, 2008    SIGNATURE OF ATTORNEY OF RECORD
R. ____

CR