1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  HEATHER BUSHMAN
   Supervising Deputy Attorney General
5  KATHLEEN R. FREY, State Bar No. 249417
   Deputy Attorney General
6   110 West A Street, Suite 1100
    San Diego, CA 92101
7   P.O. Box 85266
    San Diego, CA 92186-5266
8   Telephone: (619) 645-3034
    Fax: (619) 645-2581
9   Email: Kathleen.Frey@doj.ca.gov

10 Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY SHAWN JANOE,<br><br>                    Petitioner,<br><br>v.<br><br>JAMES TILTON, Secretary, et al.,<br><br>                    Respondent. | CV 08-0420 JLS (POR)<br><br>**ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:   The Honorable Louisa S. Porter |

Petitioner Bobby Shawn Janoe, a California state prisoner proceeding *pro se*, alleges that he was denied due process at a disciplinary hearing. This Court issued an order directing Respondent James Tilton, Warden at California Substance Abuse Treatment Facility, to file an answer to the Petition. This answer is submitted pursuant to that order.

### ANSWER TO THE PETITION

In response to the Petition for Writ of Habeas Corpus filed on March 5, 2008, Respondent hereby admits, denies, and alleges the following:

///

1.   Petitioner is lawfully in the custody of the California Department of Corrections and Rehabilitation following his 1994 conviction for first degree murder while lying in wait (Pen. Code, §§ 187(a) and 190.2(a)(15)). (Lodg. 1 - Probation Officer's Report, p. 4.) The allegation that Petitioner had been convicted of two prior serious felonies was found to be true. (Pen. Code, § 667(a)). (Lodg. 1, pp. 3-4; Lodg. 2 - Abstract of Judgment.) Petitioner was sentenced to life without the possibility of parole plus a determinate term of ten years. (Lodg. 2.) Petitioner completed his determinate term of ten years on or about August 31, 1998, and is currently serving his life without the possibility of parole sentence. (Lodg. 3 - Chronological History.) Petitioner does not challenge his conviction in the current proceeding. (*See* Pet.)

2.   On July 5, 2006, the Security and Investigations Unit concluded an investigation regarding altered checks received by Petitioner. (Lodg. 4 - Rules Violation Report, p. 1.) On May 17, 2006, the Inmate Trust Account Office received checks for $5,727.19 and $5,190.87, which were made out to Petitioner and which had been determined to have been altered. (Lodg. 4, p. 1.) The checks were accompanied by a letter from Petitioner's brother asking Petitioner to keep half the money, and to send the other half back to him in a State of California check once the checks had cleared Petitioner's inmate trust account. (Lodg. 4, pp. 1, 3.) On May 25, 2006, Petitioner submitted a Trust Account Withdrawal Order for the amount of $1,100.00 for financial assistance for his mother. (Lodg. 4, p. 3.) Investigation revealed that ten additional altered checks were mailed to Petitioner from his brother from April 27, 2006, through May 30, 2006, totaling $3,771.71. (Lodg. 4, p. 1.) Four of the checks had been stolen by Petitioner's brother. (Lodg. 4, p. 2.) Petitioner had utilized some of the funds and was provided with copies of his trust account balances that reflected deposit and withdrawal activities. (Lodg. 4, p. 2.) Prior to April 27, 2006, Petitioner had no money in his trust account. (Lodg. 4, p. 2.) Six empty envelopes labeled with a return address for Petitioner's brother, and listing check numbers and check amounts, were found in Petitioner's cell. (Lodg. 4, p. 3.)

3.   Petitioner received a copy of the Rules Violation Report, Log Number 07-0-A-005, outlining the above offense, on July 12, 2006. (Lodg. 4, p. 2.) Thus, the Rules Violation Report was served on Petitioner in a timely manner.

Case 3:08-cv-00420-JLS-POR   Document 12   Filed 07/11/2008   Page 3 of 11

4. On August 4, 2006, Petitioner received a disciplinary hearing regarding the charge of possession of stolen property and check fraud. (Lodg. 5 - Serious Rules Violation Report, p. 2.) The hearing officer reviewed the report and charge against Petitioner, who said he understood the charge and was prepared to begin. (Lodg. 5, p. 2.) Petitioner pled not guilty to the charge against him. (Lodg. 5, p. 2.) Petitioner chose not to have witnesses at the hearing, but submitted three typed declarations from himself, his mother, and his brother Brian Scott. (Lodg. 5, p. 2.) The Senior Hearing Officer found Petitioner guilty of possession of stolen property and check fraud, and assessed a 150-day credit loss. (Lodg. 5, p. 12.) As a result of the guilty finding, Petitioner also lost certain telephone and yard privileges, and was ordered to reimburse the state for the loss of state funds. (Lodg. 5, p. 12.) The Senior Hearing Officer did not assess Petitioner an administrative segregation term. (Lodg. 5, p. 12.)

