1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DANE R. GILLETTE
Chief Assistant Attorney General
3 | JULIE L. GARLAND
Senior Assistant Attorney General
4 | HEATHER BUSHMAN
Supervising Deputy Attorney General
5 | KATHLEEN R. FREY, State Bar No. 249417
Deputy Attorney General
6 |   110 West A Street, Suite 1100
San Diego, CA 92101
7 | P.O. Box 85266
San Diego, CA 92186-5266
8 | Telephone: (619) 645-3034
Fax: (619) 645-2581
9 | Email: Kathleen.Frey@doj.ca.gov

10 | Attorneys for Respondent

11 | IN THE UNITED STATES DISTRICT COURT

12 | FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13 |

14 | **BOBBY SHAWN JANOE,**

CV 08-0420 JLS (POR)

15 | Petitioner,

**NOTICE OF LODGMENT OF EXHIBITS IN SUPPORT OF ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS**

16 | v.

17 | **JAMES TILTON, Secretary, et al.,**

18 | Respondent.

Judge: The Honorable Louisa S. Porter

19 |

20 | PLEASE TAKE NOTICE that Respondent hereby lodges the following documents with

21 | the Court in support of the Answer to Petition for Writ of Habeas Corpus, and the accompanying

22 | Memorandum of Points and Authorities filed in Support of the Motion:

23 | 1.    Abstract of Judgment - Orange County Case No. C-90898

24 | 2.    Probation Report, Case No. C-90898

25 | 3.    Chronological History, Inmate No. J-25333

26 | 4.    Rules Violation Report - Log. No. 07-06-A-005 (8 pages)

27 | 5.    Serious Rules Violation Report - Log. No. 07-06-A-005 (12 pages)

28 | 6.    Director's Level Appeal Decision - dated March 14, 2007

7.   Superior Court Petition - Case No. EHC-00868

8.   Superior Court Order Denying Petition for Writ of Habeas Corpus - Case No. EHC-00868

9.   California Court of Appeal Petition - Case No. D051373

10.  Order of California Court of Appeal - Case No. D051373

11.  California Supreme Court Petition - Case No. S159392

12.  Order of California Supreme Court - Case No. S159392

Dated:  July 11, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

HEATHER BUSHMAN
Supervising Deputy Attorney General

KATHLEEN R. FREY
Deputy Attorney General

Attorneys for Respondent

70128305.wpd
SD2008600425

CV 08-0420 JLS (POR)

1    **DECLARATION OF SERVICE BY U.S. MAIL**

2    Case Name:    **Janoe v. Scribner**

3    No.:    **CV 08-0420 JLS (POR)**

4    I declare:

5    I am employed in the Office of the Attorney General, which is the office of a member of the
     California State Bar, at which member's direction this service is made.  I am 18 years of age or
6    older and not a party to this matter; my business address is 110 West A Street, Suite 1100, P.O.
     Box 85266, San Diego, CA  92186-5266.

7
     On July 11, 2008, I served the attached **NOTICE OF LODGMENT OF EXHIBITS IN**
8    **SUPPORT OF ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS** by placing a
     true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United
9    States Mail at San Diego, California, addressed as follows:

10   Bobby Shawn Janoe
     J-25333
11   California Substance Abuse Treatment
     Facility & State Prison
12   CSATF/SP C-1-112
     P.O. Box 5244
13   Corcoran, CA  93212

14   *In Pro Per*

15   I declare under penalty of perjury under the laws of the State of California the foregoing is true
     and correct and that this declaration was executed on July 11, 2008, at San Diego, California.

16

17         D. Daswani

18   _____        _____
           Declarant                              Signature

19   70130014.wpd

20

21

22

23

24

25

26

27

28

# LODGMENT 1

ABSTRACT OF JUDGMENT — PRISON COMMITMENT — INDETERMINATE SENTENCE

FORM CR 292

| ☐☐ SUPERIOR ☐ MUNICIPAL ☐ JUSTICE | COURT OF CALIFORNIA, COUNTY OF ORANGE |
|---|---|

BRANCH OR JUDICIAL DISTRICT: _____

COURT (I.D.) S 300000

FILED

PEOPLE OF THE STATE OF CALIFORNIA versus ☒☒ PRESENT — A

C-90898

DEFENDANT: JANOE, Bobby Shawn — B
AKA: ☐ NOT PRESENT — C

COMMITMENT TO STATE PRISON ☐ AMENDED — D
ABSTRACT OF JUDGMENT ☐ ABSTRACT — E

| DATE OF HEARING (MO) (DAY) (YR) 04-15-94 | DEPT. NO. 83 | JUDGE KAZUHARU MAKINO | CLERK Lupe Torres |
|---|---|---|---|
| REPORTER Karen Hall | COUNSEL FOR PEOPLE Lew Rosenblum,DDA | COUNSEL FOR DEFENDANT Douglas Otto | PROBATION NO. or PROBATION OFFICER Howard E. Brooks |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES:

☐ ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT _____ (NUMBER OF PAGES): ___

