me, exhibit H, does establish I did not know bret was mailing stolen money orders and/or checks to the institution in my name. In the letter, dated May 16, 2006, bret explains he is sending "over 10,000, so once this clears your account, do me a favor, could you take half of that and send it back to me in a state of California check" and at the end of the letter bret writes, "if your approached on where money comes, you don't know, ok". This letter was written to me in response to the two letters I had written bret, exhibit A @ p. 1-2, when I originally started to receive the empty envelopes from him, as the letter starts, exhibit H, "got your letter the other". In my two original letters to bret I asked him what was going on, with all of these funds he was sending me? The letter from bret was written May 16, 2006, which is after he had already mailed 10 or 11 fraudulent money orders and/or checks to the institution in my name, exhibit D, @ p. 3, numbers 1-6; consequently, "if" I had some agreement with bret to "launder" stolen funds through the CDCR trust account office, why would bret be explaining his scam to me—requesting I send him half of the money once it clears? And then why would he instruct me, "if your approached on where money came, you don't know, ok"; if I supposedly knew about this "launder" scam prior? I did not even attempt to send any funds to bret, via a state of California check, because I had no idea what bret was doing or why he was mailing me all of these money orders and/or checks.

In deciding whether petitioner has met his burden of proof, the court should consider direct and circumstantial evidence and all reasonable inferences to be drawn therefrom.

Proof is the effect of evidence, the establishment of a fact by evidence, and is something more than evidence. People V Mahoney 1939 13 (2d 729.

11.

Mere Conjecture, surmise or suspicion is not the equivalent of reasonable inference and does not constitute proof. People v Bender 1945 27 Cal 164. Petitioner would argue Lieutenant J. Sigler based his decision of my guilt on his suspicion of me, because I am housed as a convicted felon in the CDCR and therefore I am presumed guilty of every subsequent allegation.

## ARGUMENT
## III
## FACTUAL ISSUES IN DISPUTE SHOULD BE SETTLED

In this instance a evidentiary hearing should be held to determine factual issues. In re Lawler 1979 23 C3d 190, 194, in that, how did obviously physically altered money orders and/or checks get processed onto my trust account, as funds available for me to spend? In the 2nd level reply to the inmate appeal 602, exhibit N, @ p. 3, third paragraph, Coordinator D. Bell does pose this question to trust account office Technician W. Neciuk, to which Mr. Neciuk stated, " we should have visually caught it in the beginning, due to you could tell inmate Jones's name was obviously typed over the original name printed on the check".

A superior court entertaining a habeas petition is required to conduct an evidentiary hearing if a reasonable likelihood exists that the petitioner is entitled to relief and the entitlement depends on resolving a factual issue California Rules of Court, Rule 4.551(f).

## CONCLUSION

The court entertaining a petition for a writ of habeas corpus has broad powers to fashion almost any relief. In re Marquez 2003

12.

30 C4th 14, award of custody credits; In re Harrell 1970 2 c3d 675, 706 modification of conditions of prison confinement.

Petitioner would respectfully request of the court to reverse the finding of guilt as to the serious Rule violation 115 and to restore the 150 good time days credit to petitioner. To order all reference of the serious rule violation 115 be removed from petitioner's cocr file.

13.

8. Did you appeal from the conviction, sentence, or commitment?  ☒ Yes.  ☐ No.  If yes, give the following information:

   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"): _____

   b. Result ___N/A_____  c. Date of decision: ___N/A_____

   d. Case number or citation of opinion, if known: ____N/A_____

   e. Issues raised: (1) _____

      (2) _____

      (3) _____

   f. Were you represented by counsel on appeal?  ☒ Yes.  ☐ No. If yes, state the attorney's name and address, if known:

      _____N/A_____

9. Did you seek review in the California Supreme Court?  ☒ Yes  ☐ No.  If yes, give the following information:

   a. Result ____N/A_____  b. Date of decision: _____

   c. Case number or citation of opinion, if known: ____N/A_____

   d. Issues raised: (1) _____

      (2) _____

      (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

    _____N/A_____

11. Administrative Review:

    a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App 3d 500 [125 Cal.Rptr. 286].)  Explain what administrative review you sought or explain why you did not seek such review:

    I sought administrative remedies at all levels, to include the directors level of review. See attached inmate appeal 602, exhibit N.

    _____

    _____

    _____

    _____

    _____

    b. Did you seek the highest level of administrative review available?  ☒ Yes.  ☐ No.
    *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? [X] Yes. If yes, continue with number 13. [ ] No. If no, skip to number 15.

13. a. (1) Name of court: _Superior court of California county of Imperial_

    (2) Nature of proceeding (for example, "habeas corpus petition"): _habeas corpus petition_

    (3) Issues raised: (a) _Due process violation_

        (b) _____

    (4) Result (Attach order or explain why unavailable): _Denied - Attached order_

    (5) Date of decision: _June 22 2007_

  b. (1) Name of court: _____

    (2) Nature of proceeding: _____

    (3) Issues raised: (a) _____

        (b) _____

    (4) Result (Attach order or explain why unavailable): _____

    (5) Date of decision: _____

  c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)

16. Are you presently represented by counsel? [ ] Yes. [X] No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court? [ ] Yes. [X] No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: _July 30, 2007_      ▶ _Bobby S. Jarvoe_

                            (SIGNATURE OF PETITIONER)

00146

# FILED

JUN 2 2 2007

SUPERIOR COURT CA.
IMPERIAL COUNTY
JOSE O. GUILLEN CLERK
BY _____ DEPUTY

1

2

3

4

5

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                            COUNTY OF IMPERIAL

10

11   In re:                                    Case No. EHC-00868

12   BOBBY JANOE                               **ORDER DENYING PETITION FOR WRIT OF**

13   On Habeas Corpus.                         **HABEAS CORPUS**

14

15

16        Petitioner, an inmate currently incarcerated at Calipatria State prison, filed the instant

17   proceeding on May 14, 2007.  Petitioner alleges that he was denied due process of law in an

18   administrative hearing in which he was found guilty of possession of stolen property and check

19   fraud.  He was found to have received altered or stolen checks at the prison from his brother,

20   who apparently had been arrested for burglary of a post office.  Petitioner has exhausted his

21   administrative remedies.

22        The disciplinary hearing was held on August 4, 2006.  Petitioner testified at the hearing,

23   and submitted declarations from his brother and mother as well as his own declaration.  All

24   declarations were to the effect that petitioner had no knowledge the checks were stolen or

25   altered.  Petitioner himself had not seen the checks, which had been deposited by prison staff.

1

00147

1    The evidence at the hearing indicated that petitioner was aware of the checks to the

2  extent that they were deposited into his trust account in the amount of $3771.71.  Petitioner

3  himself had withdrawn some $1100 from his trust account.  Six empty envelopes indicating

4  correspondence between petitioner and his brother were found in his cell when it was searched.

5    The Court finds that petitioner was afforded due process of law.  Further, the court's

6  review of the evidence is limited to the question of whether the decision is supported by "some"

7  evidence.  *In re Powell* (1988) 45 Cal 3rd 894.

8    Inasmuch is the decision of the hearing officer was supported by some evidence, the

9  petition is denied.