5. Respondent admits that Petitioner was found guilty of possession of stolen property and check fraud and assessed a 150-day credit loss and loss of certain privileges, but denies that Petitioner's due process rights were violated. (Lodg. 5, p. 12.)

6. Respondent admits that Petitioner exhausted his administrative appeals with respect to his challenge to the Senior Hearing Officer's finding of guilt. Petitioner did not challenge his placement in administrative segregation in his administrative appeal. (Lodg. 6 - Director's Level Appeal Decision - dated March 14, 2007.)

7. Respondent admits that on May 14, 2007, Petitioner challenged the disciplinary finding in the Imperial County Superior Court. (Lodg. 7 – Super. Ct. Pet.) Petitioner did not challenge his placement in administrative segregation in his superior court petition. (*See* Lodg. 7.) The superior court denied the petition on June 22, 2007, and held that Petitioner was afforded due process and procedural safeguards, and some evidence supported the guilty finding. (Lodg. 8 - Super. Ct. Denial.)

8. Petitioner filed a petition in the California Court of Appeal challenging the disciplinary finding. (Lodg. 9 – Cal. App. Ct. Pet.) Petitioner did not challenge his placement in administrative segregation in his appellate court petition. (*See* Lodg. 9.) The court of appeal denied the petition on November 6, 2007, and held that Petitioner was afforded due process and

ANSWER; MEMORANDUM IN SUPPORT THEREOF                    Case No. CV 08-0420 JLS (POR)
3

procedural safeguards, and some evidence supported the guilty finding. (Lodg. 10 - Cal.App. Ct. Denial.)

9. Petitioner filed a petition in the California Supreme Court challenging the disciplinary finding. (Lodg. 11 – Pet. for Writ of Habeas Corpus.) Petitioner did not challenge his placement in administrative segregation in his supreme court petition. (*See* Lodg. 11.) The California Supreme Court summarily denied the petition on January 16, 2008. (Lodg. 12 - Cal. Sup. Ct. Order.)

10. Respondent denies that Petitioner appears to have exhausted his state court remedies. While Petitioner exhausted his challenge regarding the finding of guilt at his August 4, 2006 disciplinary hearing, Petitioner failed to exhaust his claim that his subsequent assignment to administrative segregation constitutes an atypical and significant hardship and that he should be released from administrative segregation. (*See* Pet.)

11. Respondent alleges that Petitioner fails to raise a cognizable claim for federal habeas corpus relief because Petitioner's claim does not affect the "legality or duration" of his confinement. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir.1991), *quoting, Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. Petitioner is currently serving a life without the possibility of parole sentence and thus, is not entitled to shorten his sentence with good time credits. (Lodg. 2.) The purportedly assessed loss of credits at the disciplinary hearing has no affect on the duration of Petitioner's confinement. Where there is no statutory right to good time credits, there is no federal liberty interest in avoiding the loss of good time credits. *Superintendent v. Hill*, 472 U.S. 445, 448, 454, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985) (finding that where inmates have a statutory right to good time credits, the loss of such credits affects a liberty interest protected by the due process clause by "extending the length of imprisonment").

12. Respondent admits that the Petition is timely filed under 28 U.S.C. § 2244.

13. Respondent alleges that the decisions of the state courts complied with federal due process requirements. *Superintendent v. Hill*, 472 U.S. at 454 (citing *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974)).

14. Respondent denies that an evidentiary hearing is necessary in this matter.

15. Except as expressly admitted herein, Respondent denies each and every allegation of the Petition, and specifically denies that the rule violation report, or hearing on the report, were in any way improper, or that any of Petitioner's rights have been violated.

WHEREFORE, Respondent respectfully requests that the Petition for Writ of Habeas Corpus be denied, and that these proceedings be dismissed.