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | MO | DAY | YEAR | JURY TRIAL | COURT TRIAL | PLEA | CONCURRENT | CONSECUTIVE | 654 STAY |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 187(a) | Murder (1 deg) | 91 | 01 | 12 | 94 | x | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |

2. **ENHANCEMENTS** charged and found true **TIED TO SPECIFIC COUNTS** (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.: For each count list enhancements horizontally. Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add up time for enhancements on each line and enter line total in right-hand column.

| Count | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

3. **ENHANCEMENTS** charged and found true **FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS** (mainly in § 667-series) and OTHER: List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b), list § 667.5(b) 2 times). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |
| 667(a) | 5 | 667(a) | 5 | | | | | | | 10 0 |

4. Defendant was sentenced to State Prison for an indeterminate term:
   A. ☒☒ For LIFE WITHOUT THE POSSIBILITY OF PAROLE on counts ___1___ . C. ☐ For 15 years to life, WITH POSSIBILITY OF PAROLE on counts _____ .
   B. ☐ For LIFE WITH POSSIBILITY OF PAROLE on counts _____ . D. ☐ For 25 years to life, WITH POSSIBILITY OF PAROLE on counts _____ .
   E. ☐ For other term prescribed by law on counts _____ . (Specify term on separate sheet if necessary.)
   **PLUS enhancement time shown above.**

5. ☐ Indeterminate sentence shown on this abstract to be served ☐ consecutive to ☐ concurrent with any prior incompleted sentence(s).

6. Other Orders: (List all consecutive/concurrent sentence relationships, fines, etc. if not shown above)
   Deft ordered to pay $200 fine pursuant to 1396 7 GC.

(Use an additional page if necessary.)

7. ☐ The Court advised the defendant of all appeal rights in accordance with rule 470, California Rules of Court. (AFTER TRIAL ONLY)

8. EXECUTION OF SENTENCE IMPOSED:
   A ☒☒ AT INITIAL SENTENCING HEARING   B. ☐ AT RESENTENCING PURSUANT TO DECISION ON APPEAL   C. ☐ AFTER REVOCATION OF PROBATION   D. ☐ AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d))   B. ☐ OTHER _____

| 9. DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR) 04-15-94 | CREDIT FOR TIME SPENT IN CUSTODY 1254 | TOTAL DAYS INCLUDING: | ACTUAL LOCAL TIME 836 | LOCAL CONDUCT CREDITS 418 | STATE INSTITUTIONS |
|---|---|---|---|---|---|

0001

10. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:

# LODGMENT 2

CONFIDENTIAL
т Sec. 11142 P.C., the furnishing of this
report, or information contained within, to
an unauthorized person is a misdemeanor.

ORANGE COUNTY PROBATION DEPARTMENT
PRESENTENCE REPORT

SUPERIOR COURT    DEPT. 83
2/18/94  9:00 a.m.

**Defendant:** JANOE, Bobby Shawn        **Court #:** 90898

**AKA:** none                            **Probation #:** A-222175

**Address:** 9732 W. Guinida Ln, Anaheim, CA

**Telephone:** 714/520-5804             **Present Whereabouts:** OCJ #1362600

**DPO:** Howard E. Brooks/vs            **Attorney:** Douglas Otto

## COURT STATUS

**Present Offense:** 187(a) PC (Murder), a felony

**Date of Offense:** 12/30/91    **Date of Arrest:** 1/2/92    **Arresting Agency:** Westminster PD

**Comp. Filed:** 4/14/92    **Guilty by:** jury trial **Date:** 1/12/94 **Days Custody:** 778

**Codefendants:** none

## DESCRIPTION

**Age:** 35                  **DOB:** 11/1/58        **POB:** Calif

**Sex:** male               **Ethnicity:** Cauc      **Arrival in CA:** birth

**Height:** 6-1             **Weight:** 180          **Hair:** brn        **Eyes:** brn

**Complexion:** med         **Identifying Marks:** tattoos; scars, lft arm, neck, face, nose

**DMV:** N6001059           **Expires:** 11/1/95     **Social Security:** 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

**FBI:** 369957T4           **CII:** A09974141       **OCSO:**

### PRIOR PROBATION GRANTS

**Year:** unk               **County:** San Bernardino **Term:** unk

### PRIOR PAROLE GRANTS

**Year:** 1986              **State:** U.S.          **Term:** 4 yrs

## EMPLOYMENT HISTORY

**Last or Present Employer:** Albertson's Markets

**Date Began:** 10/91  **Date Term:** 1/2/92   **Reason:** in custody

**Type of Work:** diesel mechanic         **Work Phone:**    **Salary:** $17/hr

Previous Employment

| From | To | Employer | Type Work | Salary | Reason Terminated |
|------|------|----------------------|------------|---------|-------------------|
| 1988 | 1991 | L.A. Freightliner | diesel mech | $17/hr | new job |
| 1986 | 1988 | self-employed | " | | |
| 1976 | 1980 | various comp's | mechanic | | |

JANOE, Bobby Shawn

C-90898  A-222175

Page 2

## MARITAL HISTORY

| Current Spouse | Home Address | DOB | Date/Place Marriage | Status |
|---|---|---|---|---|
| none | | | | |