10  DATED:  June 20, 2007

11  JEFFREY B. JONES
12  Judge of the Superior Court

13

14

15

16

17

18

19

20

21

22

23

24

25

2

**FILED**

JUN 2 2 2007

SUPERIOR COURT CA.
IMPERIAL COUNTY
JOSE O. GUILLEN CLERK
_____ DEPUTY

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF IMPERIAL

☐ 220 Main Street
   Brawley, CA 92227

☐ 415 4th Street
   Calexico, CA 92231

☒ 939 Main Street
   El Centro, CA 92243

☐ PO Box 1087
   2124 Winterhaven Drive
   Winterhaven, CA 92243

☐ Jail Division
   328 Applestill Road
   El Centro , CA 92243

☐ Juvenile Division
   324 Applestill Road
   El Centro, CA 92243

|  |  |
|---|---|
| **Bobby S. Jones**<br>   Plaintiff/Petitioner,<br><br>vs.<br><br>**California Department Corrections & Rehab**<br>   Defendant/Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. **EHC00868**

**DECLARATION OF MAILING**

State of California, County of Imperial

I, the undersigned, certify under penalty of perjury, that I am a Deputy Clerk of the above entitled Court and not a party to the within action; that I mailed a true and correct copy of the order denying petition for writ of habeas corpus to each of the persons listed below, by depositing such notice in the United States Mail, enclosed in sealed envelopes with postage prepaid:

BOBBY JANOE, J25333
PO BOX 5004
CALIPATRIA STATE PRISON
CALIPATRIA, CA 92233

IMPERIAL COUNTY DISTRICT ATTORNEY
940 W MAIN ST.
EL CENTRO, CA 92243

JOSE O. GUILLEN, COURT EXECUTIVE OFFICER

Dated:   June 22, 2007

By: _____
   Deputy Clerk

lm223

00149

# *VERIFICATION*

## STATE OF CALIFORNIA
## COUNTY OF IMPERIAL

(C.C.P. SEC.446 & 201.5; 28 U.S.C. SEC. 1746)

I, BOBBY S. JANOE _____ DECLARE UNDER PENALTY OF PERJURY
THAT: I AM THE  De Clarant _____ IN THE ABOVE ENTITLED ACTION;
I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS
TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND
BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS ___ 3 0 ___ DAY OF: ___ July ___ 2007 AT CALIPATRIA
STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002.

(SIGNATURE) ___ Bobby S. Janoe ___
(DECLARANTIPRISONER)

## *PROOF OF SERVICE BY MAIL*

(C.C.P. SEC.1013 (a) & 2015.5; 28 U.S.C. SEC.1746)

I, Bobby S. Janoe _____ AM A RESIDENT OF CALIPATRIA STATE PRISON, IN THE COUNTY
OF IMPERIAL, STATE OF CALIFORNIA. I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM / NOT
A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: P.O. BOX 5002.
CALIPATRIA, CALIFORNIA #92233-5002.

ON ___ July 30 ___ 2007    I SERVED THE FOREGOING: _____
Petition for a writ of habeas corpus _____

### (SET FORTH EXACT TITLE OF DOCUMENTS SERVED)

ON THE PARTY (S) HEREIN BY PLACING A TRUE COPY (S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S),
WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL; IN A DEPOSIT BOX SO PROVIDED
AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002.

Court of Appeal
Fourth District, Division one
750 B street suite 300
San Diego CA 92101-8189

District attorney office
940 w. main street
el centro CA 92243

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS
REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: ___ July 30, 2007 ___          ___ Bobby S. Janoe ___
(DECLARANTIPRISONER)

# EXHIBIT

A

RECEIVED CAL APPEALS SEP 2 5 2006

CAL    A    0602524

DECLARATION

RECEIVED CAL APPEALS SEP 2 9 2006

1    I BOBBY SHAWN JANOE DO DECLARE THE FOLLOWING:

2

RECEIVED CAL APPEALS OCT 0 6 2006

3    1. I have personal knowledge of the facts stated herein and

4    could testify to there truth if called as a witness.

RECEIVED CAL APPEALS OCT 2 0 2006

5    2. Approximately the third week of April 2006,I was talking with

6    my mother,Marilyn Janoe,on the telephone.  She mentioned that my

7    brother Brian Scott Janoe had ran into Bret Harvey Janoe's

8    former wife by accident;that brian went to visit with Bret;that

9    Bret stated he was doing good;that Bret was distressed to learn

10   Bobby Shawn Janoe was in prison at Calipatria State Prison;that

11   Bret stated he would try to send Bobby some funds when he could.

12   3. I was skeptical about the news of Bret,and did not want to

13   talk about Bret,as he had stolen my property about 20 years

14   earlier and did disappear.

15   4. Approximately the last week of April 2006 I received two

16   envelopes with no letter in them,but there was numerical writing

17   on the outside of the envelope and some other writing,about

18   obtaining a attorney for me.  I had no idea what was going on

19   since I had not spoken to Bret in 20 years.  I thought Bret was

20   feeling guilty about stealing my property 20 years earlier and

21   was trying to make amends by sending funds.

22   5. I wrote Bret and thanked him for the funds and told him not to

23   give any funds to a attorney until he had spoken to me prior.

24   6. Approximately May 3,2006 I turned in a trust account withdraw-

25   al order to counselor Nava,for 99.00 dollars to my mother for

26   financial aid.

27   7. I turned in a ducat for 75.00 dollars to go to canteen.

28

SCREENED OUT    SEP 2 5 2006

SCREENED OUT    SEP 2 9 2006        SCREENED OUT    OCT 0 6 2006

00152

RECEIVED CAL APPEALS  SEP 2 5 2005
RECEIVED CAL APPEALS  SEP 2 9 2006
RECEIVED CAL APPEALS  OCT 0 6 2005

CAL    A    0602524

Approximately the 4th or 5th of May 2006,I received three more

2  envelopes from Bret,with no letter inside,but with some numerical

3  writing on the outside of the envelopes.

RECEIVED CAL APPEALS  OCT 2 0 2006

4  9. I wrote Bret once again thanking him for the funds and asked

5  him what is going on.

6  10.Approximately May 24,2006 I turned in a trust account withdra-

7  wal order to counselor Nava for 1,100.00 dollars to my mother for

8  financial aid.

9  11. I cannot remember when,but I did receive another envelope

10  from Bret with some numerical writing on the outside of the

11  envelope,but no letter inside.

12  12. Approximately June 19,2006 the security and investigations

13  unit rushed to my assigned cell in the am.  They threw my property

14  all over the cell and proceeded to confiscate every piece of

15  paper in the cell;all letters;phone books;and photos.  I asked

16  officer Canada what the problem was,but he refused to respond.

17  I was escorted back to my assigned cell after the search was

18  completed.

19  13. Approximately June 20,2006 officer Crittendon and Sergeant

20  Rutledge returned all of my property,minus the six envelopes I

21  had received from Bret.  Officer crittendon asked me to sign the

22  Cell/Locker search receipt,to acknowledge they confiscated the

23  six envelopes I had received from Bret and I did.  I asked

24  officer Crittendon what was going on,but he refused to even

25  discuss the matter at all.  I asked Sergeant Rutledge what was

26  going on,but he too refused to discuss the matter at all.