//
//
//

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

This is a case brought by a state prisoner challenging the issuance of a rules violation report and the credit forfeiture that was purportedly assessed following a guilty finding at his disciplinary hearing. Petitioner also challenges his assignment to administrative segregation following the guilty finding. Petitioner contends there is insufficient evidence to find Petitioner guilty of the serious offense, and that his assignment to administrative segregation imposes an atypical and significant hardship. The Petition should be dismissed because it raises an unexhausted claim regarding Petitioner's placement in administrative segregation and because it fails to raise a cognizable claim for federal habeas corpus relief. Even if the Petition is not dismissed, the Petition should be denied because the state court properly found that Petitioner's due process rights were not violated and that some evidence supported the guilty finding.

### ARGUMENT

**I. THE COURT SHOULD DISMISS THE PETITION BECAUSE PETITIONER FAILED TO EXHAUST HIS STATE COURT REMEDIES WITH RESPECT TO HIS CHALLENGE TO HIS PLACEMENT IN ADMINISTRATIVE SEGREGATION.**

Petitioner raises the argument that his assignment to administrative segregation after the disciplinary hearing constitutes an atypical and significant hardship and that he should be released from administrative segregation. (*See* Pet.) Petitioner did not challenge his placement in administrative segregation in his state habeas corpus petitions. (*See* Lodg. 7, 9, and 11.) As such, Petitioner has failed to exhaust his state court remedies. A petition containing exhausted and unexhausted claims is subject to dismissal. *Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1981, 1205, 71 L. Ed. 2d 379 (1982). Dismissal of mixed petitions is necessary because it encourages inmates to return to state court to exhaust his claims or to resubmit the habeas petition with only exhausted claims. *Id.* In the alternative, upon the showing of good cause for a petitioner's failure to raise the claim in state court and upon a showing that the unexhausted claims are not plainly meritless, the court may issue a stay to hold the petition in abeyance

//

pending exhaustion of the claims in the mixed petition. *Rhines v. Weber*, 544 U.S. 269, 277-278, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005).

Here, the unexhausted claim is meritless since a prisoner's placement in "segregated confinement does not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin v. Conner*, 515, U.S. 472, 486, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). Further, contrary to Petitioner's contention, the Senior Hearing Officer did not assess Petitioner an administrative segregation term following the guilty finding, and thus, even if the rules violation finding were reversed, Petitioner would not be entitled to release from segregated confinement. (Lodg. 4, p. 12.) Thus, the Court should not issue a stay and should dismiss the Petition for failure to exhaust.

## II. THE COURT SHOULD DISMISS THE PETITION BECAUSE PETITIONER HAS FAILED TO ALLEGE A COGNIZABLE CLAIM FOR FEDERAL HABEAS CORPUS RELIEF.

A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. *Badea v. Cox,* 931 F.2d 573, 574 (9th Cir.1991), *quoting, Preiser v. Rodriguez,* 411 U.S. 475, 485, 92 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. The only disciplinary sanction that is properly at issue in a federal habeas corpus case is an inmate's loss of credit that resulted from the disciplinary action. *Id.* at 487; *Wolff v. McDonnell*, 418 U.S. 539, 558, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). Petitioner has not alleged sufficient facts demonstrating an actual loss of credit that has extended the length of his confinement, and the record demonstrates that Petitioner cannot shorten his sentence by earning good time credit. Thus, Petitioner has failed to allege a cognizable claim for federal habeas corpus relief.

Petitioner was sentenced to life without the possibility of parole plus a determinate term of ten years. (Lodg. 2.) Petitioner completed his determinate term of ten years on August 31, 1998, and is currently serving his life without the possibility of parole sentence. (Lodg. 3.) Because Petitioner is serving life without the possibility of parole, he cannot shorten his term with good time credits. The assessed loss of credits at the disciplinary hearing has no affect on the duration

of Petitioner's confinement. Where there is no statutory right to good time credits, there is no federal liberty interest in avoiding the loss of good time credits. *Superintendent v. Hill*, 472 U.S. 445, 448, 454, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985) (finding that where inmates have a statutory right to good time credits, the loss of such credits affects a liberty interest protected by the due process clause by "extending the length of imprisonment"). Given that the purported assessment of credit loss at the disciplinary hearing did not extend the length of imprisonment, Petitioner has failed to allege a cognizable claim for federal habeas corpus relief.

### III. THE CALIFORNIA STATE COURT'S DENIAL OF PETITIONER'S CLAIMS WAS CONSISTENT WITH FEDERAL LAW AND WAS BASED ON A REASONABLE DETERMINATION OF THE FACTS.