Occupation:     Employment Address:     Phone:

| Children | Address | | DOB | Sex | Other Parent |
|---|---|---|---|---|---|
| Misty Janoe | unk | | 11/11/76 | F | Patricia Schoenthanl |

| Previous Spouse | Address | | Date Married | Date Terminated |
|---|---|---|---|---|
| Patricia Schoenthanl | unk | | 4/77 | 1978 |
| Cheryl (Janoe) Lazero | Albuquerque, N. Mex | | 1986 | 1989 |
| Joy Lynn Janoe | deceased | | 10/91 | 12/91 |

## FAMILY DATA

Father: Bobby S. Janoe     Age:     DOB:     POB:

Died: 1987     Ethnicity:     Religion:

Address:     Telephone:

Occupation:     Marriage Date:     Status:

Mother: Marilyn Janoe     Age:     DOB:     POB:

Died:     Ethnicity:     Religion:

Address: 444 E. Wilson, Rialto, Ca     Telephone: 909/875-1777

Occupation: secretary

Other Marriages: Father

| Name | Dates | Marriage Status | Date Terminated |
|---|---|---|---|

Other Marriages: Mother

| Name | Dates | Marriage Status | Date Terminated |
|---|---|---|---|

Brothers and Sisters

| Name | Age | Address | Phone | Occupation |
|---|---|---|---|---|
| ½ Danny (older) | 40 | unk, San Bernardino | | |
| ½ Patrick " | 38 | military; Germany | | |
| ½ Erin " | 37 | Fillmore | | |
| Scott (twin) | 35 | Tucson, Ariz | | |
| Brett Janoe | 32 | unk | | |
| Lisa Janoe | 24 | San Bernardino | | |

Former Residences

| Address | From | To |
|---|---|---|

0003

JANOE, Bobby Shawn                                                          Page

C-90898   A-222175

### EDUCATIONAL BACKGROUND

Highest Grade Completed: 11th   Where: Eisenhower H.S.   1976

Degrees Held: G.E.D. 1992

### MILITARY RECORD

Branch: none                    Service Number:

Dates of Service:               Job Class:

Highest Rank Held:              Type of Discharge:

Duty Assignments:               Honors and Benefits:

### PERSONAL INFORMATION

Health: good                    Health Problems: none

Organizations:  Religion: A.A.; N.A.; Episcopal Church, Blessed Sacrament, Placentia

Hobbies and Interests: motorcycles

Habits

Tobacco: no                     Liquor: no; sobriety since 1987

Drugs: marijuana; from high school, 1987

Vehicle License No.:            Make/Model: Dodge truck

Color: gray                     Year: 1969

Firearms Owned/Possessed: none

Additional Data: none

### COURT STATUS

On April 14, 1992, an Information was filed in the Orange County Superior Court alleging the defendant violated:

Count 1:  Section 187(a) PC (Murder), a felony.

It was further alleged that the murder was committed by said defendant and that the defendant intentionally killed the victim while lying in wait, within the meaning of Penal Code Section 190.2(a)(15).

It was further alleged that said defendant was on or about October 19, 1981, in the U.S. District Court of the District of Kansas, convicted of the crime of robbery of a savings association, a serious felony within the meaning of Penal Code Sections 667(s) & 1192.7.   0004

JANOE, Bobby Shawn                                              Page 4
C-90898  A-222175

1    It was further alleged that said defendant was on or about
2    July 12, 1982, in the U.S. District Court of the District of Colorado,
3    convicted of the crime of robbery of a savings and loan association, a
4    serious felony within the meaning of Penal Code Sections 667(a) &
5    1192.7.
6          On January 12, 1994, as a result of a jury trial, the
7    defendant was found guilty of Section 187 of the Penal Code in the First
8    Degree, a felony.  The further allegation of murder while in lying  wait
9    was also found to be true.  The matter was then continued to this date
10   for a probation and sentence report.
11   CIRCUMSTANCES OF THE OFFENSE
12         In that the matter has been heard in a jury trial, the Court
13   is familiar with the circumstances of the offense.  Briefly stated,
14   records of the Westminster Police Department (DR #91-14750), show that
15   the defendant murdered his wife, Joy Lynn Janoe, at their residence in
16   the city of Anaheim on December 30, 1991.
17         On the above date at approximately 1:30 to 3:30 a.m., the
18   defendant hit the victim with an instrument which inflicted blunt force
19   trauma to her head, causing death within a period of minutes.  The
20   incident occurred in the couples' bedroom, while the victim was laying
21   on the bed.  The victim's body was found in an alley behind a row of
22   businesses, approximately five miles away in the city of Westminster.
23   The victim's car had been used to transport her body to that location,
24   and the vehicle was later found abandoned more than a mile from the
25   residence.
26         After extensive investigation, the defendant was taken into
27   custody on January 2, 1992.  Through numerous interviews, the defendant
28   denied he killed the victim.