27  14. Approximately June 28,2006 I turned in a trust account with-

28  drawal order to counselor Nava for 350.00 dollars to the federal

SCREENED OUT    OCT 0 6 2006

SCREENED OUT    SEP 2 5 2006

SCREENED OUT    SEP 2 9 2006

00153

RECEIVED CAL APPEALS SEP 29 2006
RECEIVED CAL APPEALS SEP 29 2006

CAL    A    0602524

RECEIVED CAL APPEALS OCT 06 2006

RECEIVED CAL APPEALS OCT 20 2006

1    court in San Diego California.

2    turned in a ducat for 50.00 dollars to go to canteen.

3    16. Approximately July 5,2006 I turned in a trust account with-

4    drawal order to counselor Nava for 100.00 dollars to go to the

5    Superior Court in El Centro California.

6    17. Approximately July 10,2006 I spoke to a counselor in 1

7    housing building about my trust account,as my trust account with-

8    drawals were not being processed.

9    18. Approximately July 11,2006 I requested officer rodriguze to

10    contact the trust account office to see what the problem was with

11    my trust account.  I spoke to Miss Weitceil in the trust account

12    office,who stated that Lieutenant Straton had put a freeze on the

13    withdrawal of any funds from my account.

14    19. Approximately July 12,2006 I was called to go to the program

15    office on A-Yard,wherein facility captain Nelson and Lieutenant

16    Straton informed me that I was being issued a serious rule

17    violation(115)for possession of stolen property and check fraud.

18    20. On July 13,2006 I typed up a letter to Miss Weitceil,making

19    a request that a notation be placed on my trust account,so that

20    no personal checks be accepted for placement onto to my trust

21    account ever again.

22    21. Approximately July 14,2006 I received a copy of my trust

23    account activity,wherein funds were being withdrawn from my

24    account.

25    22. Approximately July 16,2006 I typed up a letter to Miss

26    Weitceil in the trust account office,explaining that funds were

27    being withdrawn from my account and that those funds were

28    illgotten and no one could lay claim to those funds until the

SCREENED OUT    SEP 25 2006    3 SCREENED OUT    OCT 06 2006
SCREENED OUT    SEP 29 2006

00154

RECEIVED CAL APPEALS  SEP 2 5 2006
RECEIVED CAL APPEALS  SEP 2 9 2006
RECEIVED CAL APPEALS  OCT 0 6 2006
RECEIVED CAL APPEALS  OCT 2 0 2006

CAL    A 0602524

1    investigation was completed.

3        I declare under penalty of perjury under the laws of the
4    state of California, the foregoing is true and correct.  This
5    declaration was executed on July 16, 2006, at calipatria California.

6
7                                   Bobby Shawn Canoe

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCREENED OUT    SEP 2 5 2006          4
SCREENED OUT    SEP 2 9 2006
SCREENED OUT    OCT 0 6 2006

00155

# EXHIBIT

B

RECEIVED CAL APPEALS  SEP 2 5 2006

RECEIVED CAL APPEALS  SEP 2 9 2006

CAL    A    0602524

DECLARATION

I, BRIAN SCOTT JANOE DO DECLARE THE FOLLOWING:

RECEIVED CAL APPEALS  OCT 2 0 2006

1. I do have personal knowledge of the facts stated herein, of Bret Harvey Janoe contacting Bobby Shawn Janoe in the months of April to May 2006, and could testify to there truth if called as a witness.

2. Approximately the second week of April 2006, I ran into Bret's former wife by accident. I had not seen Bret in approximately 20 years. Bret's former wife took me to see Bret. Upon meeting Bret, he stated to me that he was doing good and staying out of trouble. Bret asked about Bobby Shawn Janoe, as to how he was doing. Bret was distressed to learn Bobby Shawn Janoe was in prison at Calipatria state Prison. Bret stated to me that he would try to send Bobby Shawn Janoe some funds when he could.

3. To be honest, I did not believe Bret's comment's as we talked, but I wanted to believe he had changed for the better, and gave him the benefit of the doubt, as to there truthfulness.

4. In the next few days, as I saw my mother (Marilyn Janoe) I was talking with her and explained I had seen Bret and that he was doing good; that he was distressed to learn Bobby Shawn Janoe was in prison; that Bret said he would try to sent Bobby Shawn Janoe some funds when he could. My mother was skeptical of Bret and really did not want anything to do with him. She warned me to stay away from Bret.

_____

I declare under penalty of perjury under the laws of the state of California, the foregoing is true and correct. This declaration was executed on 7-18 2006 in Rialto California.

SCREENED OUT    Brian Scott Janoe

SCREENED OUT    SEP 2 5 2006
SCREENED OUT    SEP 2 9 2006

00157

# EXHIBIT

C

RECEIVED CAL APPEALS  SEP 2 5 2006
RECEIVED CAL APPEALS  SEP 2 9 2006
RECEIVED CAL APPEALS  OCT 0 6 2006
RECEIVED CAL APPEALS  OCT 2 0 2006

CAL   A 0602524

### DECLARATION

I MARILYN JANOE DO DECLARE THE FOLLOWING:

1. I do have personal knowledge of the facts stated herein, of Bret Harvey Janoe contacting Bobby Shawn Janoe in the months of April to May 2006, and could testify to there truth if called as a witness.

2. Approximately the second or thrid week of April 2006 as I talked with my son Brian scott Janoe he mentioned to me that he had ran into Bret Harvey Janoe's former wife; that he had went to talk with Bret; that Bret said he was doing good; that Bret was distressed to learn Bobby Shawn Janoe was in prison at calipatria State Prison; that Bret would try to send Bobby Shawn Janoe some funds when he could. I warned Brian to stay away from Bret as he could not be trusted. I told Brian the last time I had seen Bret was about 20 years ago, as he had stole some property from my house that belonged to me and some property that belonged to Bobby Shawn Janoe, and Bret disappeared.

3. Approximately the thrid week of April 2006 as I spoke to Bobby Shawn Janoe on the telephone, I mentioned that Brian had seen Bret and Bret said he was doing good and would try to send him some funds when he got a chance. Bobby Shawn Janoe was skeptical of Bret and really did not want to talk about Bret, as Bret had stolen his property 20 years earlier.

---

I declare under penalty of perjury under the laws of the state of California, the foregoing is true and correct. This declaration was executed on 7-18 2006 in Rialto California.

Marilyn Janoe
Marilyn Janoe

SCREENED OUT    SEP 2 5 2006
SCREENED OUT    SEP 2 9 2006
SCREENED OUT    OCT 0 6 2006

00159

# EXHIBIT

D

RECEIVED CAL APPEALS SEP 2 5 2006

**STATE OF CALIFORNIA**
**RULES VIOLATION REPORT**

RECEIVED CAL APPEALS SEP 2 9 2006

CAL   A 0602524

DEPARTMENT OF CORRECTIONS

804 TO RECORDS:

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| J-25333 | JANOE | | | CSP-CAL | A1-150 | 07-06-A-005 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| | POSSESSION OF STOLEN PROPERTY AND CHECK FRAUD | A1-150 | 07/05/06 | 1000 HRS |

RECEIVED CAL APPEALS OCT 0 6 2006

CIRCUMSTANCES

RECEIVED CAL APPEALS OCT 2 0 2006

On Wednesday, July 5, 2006, Security and Investigations Unit concluded its investigation into numerous' altered checks received at Calipatria State prison (CAL) for Inmate Janoe (J-25333, A1-150).