Even if this Court finds the Petition should not be dismissed for failure to exhaust or failure to raise a cognizable federal habeas claim, this Court should deny the Petition because the appellate court's denial of Petitioner's claim was based on a reasonable determination of the facts, and is not contrary to federal law. The appellate court specifically found that Petitioner was afforded due process and procedural safeguards, and that some evidence supported the conclusion reached by the disciplinary authority. (Lodg. 10.)

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), when a state inmate's claim has been adjudicated on the merits in state court, a federal court may only grant an application for a writ of habeas corpus on the same claim if the state court's adjudication was either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "based on an unreasonable determination of the facts in light of the evidence presented at the State Court proceeding." 28 U.S.C. § 2254(d).

Here, the decision of the state court complied with federal due process requirements. Federal due process requires that when a prison disciplinary hearing may result in the loss of good time credits, an inmate receive: "(1) advance written notice of the disciplinary charges; (2) an opportunity . . . to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary

action." *Hill* 472 U.S. at 454 (citing *Wolff*, 418 U.S. at 563). In addition, a prison administrator's decision to revoke good time credits must be based on some evidence. *Hill*, 472 U.S. at 455. Determining whether this some-evidence standard has been met, however, does not require an "examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* at 455-56. Instead, because this standard is "minimally stringent," the relevant question is "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.*

The Supreme Court of the United States has held that "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding the judgment or rejecting the same claim rest upon the same ground." *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S. Ct. 2590, 115 L. Ed. 2d 706 (1991). Here, since the California Supreme Court rejected the claims in Petitioner's habeas petition without comment (Lodg. 12), the appellate court's decision finding that Petitioner was granted all process due is the last state court reasoned decision which this Court must review under the AEDPA standards. *See Ylst*, 501 U.S. at 803.

As the state court properly determined, Petitioner's due process rights were met. He received notice of the disciplinary charge on July 12, 2006, when he was given a copy of the completed rule violation report. On August 4, 2006, Petitioner received a disciplinary hearing, had the opportunity to call witnesses, and presented three declarations as evidence. Petitioner was given a copy of the written decision finding him guilty of possession of stolen property and check fraud on August 24, 2006. (Lodg. 5, p. 2; Lodg. 10.)

Additionally, although Petitioner was not actually assessed a loss of good time credits that would affect the duration of his sentence, the finding of the Senior Hearing Officer was nevertheless supported by some evidence. *Hill*, 472 U.S. at 455. The appellate court reasonably applied *Hill*, finding that there was some evidence that Petitioner was guilty of possession of stolen property and check fraud. (Lodg. 10.) The appellate court explained that Petitioner was aware that his inmate trust account "went from zero dollars on April 27, 2006, to almost $5,000 dollars by May 30, 2006, when fraudulent checks from [P]etitioner's brother were mailed to [P]etitioner and deposited in his account," and when Petitioner used the funds to purchase items

and sent money to his mother. (Lodg. 10, p. 2.) In addition, relying on the rules violation report, the court found that the envelopes with messages from Petitioner's brother and the letter from Petitioner's brother asking Petitioner to send half the funds back to him in a state issued check, provided some evidence to support a guilty finding. (Lodg. 10, p. 2.) Thus, the rules violation report provides some evidence that Petitioner was guilty of possession of stolen property and check fraud. Thus the appellate court did not unreasonably apply the some-evidence standard as enunciated in *Hill*.

In sum, Petitioner fails to demonstrate that the superior court's findings are based on an unreasonable determination of the facts. Petitioner's federal due process rights were met during the disciplinary proceedings, and thus the Petition must be denied. *Hill*, 472 U.S. at 454.

## CONCLUSION

For the foregoing reasons, Respondent respectfully requests the Court dismiss the Petition on procedural grounds and deny the Petition on the merits.

Dated: July 11, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

HEATHER BUSHMAN
Supervising Deputy Attorney General

/s/Kathleen R. Frey

KATHLEEN R. FREY
Deputy Attorney General
Attorneys for Respondent

70128119.wpd
SD2008600425

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Janoe v. Scribner**

No.:   **CV 08-0420 JLS (POR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266.

On <u>July 11, 2008</u>, I served the attached **ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS AND MEMORANDUM OF POINTS AND AUTHORITIES** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Diego, California, addressed as follows:

Bobby Shawn Janoe
J-25333
California Substance Abuse Treatment
Facility & State Prison
CSATF/SP C-1-112
P.O. Box 5244
Corcoran, CA 93212

*In Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 11, 2008, at San Diego, California.

D. Daswani
_____
Declarant

_Signature_

70130015.wpd