0005

JANOE, Bobby Shawn                                                    Page 5

C-90898  A-222175

1  VICTIM'S STATEMENT

2           Contacts with the family of the deceased have produced the

3  following written responses, copies of which are included for the

4  Court's reference.

5  STATEMENT OF VICTIM'S PARENTS, Gordan & Beverly Cantonwine

6           In a letter dated February 4, 1994, the victim's parent's

7  stated,

8           "To lose a child is a tragedy, to have your child
            murdered is unacceptable. A part of your life is
9           destroyed that you can never forget. The pain never
            goes away. We will never know why this tragedy
10          happened. We do know that anyone so full of hate
            and disregard for life, that he would take another's
11          life, is not fit to live among the loving and caring
            people of our society. There are two life sentences
12          as a result of this crime. My family, my wife, my
            children, and my grandchildren, have been sentenced
13          to a life of pain and anger and loss. And a jury
            has given a sentence of life behind bars, away from
14          society, for the rest of Mr. Janoe's sick, ugly,
            monstrous life."
15
   STATEMENT OF VICTIM'S SISTER, Christine Carter
16
17          In a letter dated February 2, 1994, Mrs. Carter stated,

18          "There is nothing in my life's experience that can
            even remotely compare to what my sister's murder did
19          to me. I live in fear. Bob hates me because in his
            sick mind he thinks that if I would have shut my
20          mouth, the police would never have got him. The
            question that goes around in my mind constantly is,
21          why did he do that to her, how could he beat my
            face in while she laid there sleeping, who could do
            that? Please do not let him out. He is evil."
22
   STATEMENT OF VICTIM'S SISTER, Linda Henry
23
24          In a letter dated February 2, 1994, Mrs. Henry wrote,

25          "The nightmare of December 30, 1991 will continue to
            haunt me as long as I live. There is not a day that
26          passes that I do not grieve for my sister.
            Unfortunately, my lasting pictures of her are her
27          mangled face and her lying dead in an alley way in
            the dead of winter. Two years later, I still have
28          nightmares and dream about Joy at least five nights
            a week."

JANOE, Bobby Shawn                                                    Page

C-90898   A-222175

1       "As for Bobby Janoe, quite simply I feel that the
son-of-a-bitch should die in the gas chamber.  I
2   would be honored to drop the pellets.  There is some
relief in the fact that he will spend his remaining
3   years in prison, and that he will not be able to
destroy other lives.  My only hope is that the
4   judicial system can at least attempt to make this
disgusting piece of human garbage's life as
5   miserable as he has made ours."

6   STATEMENT OF VICTIM'S SISTER-IN-LAW, Jill Cantonwine

7       In a letter dated February 3, 1994, Mrs. Cantonwine wrote,

8       "The murder of my sister-in-law, Joy, has of course,
had a huge impact on our lives.  There is not a day
9   that goes by that I don't think about Joy; but
sometimes, I'm consumed with fear and pain over her
10  death.  Did she realize what was happening to her?
Was she scared?  Did she feel much pain?  Was her
11  death quick or did she suffer for a long time?  We
will never know the answers to these questions, and
12  I know I will worry over these matters for the rest
of my life.  I am satisfied with the sentence of
13  life in prison without the possibility of parole for
the monster that murdered Joy, however, I would want
14  him to have to live the rest of his life without any
personal comforts.  I want him to sit in that room
15  and think about what he did 24 hours a day."

16  STATEMENT OF VICTIM'S SON, Chad Winchester

17      The victim's son was contacted by telephone on February 2,

18  1994.  He stated that life in prison is a good penalty for the

19  defendant.  He was asked to write a letter detailing his feelings

20  regarding his mother's murder, but nothing was received as of the date

21  of this dictation.

            IN CUSTODY

      efendant has been incarcerated in Orange County Jail

      2, 1992.  During that period of time, he has been noted

      ring:

    ffense                    Disposition

    Refused to obey a      No disposition.
directive

0007

JANOE, Bobby Shawn

Page 7

C-90898  A-222175

| | | |
|---|---|---|
| 7/12/92 | Unauthorized movement | No disposition. |
| 7/15/92 | Creating a disturbance & F.T.O.D. | Loss of all privileges, 10 days. |
| 8/11/92 | F.T.O.D. | Loss of comm, visual, & dayroom, 9 days |
| 9/16/92 | Tampering w/ a security device | No disposition |
| 2/24/93 | Poss of contraband, observed smoking marijuana cig in cell. | Isolation, 10 days, arrested, crt dispo. |
| 12/28/93 | Tampering w/ a security device | Counseled. |

## DEFENDANT'S STATEMENT

The defendant was interviewed at Orange County Jail on February 2, 1993. With regard to the murder conviction, he stated he did not kill his wife. The defendant said he has ideas of who may have done it, but the Court is already aware of them, so he would not elaborate. He is hoping that the truth will come out, and that the real killer will be found.

The defendant feels he has been wrongly judged on his past record, and it was not shown that he had a motive for the murder. He brought up the situation of his first wife's testimony, saying he never touched her or kicked her in the stomach while she was pregnant. He insisted his first wife perjured herself by giving that testimony.