On Tuesday, June 13, 2006, at approximately 1000 hours, Security and Investigations (S&I) Officer #5 V. Canada received 2 separate original checks serial #146931907 for the amount of $5,727.19 and serial #146931908 for the amount of $5,190.87 from Calipatria State Prison (CAL) Inmate Trust Account Office Personnel. CAL Accounting Office received the checks on May 17, 2006 via United State Postal Services.

The checks were endorsed for payment to J. Robert West MD Inc, P.O. Box 2150, Redlands Ca. 92373-0701 with Inmate Janoe, J25333/A1-150 name and CDCR number typed in bold letters and underlined underneath the original endorsee. National Heritage Insurance Company (NHIC) generated the checks.

RVR continued on CDC-115 Part C

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ► CRITTENDON Correctional Officer | 7/11/06 | S&I Officer #7 | Sun/Mon |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ► O. VALDEZ, Correctional Sergeant | | N/A   LOC.   N/A | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☐ SERIOUS | | 7/12/06 | ► | ☐ HO ☐ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | | 7/12 | 1440 | |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | | | | | | |

HEARING

REFERRED TO ☐ CLASSIFICATION   ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| ► | ► | | |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| ► | | ► | |

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| SCREENED OUT SEP 2 5 2006 | ► SCREENED OUT   OCT 0 6 2006 | | |

CDC 115 (7/88)   SCREENED OUT   SEP 2 9 2006

00161

CAL    A    0602524

STATE OF CALIFORNIA
NEW FILED CAL APPEALS  OCT 20 2006
**RULES VIOLATION REPORT – PART C**

DEPARTMENT OF CORRECTIONS
PAGE 2 OF 8

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| J-25333 | JANOE | 07-06-A-005 | CSP-CAL | 07/05/06 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☒ 115 CIRCUMSTANCES   ☐ HEARING   ☐ IE REPORT   ☐ OTHER

The Security and Investigations Unit discovered that 10 altered checks were mailed to Inmate Janoe, J25333/A1-150 from his brother, Brett H. Janoe, from April 27, 2006 through May 30, 2006.

Brett H. Janoe is currently in custody at the West Valley Detention Facility, San Bernardino Sheriff's Dept., for Burglary. The Security & Investigations Unit was able to verify that 5 of the checks were confirmed stolen and 4 of the following checks were deposited into Janoe's trust account. (See attached copies of Trust Account Statement).

1. $2,021.51, #010006 from Phoenix Millwork Distributors, Inc. deposited on 4-27-06.
2. $1,298.02, #6872 from Millwork Products, Inc. deposited on 4-27-06.
3. $222.20, Stater Bros. Inc, Money Order #47644617207 deposited on 4-27-06.
4. $239.98, Travelers Express, Money Order #47541474860

The total amount deposited in Janoe's Inmate Trust account totals some **$3,771.71 dollars**

Inmate Janoe's current balance in his trust account is **$4,345.03.**

Although Inmate Janoe wasn't in a position to view the incoming checks, Inmate Janoe received monthly statements from the Calipatria Accounting Dept, indicating deposits to his account had been made, which would have given him knowledge of his account activities and current funds balance available.

On July 3, 2006, CAL Accounting Dept. reported, Janoe's deposits into his account from April 27, 2006 through May 30, 2006 was approximately $4,909.53 dollars.

A cash withdrawal in the amount of $530.30 dollars was withdrawn from the account prior to CAL Accounting's discovery of the altered checks.

A review of Janoe's Trust Account Statement and activity prior to the $2,021.51 dollar deposits on April 27, 2006 clearly indicated an available **zero** balance.

Inmate Janoe is not a participant in the Mental Health Services Delivery System.

Inmate Janoe is aware of this report.

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| S. CRITTENDON, Correctional Officer | | 7/11/06 |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| | 7-12-06 | 1440 |

☒ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)

CAL    A    0602524

STATE OF CALIFORNIA OCT 2 0 2005

**RULES VIOLATION REPORT - PART C**

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| J-25333 | JANOE | 07-06-A-005 | CSP-CAL | 07/05/06 |

☐ SUPPLEMENTAL    ☐ CONTINUATION OF:    ☑ 115 CIRCUMSTANCES    ☐ HEARING    ☐ IE REPORT    ☐ OTHER

The third (3rd) check serial #206430 was generated by East Valley Water District (EVWD), P.O. Box 3427 San Bernardino Ca, for the amount of $3.187.00 with a hand written letter enclosed, dated 5-16-06 from Brett Janoe.

CAL Accounting Office received the checks on May 17, 2006. The checks are endorsed to Inmate Janoe, J25333, by typing in bold letters over the original endorse name. A hand written 2-page letter, dated 5-16-06 was also enclosed with check #206430 and stated the following: The hand written letter indicated that "Bret Janoe" has a court case coming up next month and he needs to raise $300,000.00 dollars to fight his case from the streets.

Bret's homeboy (unknown at this time) enclosed $5,000 dollars for you (Referring to Inmate Janoe) plus another $5,000.00 dollars. Bret tells (Inmate Janoe) once it clears his account, take half of it and send the other half ($5,000.00 dollars) back to him in a State of California check. (See attached)

On June 23, 2006, (CAL) Accounting Dept Personnel reported that Inmate Janoe submitted a Trust Account Withdrawal Order dated, May 25, 2006 for the amount of $1100.00 dollars, for Financial Assistance to his mother Marilyn Janoe, P.O. Box 843, Rialto Ca. 92377. (See attached copy of Janoe's Inmate Trust Withdrawal Form) On June 20, 2006, at approximately 1130 hours, I conducted a cell search inside Inmate Janoe's cell and discovered the following 6 empty envelopes. (See attached copies of envelopes)

1. Envelope dated April 24, 2006 with a return address with the name Brett Janoe, P.O. Box 651, Running Springs, Ca. 92382 containing 2 money orders #47644617207 and #08-488156874 for a combined total in the amount of $222.20.

2. Envelope dated April 24, 2006 with a return address with the Initials B.J., 651, RS, Ca. 92382, with check #010006 for the amount of $2,021.51 with a hand written note from Brett Janoe telling his brother Inmate Janoe, *"Let me know what you need!" "I'll send more money in a couple of days".*

3. Envelope dated April 24, 2006 with a return address with the Initials B.J. 652, RS, Ca. 92382 with check #6872 for the amount of $1,298.02 with a hand written note of check amounts and balances from Inmate Janoe.

4. Envelope dated May 02, 2006 with a return address P.O. Box 651 R. S. Calif. 92382 containing 3 money orders #7-41909243, #47541474860 for the amount of $239.98, #48035015842.