The defendant highlighted his progress since being paroled in 1986 after his Federal Prison term for bank robbery. He said he has made every effort to straighten out his life by being involved in the Alcoholics Anonymous program, furthering his education, and becoming a diesel mechanic. He stated he achieved all of the goals he set for

0008

1  himself, successfully finishing his parole in 1990, saving his money,

2  and purchasing a home.  The defendant further stated he has not had so

3  much as a traffic ticket since 1986, and he mentioned he tried to

4  provide for the victim by purchasing a life insurance police on himself,

5  with her as the beneficiary, in case he died.

6  STATEMENT OF REFERENCES AND INTERESTED PARTIES

7       On February 2, 1994, a letter was sent to Officer Selinskie,

8  Westminster Police Department, soliciting any input he cared to share

9  for this report.  A letter was also sent to Deputy District Attorney Lou

10 Rosenblum on the same date.  As of the date of this dictation, no

11 replies have been received.

12      The defendant submitted the following references in his own

13 behalf; copies of written responses are attached for the Court's

14 consideration.

15 STATEMENT OF DEFENDANT'S ATTORNEY, Douglas Otto

16      Mr. Otto was contacted by telephone on February 2, 1994.  He

17 stated the verdict in this case will bother him forever; he felt the

18 evidence was circumstantial and slight.  Mr. Otto stressed the

19 defendant's accomplishments since his parole from Federal Prison in

20 1986.  He said the defendant set goals and applied himself, becoming a

21 diesel mechanic, getting a good job, and purchasing a house.  Mr. Otto

22 is hopeful of filing a motion to reduce the conviction to a lesser

23 crime.

24 STATEMENT OF MARILYN JANOE, Defendant's Mother

25      Mrs. Janoe was contacted by telephone on February 7, 1994.

26 She stated she believes her son to be innocent of the crime, and that a

27 gross injustice has been done.  She said her son accomplished so much

28 since his parole in 1986, but he was given no credit for it.  She stated

1    the defendant had everything to live for and no reason to murder his

2    wife.  She said the evidence was weak and a mistrial should have been

3    declared.

4    STATEMENT OF A FRIEND, Betty A. Parker

5          In a letter dated February 3, 1994, Ms. Parker wrote that the

6    defendant "was a kind, gentle person, who was very determined to better

7    himself.  I personally feel he is incapable of committing a crime of any

8    nature."

9    STATEMENT OF A FRIEND, Denise Ann Ropp

10         In a letter dated February 2, 1994, Ms. Ropp indicated she has

11   known the defendant approximately eight or nine years.  She stated the

12   defendant is her best friend and he has helped her on many occasions.

13   Ms. Ropp described the defendant as kind, gentle, soft-spoken, loving,

14   caring, truthful, sincere, supportive, considerate, and trustworthy.

15         A second letter from Ms. Ropp's mother, Margaret Ropp, was

16   also submitted, which spoke of the defendant's politeness and

17   gentlemanly behavior.

18

19   STATEMENT OF REVEREND DAVID M. BAUMANN, The Defendant's Minister

20         Reverend Baumann's letter of February 3, 1994, refers to the

21   defendant as a person who worked very hard to turn his life around after

22   release from prison.  The defendant is characterized as "a man who had

23   the courage to admit to the alcoholic and criminal activity of his

24   earlier years, and desired improvement in his life."  Reverend Baumann,

25   after the knowing the defendant for eight years, indicated the defendant

26   has been trustworthy, quiet, slow to complain and faithful.

27         Reverend Baumann believes, "it's highly probable that an

28   innocent man has been convicted; a premeditated murder is unbelievably

0010

JANOE, Bobby Shawn

C-90898  A-222175

1  out of character for the man whom I knew to have made such a concerted

2  and successful effort over a period of several years to change his life

3  for the better."

4  STATEMENT OF FRIEND, Jack Milucky

5      In a letter dated February 3, 1994, Mr. Milucky stated he has

6  known the defendant since 1986 through A.A. meetings and was the

7  defendant's sponsor.  Mr. Milucky indicated the defendant was helpful to

8  him and their friendship is still ongoing.  He described the defendant

9  as gentle, giving to others, honest and hard-working.  Mr. Milucky

10  concluded by saying, "I still believe Bobby is innocent and totally

11  incapable of committing the crime he is convicted of."

12  STATEMENT OF U.S. PAROLE OFFICER, Matt Farley

13      The defendant's former parole officer was contacted by

14  telephone on February 2, 1994.  He stated the defendant made a very good

15  adjustment after his release from Federal Prison in 1986, and received

16  an early discharge from parole in 1991.  Mr. Farley indicated the

17  defendant's attitude improved significantly during his supervision, and

18  he surpassed what was expected of him.

19  PRIOR RECORD (CII - A0974141)

20      A record check with the Interstate Identification Index and

21  the California Bureau of Criminal Identification and Information, the

22  Federal Bureau of Investigation, and Federal District Court Presentence

23  reports dated November 9, 1981 and July 8, 1982, indicate the defendant

24  has the following record of a sustained juvenile petition and adult

25  convictions:

26  JUVENILE RECORD

27

28

JANOE, Bobby Shawn

C-90898  A-222175

| Date | Agency | Offense | Disposition |
|------|--------|---------|-------------|
| 3/17/74 | Rialto PD | Burg & Arson | 4/17/74: case #NJ66273, CYA. |

Although the defendant did not recall the details of this case, the Federal Presentence Report of 1981 indicates the defendant burglarized an elementary school, taking items valued at over $500.00. In addition, he set a fire at Rialto Junior High School, causing $35,000 to $70,000 worth of damage. The defendant spent 13 months in the California Youth Authority, and was discharged from parole on November 9, 1979.