5. Envelope dated May 02, 2006 with a return address P.O. Box 651 R.S. Calif. with checks #8164598 and #724788.

6. Envelope dated May 30, 2006 with no return address with check #206430 for the amount of $3,187.00 dollars written on it.

On Thursday, June 21, 2006, at approximately 1530 hours, San Bernardino Sheriff's Dept. Twin Peaks Detective Pelkey called. Detective Pelkey confirmed that Bret Harvey Janoe and 2 other suspects were arrested for a Burglary of a United States Post Office on May 31, 2006, and are currently in West Valley Detention Facility, located in San Bernardino Ca. (Report #050602045).

RVR continued on CDC 115 Part C

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| S. CRITTENDON  Correctional Officer | 7/11/06 |

| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED 7-12-06 | TIME SIGNED 1440 |
|---|---|---|---|

CDC 115-C (5/95).

00163

STATE OF CALIFORNIA   RECEIVED CAL APPEALS OCT 2 0 2005

CAL   A   0602524

DEPARTMENT OF CORRECTIONS
PAGE 4 OF 8

## RULES VIOLATION REPORT - PART C

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| J-25333 | JANOE | 07-06-A-005 | CSP-CAL | 07/05/06 |

☐ SUPPLEMENTAL   ☐ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☐ HEARING   ☐ IE REPORT   ☒ OTHER

Inmate Janoe was provided copies of the following documents:

Five (5) of the checks listed below were confirmed stolen by the Security & Investigations Units, 4 of the following checks and/or money orders were deposited into Janoe's trust account.

1. Deposit of $2,021.51, #010006 from Phoenix Millwork Distributors, Inc.
2. Deposit of $1,298.02, #6872 from Millwork Products, Inc.
3. Deposit of $222.20, "Stater Bros. Inc", Money Order #47644617207.
4. Deposit of $239.98, Travelers Express, Money Order #47541474860.
5. Deposit of $111.72, from an unknown source at this time.
6. Deposit of $100.00, from an unknown source at this time.
7. Deposit of $530.98, from an unknown source at this time.
8. Deposit of $152.30, from an unknown source at this time.
10. Deposit of check # 8164598, $225.74, from an unknown source at this time.
11. Deposit of check # 7247788, $503.98, from an unknown source at this time.
12. Check serial #146931907 for the amount of $5,727.19
13. Check serial #146931908 for the amount of $5,190.87
14. Check serial # 206430 for the amount of $3,187.00
15. Handwritten latter dated 5/16/06. (2 pages)
16. CDC-193 Trust Account Withdrawal Order dated May 25, 2006 for the amount of $1100.00 signed by Inmate Janoe and noted and dated 5/29/06 by a CC1 staff member.
17. Six (6) enveloped addressed to Inmate Janoe noting items #1 through #11 listed above as being enclosed.
18. Handwritten calculations of amounts received recovered from Inmate Janoe's cell by S&I Officer Crittendon on June 20, 2006.
19. CDC Inmate Trust Account Activity report for Inmate Janoe (J-25333). (2 pages)
20. Memorandum dated June 13, 2006, authored by V. Canada, Security and Investigations.

| | |
|---|---|
| SIGNATURE OF WRITER | DATE SIGNED |
| S. CRITTENDON, Correctional Officer | 7/11/06 |
| GIVEN BY: (Staff's Signature) | DATE SIGNED 7-12-06 | TIME SIGNED 1440 |

☒ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)

OSP 99 250

CAL     A   0602524

RECEIVED CAL APPEALS   OCT 2 0 2005

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS
PAGE 5 OF 8

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAYS DATE |
|---|---|---|---|---|
| J-25333 | JANOE | 07-06-A-005 | CSP-CAL | 07/05/06 |

☒ SUPPLEMENTAL   ☐ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☐ HEARING   ☒ IE REPORT   ☐ OTHER

On Tuesday, June 13, 2006, at approximately 1000 hours, while performing my duties as Security & Investigations (S&I) Officer #5, I received two (2) separate envelopes addressed to Inmate Bobby Janoe J25333/A1-150 from the Inmate Trust Account Office Technician W. Neciuk. The first letter contained two (2) separate checks entitled "Medicare Payment", both made out to J. Robert West MD Inc. P.O. Box 2150 Redlands, CA 92373-0701 and to Bobby Janoe #J25333 in a visibly bolder font, (see attached copies). The first check serial number was #146931908 made in the amount of $5,190.87 and the second check serial number was #146931907 made in the amount of $5,727.19. The second envelope contained a letter dated "5-16-06" and a third check from East Valley Water District" written to "Bobby Janoe #J25333" PO Box 5069 San Bernardino, CA 92412-5069. It should be noted Inmate Janoe's name is in a visibly bolder font and appears to be written over another person's name. The serial number is 206430 and made in the amount of $3,187.00. The envelopes of both the first and second check were postmarked San Bernardino May 17, 2006. The return address for both envelopes was:

"B
Box 651
R.S., Ca 92382"

I advised S&I Sergeant (Sgt.) S. Rutledge of the information and placed the original envelopes, three (3) checks, and the letter into evidence locker #10 at Central Control. A copy of this report was turned over to S&I Officer S. Crittendon as part of an ongoing investigation into illegal activities by Inmate Janoe.

Security and Investigations at Calipatria State Prison will continue to monitor the activities of the inmates whose names appear in this report. Their involvement in illegal activities should be closely monitored and documented when new information is discovered.

It should be noted that the information contained in this report was originally deemed Confidential in nature due to an on going investigation. Due to the completion of the investigation it has been reclassified as non-Confidential, (refer to Memorandum #IUR 06-026, dated June 14, 2006, authored by S&I Officer S. Crittendon).

The information on this report does meet the criteria for reliability per CCR Title 15, Section 3321 (c) (4):

Part of the information provided is corroborated through investigation or by information provided by non-confidential sources.

I request a copy of this report be placed in the General Section of Inmate Janoe's J25333 Central File.

Inmate JANOE is not a participant of the Mental Health Delivery System (MHSDS).

Inmate JANOE is aware of this report.

This concludes my report.

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| V. Canada  Correctional Officer | 7 11 06 |

| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|
| | 7-12-06 | 1446 |

☒ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)

OSP 99 25(

CAL A 0602524

DEPARTMENT OF CORRECTIONS
PAGE 6 OF 8

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| J-25333 | JANOE | 07-06-A-005 | CSP-CAL | 07/14/06 |

☐ SUPPLEMENTAL    ☒ CONTINUATION OF:    ☒ 115 CIRCUMSTANCES    ☐ HEARING    ☐ IE REPORT    ☐ OTHER

I placed the original envelope and the (2) two money orders into evidence locker number #5 located in Central Control. A copy of this report is being submitted as a supplemental report to the ongoing investigation into illegal activies by Inmate Janoe.

S&I at Calipatria State Prison will continue to monitor the activities of those inmates whose names appear in this report. Their involvement in illegal activities should be closely monitored and documented when new information is discovered.

This information does meets the criteria for Confidentiality per California Code of Regulations (CCR), Title 15, section; §3321(c) (4). Part of the information provided is corroborated through investigation or by information provided by non-confidential sources.

I request that a copy of this report be placed in the general section of Inmate Janoe's Central File.