In a San Bernardino County Probation report dated April 17, 1974, a junior high teacher, Mrs. Diaz, made the following statement, "Bobby is extremely explosive and may probably kill somebody someday." During the defendant's stay with the California Youth Authority, a psychiatric evaluation of March 1975 diagnosed him as being a "passive-aggressive personality with schizoid traits."

ADULT RECORD

| Date | Agency | Offense | Disposition |
|------|--------|---------|-------------|
| 1/1/78 | San Bernardino PD | Drunk Driving | 1/13/78: case #HTB963208; 2 yrs prob, fine or $220. |

The Federal Presentence Report of July 8, 1982, reflects that the defendant pleaded guilty, but failed to abide by the terms of probation. Various warrants were issued for his arrest, and he finally appeared on April 30, 1980. The defendant was given three days in custody and probation was terminated at that time.

| | | | |
|------|--------|---------|-------------|
| 6/22/79 | Kansas City PD | Carrying a Concealed Weapon | 6/25/79: Kansas City Muni Crt, $25 fine, 2 days jail. |

According to the aforementioned Federal Presentence Report dated July 8, 1982, the defendant was observed by officers, while on routine patrol, walking down the street with a bucknife in a case on his belt. The defendant subsequently informed his San Bernardino parole officer that he carried the bucknife for protection.

| | | | |
|------|--------|---------|-------------|
| 9/7/79 | Dallas PD | Carrying a Weapon | 1/21/80: 1 day jail, $250 fine. |

According to the Federal Presentence Report of November 9, 1981, the defendant was arrested for carrying a pistol. The defendant indicated he recalled it was for carrying a bucknife.

| | | | |
|------|--------|---------|-------------|
| 8/17/81 | Denver PD | Robbery of Saving & Loan | 7/12/82: U.S.Dist Crt; 10 yrs Fed Prison. |

According to the Federal Presentence Report of July 8, 1982, the defendant came to a teller's window at Columbia Savings and Loan Association with a note which read, "I'm an escape convict, don't make

1   me use the gun.  Just give me all the money."  The defendant then took
2   $440 from the teller and left the bank.

| 9/4/81 | Leavenworth, Kansas PD | Robbery of Savings & Loan (Aiding & Abetting) | 3/10/82: U.S. Dist Crt, 10 yrs Fed Prison. |
|--------|------------------------|-----------------------------------------------|-------------------------------------------|

According to the Federal Presentence Report of 11/9/81, the defendant waited in his vehicle, while his brother, Scott Janoe, entered the Savings and Loan.  Scott went to the teller with a note which said, "I have a gun - put all the money in the envelope, no one will be hurt."  As Scott joined the defendant outside the bank with $809.50 taken from the robbery, police apprehended the two brothers.  The defendant was paroled from the Federal Prison at Lompoc, California on August 11, 1986.

DMV RECORD

According to the records of the California Department of Motor Vehicles, the defendant currently holds a Class A commercial driver's license.  His driving record shows one conviction in November of 1991 for failure to stop.  There are no failures to appear or accidents noted.

SOCIAL HISTORY

The defendant and his twin brother, Scott, were the oldest of four children born to Bobby and Marilyn Janoe.  Both parents were married previously, with the defendant's mother having three children from her first marriage.  The defendant's early life was apparently a turbulent one; the father was reportedly an alcoholic who was abusive to the defendant's mother and spent many years in custody, leaving the mother with most of the child-rearing responsibilities.

The defendant experienced a great deal of difficulty in school, being suspended on several occasions for such things as defacing school property, vulgarity, and defiance toward teachers.  He was also noted for fighting, stealing, and other anti-social behavior.  The defendant's grades fluctuated greatly through junior and senior high school; at times, his attendance and marks were above average, other

JANOE, Bobby Shawn

C-90898  A-222175

1   times quite poor.  He left Eisenhower High School in the 11th grade and

2   did not graduate.

3           The defendant has had three marriages.  The first was to

4   Patricia Jean Knowles in 1976, which ended in divorce in 1980.  The

5   defendant's only child, Misty Sue Janoe, was born to this union in 1976.

6   It is worthy to note that when the defendant's first wife was contacted

7   by Westminster Police Officer Proctor on February 12, 1993, she stated

8   the defendant warned her he did not want any children after Misty was

9   born.  When the defendant learned she was five months pregnant in March

10  of 1978, Patricia stated the defendant kicked her very hard in the

11  stomach with his boot.  Two days later, Patricia went to the hospital

12  for a therapeutic abortion, after she learned the fetus had died as a

13  result of trauma induced hemorrhaging.