Inmate Janoe is not a participant of the Mental Health Delivery System (MHSDS). Inmate Janoe is aware of this report.

This concludes my report.

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| V. Canada, Correctional Officer | 7-17-2e |

| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|
| | 0820 | 7-17-6 |

COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)

OSP 99 2

00166

CAL  A 0602524

RECEIVED CAL APPEALS OCT 2 0 2006

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| J-25333 | JANOE | 07-06-A-005 | CSP-CAL | 07/14/06 |

☐ SUPPLEMENTAL    ☒ CONTINUATION OF:    ☒ 115 CIRCUMSTANCES    ☐ HEARING    ☐ IE REPORT    ☒ OTHER

On Friday, July 14, 2006, at approximately at approximately 0800 hours, while performing my duties as Security and Investigations (S&I) Officer #5, I was advised by S&I Sergeant (Sgt) Rutledge that two (2) additional money orders serial #57-42718592 for the amount of $287.67 dollars and serial #08-532968393 for the amount of $86.00 dollars addressed to Bobby Janoe (J-25333, A1-150) had been confiscated from Calipatria State Prison (CAL) Inmate Trust Account Office Personnel. CAL Accounting Office received the checks on July 12, 2006 via United State Postal Services. The two (2) additional money orders appeared to be stolen checks, which relate to an investigation conducted by CAL Security and Investigations Officer S. Crittedon completed on July 5, 2006, during which Inmate Janoe was identified as receiving stolen checks.

The envelope containing the (2) two money orders were addressed to:

"Bobby Janoe J-25333
Unit A1-150
P.O. Box 5002
Calipatria, Calif 92233
Enclosed $287.67
$86.00
$373.67
Enjoy Bro"

The post date on the envelope is July 12, 2006 from San Bernardino and the return address is:

"Robert"
Box 1707
S.B. Ca 92408

The first money order confiscated was from Continental Express" Money Order Company Inc. serial #57-42718592 for the amount of $287.67 dollars made payable to "Bobby Janoe, Account # J-25333". The money order was typed out, however the information was hand written in visibly bolder black ink similar to the previous checks determined to be stolen.

The second money order confiscated was from "Western Union" Money Order Company Inc. serial #08-532968393 for the amount of $86.00 dollars made payable to "Bobby Janoe, Account # J-25333". The money order was typed out, however the information was hand written in visibly bolder black ink similar to the previous checks determined to be stolen.

It should be noted that earlier checks and money orders received by Inmate Janoe contained similar handwriting covering up the true intended recipients name and personal information were determined to be stolen.

RVR continued on CDC-115 Part C

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| V. Canada, Correctional Officer | 7-17-06 |

| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | | 0830 | 71706 |

CDC 115-C (5/95)

OSP 99 25082

00167

CAL   A 0602524

STATE OF CALIFORNIA
**RULES VIOLATION REPORT - PART C**   OCT 2 0 2005

DEPARTMENT OF CORRECTIONS
PAGE 8 OF 8

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| J-25333 | JANOE | 07-06-A-005 | CSP-CAL | 07/17/06 |

☐ SUPPLEMENTAL   ☐ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☐ HEARING   ☐ IE REPORT   ☐ OTHER

On, May 17, 2006 at approximately 1000 hours, while performing my duties processing monies received from the institutional mail room, I discovered that check(s) serial #146931907 for the amount of $5,727.19 and check serial #146931908 for the amount of $5,190.87 appeared to have been altered. Calipatria State Prison (CAL) Inmate Trust Account Office Personnel received the checks via the institutional mail. I notified Security and Investigations (S&I) Officer #5 V. Canada that I had received, 2 original checks serial #146931907 for the amount of $5,727.19 and check serial #146931908 for the amount of $5,190.87 endorsed for payment to a J. Robert West MD Inc, P.O. Box 2150, Redlands Ca. 92373-0701 and below the physician's name typed in bold letters and underlined, was Inmate Janoe, J25333/A1-150, underneath the original endorsee. Both checks were generated by National Heritage Insurance Company (NHIC) for Medicare Payment. On Tuesday, June 13, 2006, at approximately 1000 hours, I relinquished the checks to Squad Officer Canada.

Inmate Janoe is not a participant of the Mental Health Delivery System (MHSDS).

| SIGNATURE OF WRITER G. SHEPHERD | DATE SIGNED 7/18/06 |
|---|---|
| GIVEN BY: (Staff's Signature) | DATE SIGNED 7-18-06 | TIME SIGNED 1105 |

COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)

00168

# EXHIBIT



RECEIVED CAL APPEALS  SEP 29 2006

CAL-ISU  0602524
Thru CDCR

STATE OF CALIFORNIA  CAL APPEALS  OCT 06 2006
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART A - COVER SHEET**
CDCR 837-A (Rev. 07/05)

PAGE 1 OF 12

| INCIDENT LOG NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|
| CAL-CEN-06-07-0244 | 07/20/06 | 900 |

| INSTITUTION | FACILITY | FACILITY LEVEL | INCIDENT SITE | LOCATION |
|---|---|---|---|---|
| CAL | CEN | ☐ I ☐ II ☐ III ☒ IV | Mailroom | A1-150 |

RECEIVED CAL APPEALS  OCT 06 2006

☐ ASU  ☐ SHU  ☐ PSU   SEG YARD     USE OF FORCE
☐ SNY  ☐ PHU  ☐ CTC   ☐ CC ☐ WA   ☐ YES  ☒ NO
☒ GP   ☐ RC          ☐ RM

SPECIFIC CRIME / INCIDENT
Theft in excess of $500.00

☒ CCR  ☐ PC  ☐ N/A
NUMBER/SUBSECTION: 3012

| D. A. REFERRAL ELIGIBLE | CRISIS RESPONSE TEAM ACTIVATED | MUTUAL AID REQUEST | PIO/AA NOTIFIED |
|---|---|---|---|
| ☒ YES  ☐ NO | ☐ YES  ☒ NO | ☐ YES  ☒ NO | ☐ YES  ☒ NO |

## RELATED INFORMATION (CHECK ALL THAT APPLY OR N/A)

| DEATH | CAUSE OF DEATH | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY | |
|---|---|---|---|---|
| ☐ INMATE | ☐ ACCIDENTAL  ☐ NATURAL | ☐ ON INMATE | ☐ BEATING | ☐ SPEARING |
| ☐ STAFF | ☐ EXECUTION  ☐ UNKNOWN | ☐ ON STAFF | ☐ GASSING | ☐ STABBING |
| ☐ VISITOR | ☐ HOMICIDE | ☐ ON VISITOR | ☐ POISONING | ☐ STRANGLING |
| ☐ OTHER: | ☐ SUICIDE | ☐ OTHER: | ☐ SEXUAL | ☐ OTHER: |
| | ☐ OVERDOSE | | ☐ SHOOTING | |
| ☒ N/A | ☒ N/A | ☒ N/A | ☐ SLASHING | ☒ N/A |