14          The defendant's second marriage to Cheryl Janoe Lazero lasted

15  from 1986 to 1989, with no children.  The defendant then married the

16  deceased, Joy Lynn Janoe in October of 1991.

17          In addition to the three marriages, the defendant stated to

18  the federal probation officer in 1982 that he had lived with a Brenda

19  Finner in Rialto, California for a period of one and a-half years

20  between 1980 and 1982.  The defendant stated the relationship was

21  terminated when Brenda was murdered in February of 1982.

22          The defendant has worked as a cook, laborer, mechanic, driver,

23  and most recently as a diesel mechanic for Albertson's Markets in Brea.

24  He reported he received a certificate in diesel technology from Rancho

25  Santiago College in 1991, and a G.E.D. certificate while in custody in

26  1992.

27          The defendant reported he has not used alcohol or illegal

28  substances since 1987.                                        0014

JANOE, Bobby Shawn                                                  Page 14

C-90898  A-222175

1  EVALUATION

2          Appearing before the Court is a 35-year-old male defendant,

3  who has been convicted of Section 187(a) of the Penal Code with the

4  further allegation of murder while lying in wait found to be true.

5                       CIRCUMSTANCES IN AGGRAVATION

6  The Crime

7          421(a) - 1    The crime involved great violence and bodily

8                        harm, resulting in death to the victim, which

9                        disclosed a high degree of cruelty,

10                       viciousness, or callousness.

11         421(a) - 2    The defendant used a weapon, probably some type

12                       of hand tool, in the commission of the offense.

13         421(a) - 3    The victim was particularly vulnerable - she

14                       was killed while on the bed in the couples'

15                       bedroom.

16  The Defendant

17         4421(b) - 1   The defendant engaged in violent conduct which

18                       indicates a serious danger to society.

19         421(b) - 2    The defendant's prior convictions as an adult

20                       and a sustained petition as a juvenile are of

21                       increasing seriousness.

22         421(b) - 3    The defendant served a prior Federal Prison

23                       term from 1982 to 1986.

24                       CIRCUMSTANCES IN MITIGATION

25  The Crime

26         423(a) -      None.

27  The Defendant

28         423(b) - 6    The defendant's prior performance on Federal

                                                                    0015

JANOE, Bobby Shawn                                           Page 1
C-90898  A-222175

1

2                              Parole was satisfactory.  He received an early

3                              discharge from parole, after making an

4                              adjustment characterized as "surpassing

5                              expectations."

6                        PROBATION ELIGIBILITY

7          413(a) -  The defendant is apparently ineligible for probation

8                    because he was convicted of Section 187(a) of the

9                    Penal Code, and the 190.2(a)(15) allegation was

10                   found to be true; therefore, probation is prohibited

11                   by Sections 1203(e)(1)(2) PC except in unusual cases

12                   where the interest of justice would best be served.

13

14         413(c)    A perusal of the criteria pertaining to unusual

15                   cases reveals that this matter does not appear to be

16                   an unusual case.

17   EVALUATION

18        This is the case of a defendant who appeared to have made real

19   improvements in his life after his release on parole in 1986.  Until the

20   instant offense occurred, the defendant had seemingly been successful in

21   dealing with his substance and alcohol abuse problems, he had gained

22   good employment through training and hard work, and he had been

23   resourceful in saving money to purchase a new home.  In addition, the

24   defendant had experienced no violations of law.  It is unfortunate these

25   advances have been lost in the wake of this tragic incident.

26        It is not possible to measure the pain and sorrow the victim's

27   family have experienced as a result of this murder.  The overwhelming

28   sense of loss and anger described in their letters demonstrate the

     impact the event has made upon their lives.  Although there is no way to

0016

JANOE, Bobby Shawn

C-90898  A-222175

1  redress these grievances, the sentence of life without the possibility

2  of parole will provide some relief.

3      Questions remain regarding the motive for this offense, but it

4  would appear the defendant's background of violent and unconscionable

5  conduct may have been early indications of a personality who could take

6  the life of another person.  Why the defendant would act in such an

7  explosive manner after doing so well for a substantial period of time,

8  is a mystery.  Nevertheless, it is now important to consider that if a

9  person is capable of this kind of behavior on one occasion, for no

10  apparent reason, then it is possible it could happen again.  The

11  defendant is regarded as both ineligible and unsuitable for probation

12  consideration at this time.

13  RECOMMENDATION

14      In view of the foregoing, it is respectfully recommended that

15  probation be denied and sentencing imposed.  Further, the defendant be

16  ordered to pay a Restitution Fund fine pursuant to Section 13967(b) of

17  the Government Code, in the amount of $200.