| SERIOUS INJURY | INMATE WEAPONS | | TYPE OF WEAPON / SHOTS FIRED / FORCE | | | |
|---|---|---|---|---|---|---|
| ☐ INMATE | ☐ CHEMICAL SUBSTANCE | TYPE: | WEAPON: | WARNING # | EFFECT # | BATON ROUND |
| ☐ STAFF | ☐ CLUB / BLUDGEON | ☐ COMMERCIAL WEAPON | ☐ MINI 14 | | | TYPE / NO: |
| ☐ VISITOR | ☐ EXPLOSIVE | | ☐ 38 CAL. | | | ☐ WOOD |
| ☐ OTHER: | ☐ FIREARM | ☐ INMATE MANUFACTURED | ☐ 9MM | | | ☐ RUBBER |
| | ☐ HANDS / FEET | WEAPON | ☐ SHOTGUN | | | ☐ FOAM |
| ☐ N/A | ☐ KNIFE | | LAUNCHER: | | | STINGER : |
| | ☐ SAP/SLUNG SHOT | | ☐ 37MM | | | ☐ .32 (A) |
| | ☐ PROJECTILE | | ☐ L8 | | | ☐ .60 (B) |
| ESCAPES | ☐ SPEAR | | ☐ 40MM | | | ☐ EXACTIMPACT |
| | ☐ SLASHING INSTRUMENT: (TYPE) _____ | | ☐ 40MM MULTI | | | ☐ CTS 4557 |
| ☐ W / FORCE | ☐ STABBING INSTRUMENT: (TYPE) _____ | | ☐ HFWRS | | | ☐ XM 1006 |
| ☐ W/O FORCE | ☐ OTHER: _____ | | FORCE | | | CHEMICAL |
| ☐ ATTEMPTED | ☐ BODILY FLUID  ☐ OTHER FLUID: _____ | | ☐ EXPANDABLE BATON | | | ☐ OC |
| | ☐ UNKNOWN LIQUID | | ☐ PHYSICAL FORCE | | | ☐ CN |
| ☐ N/A | ☒ N/A | | ☐ X10 | | | ☐ CS |
| | | | ☐ OTHER: _____ | | | ☒ N/A |

| CONTROLLED SUBSTANCE | WEIGHT | PROGRAM STATUS | EXCEPTIONAL ACTIVITY | |
|---|---|---|---|---|
| ☐ POSITIVE UA | ☐ WITH PACKAGING | ☐ MODIFIED PROGRAM | ☐ EMPLOYEE JOB ACTION | ☐ WEATHER |
| ☐ CONTROLLED MEDS | ☐ W/O PACKAGING | ☐ LOCKDOWN | ☐ ENVIRONMENTAL HAZARD | ☐ SEARCH WARRANT |
| | PRELIMINARY  LAB | ☐ STATE OF EMERGENCY | ☐ EXPLOSION | ☐ ARREST |
| ☐ AMPHETAMINE | | | ☐ FIRE | ☒ OTHER: |
| ☐ BARBITURATES | | IF YES, LIST AFFECTED | ☐ GANG/DISRUPTIVE GROUP | Theft in excess of $500 |
| ☐ COCAINE | | PROGRAMS: | ☐ HOSTAGE | |
| ☐ CODEINE | | | ☐ INMATE STRIKE | |
| ☐ HEROIN | | | ☐ MAJOR DISTURBANCE | EXTRACTION: |
| ☐ MARIJUANA/THC | | | ☐ MAJOR POWER OUTAGE | ☐ CALCULATED |
| ☐ METHAMPHETAMINE | | | ☐ NATURAL DISASTER | ☐ EMERGENCY |
| ☐ MORPHINE | | | ☐ PUBLIC DEMONSTRATION | |
| ☐ OTHER: | | ☒ N/A | ☐ SPECIAL INTEREST I/M | ☐ N/A |
| ☒ N/A | | | | |

BRIEF DESCRIPTION OF INCIDENT (ONE OR TWO SENTENCES):
On Friday July 20, 2006 information was received that Calipatria State Prison would suffer a loss of in excess of $500.00 based on the actions of Inmate Janoe (J-25333, A1-150L)

COMPLETE SYNOPSIS / SUMMARY ON PART A1

| NAME OF REPORTING STAFF (PRINT/TYPE) | TITLE | ID # | BADGE # |
|---|---|---|---|
| G. STRATTON | Lieutenant | 1761045 | 34114 |

| SIGNATURE OF REPORTING STAFF | PHONE EXT. (INCIDENT SITE) | DATE |
|---|---|---|
| G Stratton | 7100 | 07/14/06 |

| NAME OF WARDEN / AOD (PRINT/SIGN) | TITLE | DATE |
|---|---|---|
| L. E. SCRIBNER  SCREENED OUT  Thru  Case | Warden | 7/24/06 |

SCREENED OUT  SEP 29 2006
SCREENED OUT  OCT 06 2006

00170

STATE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS AND REHABILITATION
CRIME / INCIDENT REPORT
PART A1 - SUPPLEMENT
CDCR 837-A1 (07/05)

| | | | |
|---|---|---|---|
| PAGE 2 OF 12 | | INCIDENT LOG NUMBER CAL-CEN-06-07-0244 | |

| INSTITUTION CAL | FACILITY CEN | INCIDENT DATE 07/20/06 | INCIDENT TIME 900 |
|---|---|---|---|

TYPE OF INFORMATION:
☒ SYNOPSIS/SUMMARY OF INCIDENT    ☐ SUPPLEMENTAL INFORMATION    ☐ AMENDED INFORMATION    ☐ CLOSURE REPORT

NARRATIVE:

On Friday July 20, 2006 information was received from CAL Accounting Office (P Weitzeil) that based on the actions of Inmate Janoe (J-25333, A1-150L) Calipatria State Prison (CAL) would suffer a loss in excess of $500.00 ($529.52)

On July 5, 2006 CAL Investigative Service Unit (ISU) completed an investigation into Inmate Janoe and an accomplice outside of prison (his brother Brett JANOE) attempting to "launder" money through the institution. During the investigation it was determined that Inmate Janoe was working with Brett Janoe, who would send him stolen checks or money orders in an attempt to have the money "placed on Inmate Janoe's books" (in his Inmate Trust Account). Once the money was received by CAL and placed on his "books" he would then send one-half of the money back and keep the remaining money. The money being sent back to the individual would be sent via a "State of California" check and thus "be clean money." ISU staff completed an Investigative Services Unit Report documenting this investigation.

USE OF FORCE:
There was no use of force during this incident, nor were there any allegations of excessive or unnecessary force used by staff.

SUSPECTS:
Janoe, J-25333, A1-150L

VICTIMS:
There were no inmates identified as victims during this incident.

DECONTAMINATION:
Neither inmate was exposed to chemical agents, therefore they were not afforded the opportunity to decontaminate.

ESCORTS:
Correctional Officer S. Crittendon (Security Squad Officer # 7) removed Janoe from his cell and escorted him to a shower within the unit where an unclothed body search was conducted for weapons or contraband with negative results.

SEARCHES:
Officer Crittendon conducted unclothed body searches of Janoe for the presence of weapons or contraband with negative results. During a search of the cell Officer Crittendon did discover several items associated with Janoe's attempt to "launder" money through his Inmate Trust Account. These included written letters and envelopes. The items were placed into an evidence locker located in Central Control.