18                    Respectfully submitted,

19                    MICHAEL SCHUMACHER
                      Chief Probation Officer

20

21

22                    Howard E. Brooks
                      Deputy Probation Officer
23                    569-2102

24

25

26

27

28

# LODGMENT 3

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

## CHRONOLOGICAL HISTORY
CDC 112 (9-83)

| Date | Chronological Listings | Initials | Dead Time | Release Date |
|---|---|---|---|---|
| JUL 05 1994 | Rec'd RJD/RC | | | |
| 7-12-94 | Restitution ordered per Ora Co, Case # C90898 – $200. | | | |
| 7-12-94 | NOTICE PURSUANT TO 3058.6PC | | MEPD | LWO |
| 7-12-94 | PC 2933.5 reviewed. Found ~~not~~ eligible to earn work time credits on Case # C90898. | | | |
| 7-12-94 | File audited. | | | |
| AUG 10 1994 | REC'D CALIPATRIA STATE PRISON | | | |
| 10-7-94 | FILE AUDITED Intake | | | |
| | LWOP plus 10 yrs. DSL – Life term starts 8-31-98 | | MEPD | LWOP |
| 10-7-94 | Notice pursuant to 3058.8 V/W | | | |
| 12-9-94 | REQUESTED NOTICE OF DEATH, RELEASE, OR ESCAPE FROM DEPARTMENTAL CUSTODY PC 3058.8 | | | |
| 7-5-96 | OTC to ~~Orange~~ Col Def / CS# C0110484 | | | |
| 12-16-96 | OTC Rtn Orange County / Defendant / CS# C0110484 | | | |
| 12-5-98 | DPB13 UPDATE COMPLETED | | | |
| 1-29-2000 | REVIEWED IN COMPLIANCE W/ PC296 | | | |
| 11/21/01 | OTC / Orange Co / Defendant / Case # C90898 | M.P. | | |
| 01/18/02 | OTC & RTN Orange Co / Defendant / Case # C-90898 | M.P. | | |
| 4-13-04 | Pc 296 DNA Completed | | | |
| Sept 14 2006 | BCL 150 DAYS RVR dated 7-5-2006 Log # 0706A005 | | | |
| 12-20-2007 | FILE AUDITED transfers | | | |
| 4-04-2008 | FILE AUDITED transfer | | | |

0018

| Number | Name | Page |
|---|---|---|
| J-25333 | JANOE  BOBBY  SHAWN | 1 |

# LODGMENT 4

804 T0 RECORDS: 7-7-04

# RULES VIOLATION REPORT

CALIFORNIA         DEPARTMENT OF CORRECTIONS

| ...DER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| ...33 | JANOE | | LWOP | CSP-CAL | A1-150 | 07-06-A-005 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR #3012 | POSSESSION OF STOLEN PROPERTY AND CHECK FRAUD | A1-150 | 07/05/06 | 10:. HRS. |

CIRCUMSTANCES

On Wednesday, July 5, 2006, Security and Investigations Unit concluded its investigation into numerous' altered checks received at Calipatria State prison (CAL) for Inmate Janoe (J-25333, A1-150).

On Tuesday, June 13, 2006, at approximately 1000 hours, Security and Investigations (S&I) Officer #5 V. Canada received 2 separate original checks serial #146931907 for the amount of **$5,727.19** and serial #146931908 for the amount of **$5,190.87** from Calipatria State Prison (CAL) Inmate Trust Account Office Personnel.  CAL Accounting Office received the checks on May 17, 2006 via United State Postal Services.

The checks were endorsed for payment to J. Robert West MD Inc, P.O. Box 2150, Redlands Ca. 92373-0701 with Inmate Janoe, J25333/A1-150 name and CDCR number typed in bold letters and underlined underneath the original endorsee. National Heritage Insurance Company (NHIC) generated the checks.

RVR continued on CDC-115 Part C

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ► S. CRITTENDON Correctional Officer | 7/11/06 | S&I Officer #7 | Sun/Mon |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | |
|---|---|---|---|---|
| ►J. VALDEZ, Correctional Sergeant | 7/12/06 | N/A | DATE N/A | LOC. |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☑ SERIOUS | B 121/150 | 7/12/06 | R. Nelson Jr. capt. CAL | ☐ HO ☑ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☑ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| 115A | ►X | 7/12/06 | 1440 | CDC-115 supplement by V. Canada |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| CAL-CEN-06-07-0244 | | 8/3/06 | 1200 | ►J. Olivarez | 7/12/06 | 1448 |

HEARING

07-17-06 0800 hrs  issued xerox copies of inmate Trust Account statement for inmate Janoe J25333 from 5-1-5 to 6-5.
CDC 193 Trust Account withdrawal order to marilyn Janoe dated 5/25/06
(1) One Inmate letter.
(6) Six xerox copies of inmate correspondence envelopes to inmate Janoe J25333 from Brett Janoe Box 657 Running Springs CA 92382
(2) two xerox copies of checks pay to the order of Bobby Janoe J25333
(2) two xerox copies of money orders pay to the order of cls N. mejia J25332

REVIEWED
SEP 8 2006
OBIS/CAL

Continued on RVR Part-C

REFERRED TO ☐ CLASSIFICATION ☑ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| J. Sigler, Correctional Lieutenant | | 8/4/06 | 1930 |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | TIME |
|---|---|---|---|---|
| ► R. Nelson, Facility Captain | 8/7/06 | ►G.J. Janda, Associate Warden | 8/15/06 | |

| ☑ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| | ►J. Olivarez | 8/24/06 | 2000 |

CDC 115 (7/88)     150 FOC     0019