CRIME SCENE/EVIDENCE:
Officer Crittendon retained possession of the evidence until he placed it into an evidence locker located in Central Control.

MEDICAL/STAFF:
There were no injuries to staff as a result of this incident.

MEDICAL/INMATES:
Inmate Janoe was not seen by on duty medical staff and a CDC 7219 Medical Report of Injury or Unusual Occurrence was not completed.

☒ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE) * G. STRATTON | TITLE Lieutenant | ID # 1761045 | BADGE # 34114 |
|---|---|---|---|
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. (INCIDENT SITE) 7100 | DATE 07/20/06 |
| NAME OF WARDEN / AOD (PRINT/SIGN) | | TITLE CDW(A) | DATE 7/24/06 |

00171

RECEIVED CAL APPEALS SEP 2 9 2006

STATE OF CALIFORNIA
CRIME / INCIDENT REPORT OCT 0 6 2006
PART A1 SUPPLEMENT
CDCR 837-A1 (07/05)   CAL APPEALS OCT 2 0 2006

CAL   A   0602524

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| PAGE 3 OF 12 | INCIDENT LOG NUMBER CAL-CEN-06-07-0244 |

| INSTITUTION CAL | FACILITY CEN | INCIDENT DATE 07/20/06 | INCIDENT TIME 900 |

TYPE OF INFORMATION:
☐ SYNOPSIS/SUMMARY OF INCIDENT    ☐ SUPPLEMENTAL INFORMATION    ☐ AMENDED INFORMATION    ☐ CLOSURE REPORT

NARRATIVE:

ADDITIONAL INFORMATION:

Inmate Janoe will be issued a CDC 115, Serious Rules Violation Report for violation of California Code Of Regulations, Section 3012 for the specific act of Possession of Stolen Property and Check Fraud Log # 07-06-A-005, Theft.

This matter may be referred to the Imperial County District Attorney's Officer for possible felony prosecution.

ISU staff have been informed that other agencies are investigating this matter and may prosecuting this matter in a county other then Imperial

CAL ISU staff have been notified that several other law enforcement agencies are looking into this matter and may prosecute Inmate Janoe for his actions.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE) G. STRATTON | TITLE Lieutenant | ID # 1761045 | BADGE # 34114 |

| SIGNATURE OF REPORTING STAFF G Stult H | | PHONE EXT. (INCIDENT SITE) 7100 | DATE 07/20/06 |

| NAME OF WARDEN / AOD (PRINT/SIGN) C. J. Janoe  SCREENED OUT  OCT 0 6 2006  SCREENED OUT  SEP 2 9 2006 | | TITLE CDW/A1 | DATE 7/21/06 |

00172

STATE OF CALIFORNIA
CRIME / INCIDENT REPORT
PART B1 - INMATE
CDCR 837-B1 (07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE 4 OF 12

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| CAL | CEN | CAL-CEN-06-07-0244 |

INMATE (ENTIRE SHEET)

| NAME: LAST | FIRST | MI | CDC # | SEX | ETHNICITY | FBI # | CII # |
|---|---|---|---|---|---|---|---|
| JANOE | Bobby | | J25333 | M | WHI | | |

| CHECK ONE | CLASS SCORE | PV RTC | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | EXTRACTION | DOB | HOUSING ASSIGN. |
|---|---|---|---|---|---|---|---|---|
| VICTIM SUSPECT WITNESS | | ☐YES ☒NO | | | | ☐YES ☒NO | | A1-150 |

☐CCCMS ☐EOP ☐DPP ☐DMH
☐MHCB ☐DDP ☒N/A

COMMITMENT OFFENSE

COUNTY OF COMMITMENT

DESCRIPTION OF INJURIES: ☒N/A

PRISON GANG / DISRUPTIVE GROUP
☐VALIDATED ☐ASSOCIATED ☒N/A

☐HOSPITALIZED ☐TREATED & RELEASED ☐REFUSED TREATMENT ☒N/A
☐DECEASED DATE: _____ ☒N/A
NAME/LOCATION OF HOSP./TREAT. FACILITY

00173

RECEIVED CAL APPEALS SEP 29 2006

STATE OF CALIFORNIA
CRIME / INCIDENT REPORT
PART B2- STAFF
CDC 837-B2 (09/03)

CAL A 0602524
DEPARTMENT OF CORRECTIONS

PAGE 3 OF 12

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| | FACILITY A | |

RECEIVED CAL APPEALS OCT 06

**STAFF (ENTIRE SHEET)**

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| Weitzeil | P. | L. | ACCT CLERK II | E | WHI | S/S/H |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ PRIMARY ☐ CAMERA | N/A | 176333 | | ACCOUNTING OFFICE |
| ☒ RESPONDER | | | | |
| ☐ WITNESS | DESCRIPTION OF INJURIES: | | | |
| ☐ VICTIM | ☒ N/A | | | |

| ☐ HOSPITALIZED ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | ☒ N/A | ☐ YES ☒ NO | ☐ YES ☒ NO |
| ☐ DECEASED DATE: _____ ☒ N/A | | TYPE: | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| Crittendon | S | | C/O | M | BLA | S/S |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☒ PRIMARY ☐ CAMERA | 60444 | 176230 | 220247 | S&I #7 |
| ☐ RESPONDER | | | | |
| ☐ WITNESS | DESCRIPTION OF INJURIES: | | | |
| ☐ VICTIM | ☒ N/A | | | |

| ☐ HOSPITALIZED ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | ☒ N/A | ☐ YES ☒ NO | ☒ YES ☐ NO |
| ☐ DECEASED DATE: _____ ☒ N/A | | TYPE: | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| Canada | V | C | C/O | M | W | SSH |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ PRIMARY ☐ CAMERA | 55939 | 176276 | 220245 | S&I #5 |
| ☒ RESPONDER | | | | |
| ☐ WITNESS | DESCRIPTION OF INJURIES: | | | |
| ☐ VICTIM | ☒ N/A | | | |

| ☐ HOSPITALIZED ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | ☒ N/A | ☐ YES ☒ NO | ☐ YES ☐ NO |
| ☐ DECEASED DATE: _____ ☒ N/A | | TYPE: | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| | | | | | | |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ PRIMARY ☐ CAMERA | | | | |
| ☐ RESPONDER | | | | |
| ☐ WITNESS | DESCRIPTION OF INJURIES: | | | |
| ☐ VICTIM | ☐ N/A | | | |

| ☐ HOSPITALIZED ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | ☐ N/A | ☐ YES ☐ NO | ☐ YES ☐ NO |
| ☐ DECEASED DATE: _____ ☐ N/A | | TYPE: | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| | | | | | | |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ PRIMARY ☐ CAMERA | | | | |
| ☐ RESPONDER | | | | |
| ☐ WITNESS | DESCRIPTION OF INJURIES: | | | |
| ☐ VICTIM | ☐ N/A | | | |

| ☐ HOSPITALIZED ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | ☐ N/A | ☐ YES ☐ NO | ☐ YES ☐ NO |
| ☐ DECEASED DATE: _____ ☐ N/A | | TYPE: | |

SEP SCREENED OUT    OCT 06 2006

00174