# LODGMENT 11

Name  BOBBY S. JANOE

Address  P O BOX 5004

Calipatria CA 92233

CDC or ID Number  J 25333

SUPREME COURT
FILED

MC-275

DEC 21 2007

Frederick K. Ohlrich Clerk

Deputy

CALIFORNIA SUPREME COURT

(Court)

BOBBY S. JANOE

Petitioner

vs.

California Dept. of Corrections and Rehabilitation

Respondent

PETITION FOR WRIT OF HABEAS CORPUS

No.  **S159392**

(To be supplied by the Clerk of the Court)

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. July 1, 2005]

PETITION FOR WRIT OF HABEAS CORPUS

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.

00232

MC–275

This petition concerns:

- ☐ A conviction
- ☐ A sentence
- ☐ Jail or prison conditions
- ☐ Other (specify): _____
- ☐ Parole
- ☐ Credits
- ☒ Prison discipline

1. Your name: Bobby S. Janoe

2. Where are you incarcerated? Calipatria State Prison

3. Why are you in custody? ☒ Criminal Conviction  ☐ Civil Commitment

   Answer subdivisions a. through i. to the best of your ability.

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

      murder

   b. Penal or other code sections: Penal code § 187 (a)

   c. Name and location of sentencing or committing court: orange county Superior Court

   d. Case number: C 90898

   e. Date convicted or committed: January 12, 1994

   f. Date sentenced: April 15, 1994

   g. Length of sentence: life without the possibility of parole; 10 years

   h. When do you expect to be released? Never

   i. Were you represented by counsel in the trial court? ☒ Yes.  ☐ No. If yes, state the attorney's name and address:

      Douglas W. Otto

4. What was the LAST plea you entered? (check one)

   ☒ Not guilty  ☐ Guilty  ☐ Nolo Contendere  ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   ☒ Jury  ☐ Judge without a jury  ☐ Submitted on transcript  ☐ Awaiting trial

00233

6. GROUNDS FOR RELIEF

Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

Senior hearing officer Lieutenant J. Sigler violated my due process rights, by finding me guilty of a serious Rule violation for possession of stolen property and check fraud, despite the complete devoid of evidence to substantiate the finding of guilt.

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: who did exactly what to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

I am filing this petition to challenge the finding of my guilt in a serious Rule violation 115 and the sanction of a lose of good time day credit of 150 days. In the interest of brevity, I had not spoken to my brother bret Janoe in over 20 years; nor was bret Janoe one of my approved visitors; nor had I used the telephone to speak to bret Janoe. Apparently starting at the end of april 2006 until June 2006 bret was mailing stolen money orders and/or checks in my Name to Calipatria state prison. see exhibit A,b,c. On July 12, 2006 I was issued a serious Rule violation, see exhibit D, for the possession of stolen property and check fraud. The court will note @ p.2 of exhibit D, the sixth paragraph, officer crittendon admits, I was not in a position to view the fraudulent money order and/or checks as they arrived at the institution trust account office, who would process these fraudulent money orders and/or checks on to my account and forward the empty

Cont. p.4

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

The question I present to the court, is there any evidence in the CDCR record they based my guilt on, that I knew the money orders and/or checks bret Janoe was mailing to the institution in my Name, were stolen?

Cont. P. 7

00234

envelope to me. Once I started to receive these empty envelopes from bret, I did write him at the return address on the envelope, see exhibit A, @ p. 1-2.

Approximately june 10, 2006 officers Crittendon; Canada; and sergeant Rutledge searched my assigned cell and confiscated six envelopes the trust account office had processed and forwarded to me, from bret, see exhibit D. @ p. 3. Approximately so or 11 physically altered money orders and/or checks were processed onto my trust account, as funds available for me to spend, see exhibit D, @ p. 4.

Officer Canada states on june 13, 2006 he received two envelopes from the trust account office technician W. Neziuk, with two checks in one envelope "medicare payment" and one check from east valley water district in the other envelope with a two page letter to me from bret. officer Canada states he put both envelopes; three checks; and the two page letter in the evidence locker #10 at central control. So the only letter bret wrote me, was confiscated as it arrived at the institution by officer Canada. Apparently in july 2006 another envelope arrives with two physically altered money orders inside and they were not processed onto my trust account, but were confiscated, see exhibit D, @ p. 5. & @ p. 7.

The Crime/Incident report, see exhibit E @ p. 2 second paragraph, explains the california dept. of corrections theory of events. Also included is the narrative from trust account worker P. weitzeil; officer Crittendon; and officer Canada.

The hearing on the serious Rule violation us, see exhibit F was held in front of Lieutenant J. Sigler. I plead not guilty and submitted three declarations, see exhibit A; B; and C to explain what occured, as to the best of my knowledge. In exhibit F, @ p. 5, I inquire, at paragraph nine, about the process of receiving mail incoming into the

institution and processing of money order and/or checks, because all of the money order and/or checks, bret mailed to the institution were physically altered, in that my name was just written on the front of them at the top and/or over the original name. see exhibit G. This is a copy of one of the checks processed onto my trust account and some copies of envelopes they arrived in, and were sent to me, once the funds were processed onto my account. When the court looks at the check, exhibit G, it is obviously physically altered and therefore fraudulent; consequently, I would ask the court to determine, how the fraudulent check was processed onto my account, along with 10 others, that were all physically altered? see exhibit D, @ p.4.

Now finally after 10 or 11 obviously physically altered money orders and/or checks were processed onto my trust account, account clerk II G. shepherd, see exhibit D, @ p. 8, notices two incoming checks were fraudulent, see exhibit H, along with the two page letter from bret, and reports this to the security and investigation unit of the institution. Even later two more fraudulent money orders arrive at the institution that were confiscated. see exhibit i.

Next is a copy of my trust account activity, see exhibit J. The court will notice as the fraudulent money orders were posted onto my trust account, that very person would deduct court filing fees I owed to the courts, @ 4/27, and 5/05 to forward to the different courts, which accounted for 239.59 dollars of the funds lost by the CDCR. Now getting back to the actual hearing in front of Lieutenant J. sigler see exhibit F, @ p. 6-12, the lieutenant explains what evidence he is basing his decision on, to find me guilty, of possession of stolen property and check fraud. When the court looks at the evidence, exhibit F, @ p. 6-12, it will notice Lieutenant J. sigler is basically basing

his decision of my guilt, on the reports of the CDCR employees who discovered the fraudulent introduction of money orders and/or checks into the institution and that is all.

lets be reasonable, had I been able to view any of these physically altered money orders and/or checks prior to them being processed onto my trust account I would have alerted the staff or if I had been able to receive the two page letter bret wrote me, that was confescated prior to be delivered to me, I would have alerted staff. I have been housed at Calipatria state prison for 13 some odd years and this is my first 115. I am not a dope friend; nor do I drink alcohol; nor do I smoke cigarettes; consequently, why would I all of the sudden need money? My past behaviour, circumstancially is an indicator of future behaviour. I had no knowledge bret was sending stolen money orders and/or checks in my name to the institution. Right after the actual 115 hearing in front of Lieutenant J. Sigler, I found out bret was found dead in san bernardino county, see exhibit K, I believe bret was suffering from dementia, due to atherosclerosis and coupled with the methamphetamine and alcohol use, see exhibit L, rendered brets cognitive skills at best, as rudimentary.

I would have certanly welcomed a prosecution in the imperial court, so I would have been able to establish I did not know bret was mailing stolen money orders and/or checks to the institution in my name, so as to settle this whole matter, but I would argue the investigative services unit recognized they had no evidence to prove I knew bret was mailing stolen money orders and/or checks to the institution in my name and consequently decided to not even refer the matter to the imperial county district attorney's office, see exhibit M.

G.

# JURISDICTION

The California Constitution, article VI §10; article I §11 and the federal Constitution, article I §9 explicitly recognized habeas corpus petitions. Habeas corpus petitions is the appropriate remedy to seek restoration of lost good time credits. Preiser v Rodriguez 1973 411 US 475. The habeas corpus petition should first be filed in superior court. In re ramirez 2001 89 CA4th 1312, court of appeal has discretion to deny habeas writ on ground that application for writ has not been made to lower court. Also see In re Hillery 1962 202 CA2d 293, 294. The proper venue lies in the county of the petitioners confinement when conditions of confinement are challenged. In re lumbert 1980 113 CA3d 310.

# ARGUMENT
## I
## STANDARD OF REVIEW

In re Dikes 2004 18 cal rptr 3d 9, Cal-app 1. Dist, @ p.11-12, The legislature has granted the CDCR broad authority for the discipline of prisoners in state prison (penal code § 5054) including the authorization to promulgate regulations governing discipline. See In re Scott 2003, 113 CA4th 38. A good time credit is a prospective benefit that depends on the prisoners sustained good behavior and is subject to review and withdrawal for cause by the disciplinary board. While the CDCR cannot interpret regulations arbitrarily or capriciously, it does not abuse its discretion when it has some basis in fact for its decision. (Ibid). A prison disciplinary action must be supported by "some evidence". Superintendent v Hill 1985 472 US 445.
Due process requires procedural protections before a prisoner can be

00238                    7.

deprived of a protected liberty interest in good time credits. Wolff v McDonnell 1974 418 US 524. In Wolff, the court held that before being stripped of good time credits, an inmate must receive certain minimum due process protections, including written notice of the claimed violation, an opportunity to be heard and to call witnesses and a written statement detailing evidence relied on and reasons for the disciplinary action. (Id. @p. 563-567).

In Superintendent v Hill supra 472 US @p. 454, the united states supreme court held, that the requirements of due process in a prison disciplinary action are satisfied "if" some evidence supports the decision by the prison disciplinary board to revoke good time credits. In determining whether the evidentiary standard is satisfied, the relevant question is, whether there is any evidence in the record that could support the conclusion reached by the disciplinary board? (Id. @p. 455-456).

## A R G U M E N T
## II

### PETITIONERS DUE PROCESS RIGHTS WERE VIOLATED BY THE FINDING OF GUILT ON THE SERIOUS RULE VIOLATION AND STATED SANLTION, lOSS oF 150 GOOD TIME CREDIT DAYS

In the serious rule violation, petitioner was charged with possession of stolen property and check fraud.

To sustain a conviction for possession of stolen property, three prongs must be established, 1) the property must be stolen; 2) defendant must know the property is stolen; 3) defendant must have had possession of the stolen property. People v Myles 1975 50 CA3d 423.   DOMINANCE and

control are essentials of possession and they cannot be inferred by from mere presence or access. Something more must be shown to support inferring these elements.

In this instance, there is no evidence in the CDCR record that I knew the money orders and/or checks that were arriving at the institution trust office, via the united states mail, were stolen, as I never saw any of them prior to the trust office processing them onto my account, exhibit D, @ p.2 paragraph six, "Although inmate Jance wasn't in a position to view the incoming checks". Consequently, the 2nd and 3rd prong cannot be substantiated. To sustain a conviction for check fraud, 1) the defendant must present the check as genuine, 2) knowing it is not, 3) with the intent to defraud. People v Jackson 1979 92 CA 3d 556.

An intent to defraud is an intent to deceive another person for the purpose of gaining a material advantage over the person. People v Booth 1998 48 CA 4th 1247.

In this instance, there is no evidence in the CDCR record that I tried to present the stolen money orders and/or checks to the trust account office at the institution, as all of the fraudulent money orders and/or checks were delivered to the institutional trust office via the united states mail. Lieutenant J. sigler is basing his decision of my guilt in this matter on the fact that I am housed in the CDCR as a convicted felon and therefore I am presumed guilty of every subsequent allegation.

Petitioner of the writ of habeas corpus has the burden of proof, to establish a prima facie case for relief. Evidence code § 115 Burden of Proof means the obligation of a party to establish by evidence a requisite degree of belief concerning a fact in the mind of the court. A writ of habeas corpus is not the ultimate relief sought by the petitioner, but rather, it is a interim step in determining whether the petitioner is entitled to relief.

9.

If the habeas petition states a prima facie case for relief, the court must issue an order to show cause. Then the parties litigate the merits, People v Romero 1994 8C4th 728, 737; California Rules of Court, Rule 4.551 (a) (4) (A), (c)-(d).

Petitioner would argue the burden of proof required of him, is proof by, a preponderance of evidence.

Preponderance of evidence is usually defined in terms of probability of truth, or of evidence that when weighed with the opposed to it, has more convincing force and greater probability of truth. Leslie. G v Perry and associates 1996 43 CA4th 472.

Evidence code § 140, Evidence means testimony, writing ... presented to the senses that are offered to prove the existence or nonexistence of a fact.

Evidence code § 190 Proof is the establishment by evidence of a requisite degree of belief concerning a fact in the mind of the court.

Lets look at the theory of the CDCR, exhibit E, @p.2, second paragraph, "on July 5, 2006 CAL Investigative Service unit (ISU) completed an investigation into inmate Jance and an accomplice outside of prison (bret Jance) attempting to "launder" money through the institution. During the investigation it was determined that inmate Jance was working with bret Jance, who would send him stolen checks and money orders in an attempt to have the money placed on inmate Jances books (trust account). Once the money was received by CAL and placed on his books he would then send 1/2 of the money back and keep the remaining money. The money being sent back to bret Jance, would be sent via a state of California check and thus be clean money".

Petitioner would argue the CDCR was able to form this theory, once they received the one letter bret wrote me, but that was confiscated, exhibit H, before delivery to me by officer corada, exhibit D, @ p. 5.

Petitioner would argue, circumstantially, the two page letter from bret to

me, exhibit H, does establish I did not know bret was mailing stolen money orders and/or checks to the institution in my name. In the letter, dated May 16, 2006, bret explains he is sending "over 10,000, so once this clears your account, do me a favor, could you take half of that and send it back to me in a state of California check" and at the end of the letter bret writes, "if your approached on where money comes, you don't know, ok". This letter was written to me in response to the two letters I had written bret, exhibit A @ p. 1-2, when I originally started to receive the empty envelopes from him, as the letter starts, exhibit H, "got your letter the other". In my two original letters to bret I asked him what was going on, with all of these funds he was sending me? The letter from bret was written May 16, 2006, which is after he had already mailed 10 or 11 fraudulent money orders and/or checks to the institution in my name, exhibit D, @ p. 3, numbers 1-6; consequently, "if" I had same agreement with bret to "launder" stolen funds through the CDCR trust account office, why would bret be explaining his scam to me - requesting I send him half of the money once it clears? And then why would he instruct me, "if your approached on where money came, you don't know, ok", if I supposedly knew about this "launder" scam prior? I did not even attempt to send any funds to bret, via a state of California check, because I had no idea what bret was doing or why he was mailing me all of these money orders and/or checks.

In deciding whether petitioner has met his burden of proof, the court should consider direct and circumstantial evidence and all reasonable inferences to be drawn therefrom.

Proof is the effect of evidence, the establishment of a fact by evidence, and is something more than evidence. People V Mahoney 1939 13 (2d 729.

Mere conjecture, surmise or suspicion is not the equivalent of reasonable inference and does not constitute proof, People v Bender 1945 27 c2d 164. Lieutenant J. sigler based his decision of my guilt on his suspicion of me, because I am housed as a convicted felon in the dept. of corrections and therefore I am presumed guilty of every subsequent allegation.

Additionally the findings by Lieutenant J. sigler failed to meet the state evidentiary standards, to revoke good time credit, penal code section 2932, as Lieutenant J. sigler failed to reasonably conclude that by a preponderance of the evidence, Evidence Code section 115, supported his findings of petitioners guilt. see In re Zepeda 141 Cal. App 4th 1493 (2006).

## A R G U M E N T
### III
## FACTUAL ISSUES IN DISPUTE SHOULD BE SETTLED

In this instance a evidentiary hearing should be held to determine factual issues. See In re lawler 1979 23 c3d 190, 194, to determine how obviously physically altered money orders and/or checks were processed onto ~~my trust account, as funds available for me to spend? In the 2nd level~~ reply to the inmate appeal 602, exhibit N, @ p.3, third paragraph, coordinator O, Bell does present that question to trust office technician W. Neciuk, to which Mr. Neciuk responded, "we should have visually caught it in the beginning, due to you could tell inmate Jance's name was obviously typed over the original name printed on the check".

A court entertaining a habeas petition is required to conduct an evidentiary hearing if a reasonable likelihood exists that the petitioner is entitled to relief and the entitlement depends on resolving a factual issue, California Rules of court, Rule 4,551 (f).

# CONCLUSION

The court entertaining a petition for a writ of habeas corpus has broad powers to fashion almost any relief. In re Marquez 2003 30 C4th 14, award of custody credits; In re Harrell 1970 2C3D 675,706 modification of conditions of prison confinement.

Petitioner would respectfully request the court reverse the finding of guilt on the serious Rule violation 115 and to restore the 150 good time days credit to petitioner. To order all references of the serious Rule violation 115 be removed from petitioners dept. of corrections file and destroyed.

MC–275

8. Did you appeal from the conviction, sentence, or commitment?  ☒ Yes.  ☐ No.  If yes, give the following information:

a.  Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

_____ N/A _____

b.  Result _____  c.  Date of decision: _____

d.  Case number or citation of opinion, if known: _____

e.  Issues raised:  (1) _____

(2) _____

(3) _____

f.  Were you represented by counsel on appeal?  ☒ Yes.  ☐ No. If yes, state the attorney's name and address, if known:

_____ N/A _____

9. Did you seek review in the California Supreme Court?  ☒ Yes  ☐ No.  If yes, give the following information:

a.  Result _____ N/A _____  b.  Date of decision: _____

c.  Case number or citation of opinion, if known: _____

d.  Issues raised:  (1) _____

(2) _____

(3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

_____

_____

11. Administrative Review:

a.  If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

I sought all administrative remedies to include a directors level of review

_____

_____

_____

_____

_____

_____

b.  Did you seek the highest level of administrative review available?  ☒ Yes.  ☐ No.
*Attach documents that show you have exhausted your administrative remedies.*

MC-275 [Rev. January 1, 2007]                    PETITION FOR WRIT OF HABEAS CORPUS                    Page 6 of 6

00245                    .14

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☒ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a. (1) Name of court: Superior court of California, county of Imperial

    (2) Nature of proceeding (for example, "habeas corpus petition"): habeas corpus petition

    (3) Issues raised: (a) Due process violation of 14th amendment to U.S. constitution

    (b) _____

    (4) Result (Attach order or explain why unavailable): Denied - order attached

    (5) Date of decision: June 22, 2007

  b. (1) Name of court: Court of Appeal Fourth Appellate District Division one

    (2) Nature of proceeding: habeas corpus petition

    (3) Issues raised: (a) Due process violation

    (b) _____

    (4) Result (Attach order or explain why unavailable): Denied - order attached

    (5) Date of decision: November 6, 2007

  c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 12/4/07

▶ _Bobby S. Canoe_
(SIGNATURE OF PETITIONER)

MC-275 [Rev. July 1, 2005]     PETITION FOR WRIT OF HABEAS CORPUS

15

# FILED

JUN 2 2 2007

SUPERIOR COURT CA.
IMPERIAL COUNTY
JOSE O. GUILLEN CLERK
BY _____ DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF IMPERIAL

In re:                              Case No. EHC-00868

BOBBY JANOE                         **ORDER DENYING PETITION FOR WRIT OF
                                    HABEAS CORPUS**
On Habeas Corpus.

Petitioner, an inmate currently incarcerated at Calipatria State prison, filed the instant proceeding on May 14, 2007. Petitioner alleges that he was denied due process of law in an administrative hearing in which he was found guilty of possession of stolen property and check fraud. He was found to have received altered or stolen checks at the prison from his brother, who apparently had been arrested for burglary of a post office. Petitioner has exhausted his administrative remedies.

The disciplinary hearing was held on August 4, 2006. Petitioner testified at the hearing, and submitted declarations from his brother and mother as well as his own declaration. All declarations were to the effect that petitioner had no knowledge the checks were stolen or altered. Petitioner himself had not seen the checks, which had been deposited by prison staff.

1

1    The evidence at the hearing indicated that petitioner was aware of the checks to the

2    extent that they were deposited into his trust account in the amount of $3771.71. Petitioner

3    himself had withdrawn some $1100 from his trust account. Six empty envelopes indicating

4    correspondence between petitioner and his brother were found in his cell when it was searched.

5    The Court finds that petitioner was afforded due process of law. Further, the court's

6    review of the evidence is limited to the question of whether the decision is supported by "some"

7    evidence. *In re Powell* (1988) 45 Cal 3rd 894.

8    Inasmuch is the decision of the hearing officer was supported by some evidence, the

9    petition is denied.

10    DATED: June 20, 2007

11

12    JEFFREY B. JONES
            Judge of the Superior Court

13

14

15

16

17

18

19

20

21

22

23

24

25

2

00248

COURT OF APPEAL - FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

NOV 6 2007

Court of Appeal Fourth District

| | |
|---|---|
| In re BOBBY S. JANOE | D051373 |
| on | (San Diego County |
| Habeas Corpus. | Super. Ct. No. EHC 00868) |

THE COURT:

The petition for writ of habeas corpus has been read and considered by Justices Huffman, Nares and Irion.

Petitioner was convicted of murder in 1994 for killing his wife and is presently incarcerated at Calipatria State Prison. Petitioner argues his due process rights were violated at an administrative hearing when he was found guilty of a serious rules violation for possession of stolen property and check fraud. He was assessed 150 days forfeiture of credit and the temporary loss of other privileges.

Petitioner received notice of the charges, a hearing and an opportunity to present evidence in his defense, a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action, and full administrative appeal of his rules violation. Petitioner has therefore been afforded all the process due to him. (*Wolff v. McDonnell* (1974) 418 U.S. 539, 563-567.)

To the extent petitioner argues the rules violation is supported by insufficient evidence because he had no knowledge the checks were altered or stolen, we only need to find "some evidence" to support the administrative decision. (*Superintendent v. Hill* (1985) 472 U.S. 445, 455-456; *In re Zepeda* (2006) 141 Cal.App.4th 1493, 1498.) This standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." (*Superintendent v. Hill, supra,* 472 U.S. at pp. 455-456.) As explained in his administrative appeals and by the trial court, petitioner's trust account

00249

# *VERIFICATION*

## STATE OF CALIFORNIA
## COUNTY OF IMPERIAL

### (C.C.P. SEC.446 & 201.5; 28 U.S.C. SEC. 1746)

I, _BOBBY S. JANOE_ DECLARE UNDER PENALTY OF PERJURY
THAT: I AM THE _Declarant_ IN THE ABOVE ENTITLED ACTION;
I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS
TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND
BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS _4_ DAY OF: _December_ 2007 AT CALIPATRIA
STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002.

(SIGNATURE) _Bobby S. Janoe_
(DECLARANT/PRISONER)

## *PROOF OF SERVICE BY MAIL*

### (C.C.P. SEC.1013 (a) & 2015.5; 28 U.S.C. SEC.1746)

I, _Bobby S. Janoe_ AM A RESIDENT OF CALIPATRIA STATE PRISON, IN THE COUNTY
OF IMPERIAL, STATE OF CALIFORNIA. I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM / NOT
A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: P.O. BOX 5002.
CALIPATRIA, CALIFORNIA #92233-5002.

ON _____ 2007 I SERVED THE FOREGOING: _____
_Petition for writ of habeas corpus_

### (SET FORTH EXACT TITLE OF DOCUMENTS SERVED)

ON THE PARTY (S) HEREIN BY PLACING A TRUE COPY (S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S),
WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED
AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002.

_California supreme court_          _District Attorney office_
_350 McAllister_                   _940 w. Main street_
_San Francisco CA 94102_           _El centro CA 92243_

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, THERE IS
REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: _December 4, 2007_          _Bobby S. Janoe_
(DECLARANT/PRISONER)

00250

# EXHIBIT

A

RECEIVED CAL APPEALS  SEP 2 5 2006
RECEIVED CAL APPEALS  SEP 2 9 2006
RECEIVED CAL APPEALS  OCT 2 0 2006

CAL   A  0602524

DECLARATION

I BOBBY SHAWN JANOE DO DECLARE THE FOLLOWING:

1. I have personal knowledge of the facts stated herein and
could testify to there truth if called as a witness.

2. Approximately the third week of April 2006,I was talking with
my mother,Marilyn Janoe,on the telephone.  She mentioned that my
brother Brian Scott Janoe had ran into Bret Harvey Janoe's
former wife by accident;that brian went to visit with Bret;that
Bret stated he was doing good;that Bret was distressed to learn
Bobby Shawn Janoe was in prison at Calipatria State Prison;that
Bret stated he would try to send Bobby some funds when he could.

3. I was skeptical about the news of Bret,and did not want to
talk about Bret,as he had stolen my property about 20 years
earlier and did disappear.

4. Approximately the last week of April 2006 I received two
envelopes with no letter in them,but there was numerical writing
on the outside of the envelope and some other writing,about
obtaining a attorney for me.  I had no idea what was going on
since I had not spoken to Bret in 20 years.  I thought Bret was
feeling guilty about stealing my property 20 years earlier and
was trying to make amends by sending funds.

5. I wrote Bret and thanked him for the funds and told him not to
give any funds to a attorney until he had spoken to me prior.

6. Approximately May 3,2006 I turned in a trust account withdraw-
al order to counselor Nava,for 99.00 dollars to my mother for
financial aid.

7. I turned in a ducat for 75.00 dollars to go to canteen.

SCREENED OUT    SEP 2 5 2006
SCREENED OUT    SEP 2 9 2006
SCREENED OUT    OCT 0 6 2006          00252

RECEIVED CAL APPEALS  SEP 2 5 2006
RECEIVED CAL APPEALS  SEP 2 9 2006
RECEIVED CAL APPEALS  OCT 0 6 2006
RECEIVED CAL APPEALS  OCT 2 0 2006

CAL   A 0602524

Approximately the 4th or 5th of May 2006,I received three more

2  envelopes from Bret,with no letter inside,but with some numerical

3  writing on the outside of the envelopes.

4  9. I wrote Bret once again thanking him for the funds and asked

5  him what is going on.

6  10.Approximately May 24,2006 I turned in a trust account withdra-

7  wal order to counselor Nava for 1,100.00 dollars to my mother for

8  financial aid.

9  11. I cannot remember when,but I did receive another envelope

10  from Bret with some numerical writing on the outside of the

11  envelope,but no letter inside.

12  12. Approximately June 19,2006 the security and investigations

13  unit rushed to my assigned cell in the am.  They threw my property

14  all over the cell and proceeded to confiscate every piece of

15  paper in the cell;all letters;phone books;and photos.  I asked

16  officer Canada what the problem was,but he refused to respond.

17  I was escorted back to my assigned cell after the search was

18  completed.

19  13. Approximately June 20,2006 officer Crittendon and Sergeant

20  Rutledge returned all of my property,minus the six envelopes I

21  had received from Bret.  Officer crittendon asked me to sign the

22  Cell/Locker search receipt,to acknowledge they confiscated the

23  six envelopes I had received from Bret and I did.  I asked

24  officer Crittendon what was going on,but he refused to even

25  discuss the matter at all.  I asked Sergeant Rutledge what was

26  going on,but he too refused to discuss the matter at all.

27  14. Approximately June 28,2006 I turned in a trust account with-

28  drawal order to counselor Nava for 350.00 dollars to the federal

SCREENED OUT   OCT 0 6 2006

SCREENED OUT   SEP 2 5 2006

SCREENED OUT   SEP 2 9 2006

2

00253

RECEIVED CAL APPEALS SEP 25 2006
RECEIVED CAL APPEALS SEP 29 2006
RECEIVED CAL APPEALS OCT 06 2005
RECEIVED CAL APPEALS OCT 20 2006

CAL    A 0602524

1    court in San Diego California.

2    15. I turned in a ducat for 50.00 dollars to go to canteen.

3    16. Approximately July 05,2006 I turned in a trust account with-

4    drawal order to counselor Nava for 100.00 dollars to go to the

5    Superior Court in El Centro California.

6    17. Approximately July 10,2006 I spoke to a counselor in 1

7    housing building about my trust account,as my trust account with-

8    drawals were not being processed.

9    18. Approximately July 11,2006 I requested officer rodriguze to

10   contact the trust account office to see what the problem was with

11   my trust account. I spoke to Miss Weitceil in the trust account

12   office,who stated that Lieutenant Straton had put a freeze on the

13   withdrawal of any funds from my account.

14   19. Approximately July 12,2006 I was called to go to the program

15   office on A-Yard,wherein facility captain Nelson and Lieutenant

16   Straton informed me that I was being issued a serious rule

17   violation(115)for possession of stolen property and check fraud.

18   20. On July 13,2006 I typed up a letter to Miss Weitceil,making

19   a request that a notation be placed on my trust account,so that

20   no personal checks be accepted for placement onto to my trust

21   account ever again.

22   21. Approximately July 14,2006 I received a copy of my trust

23   account activity,wherein funds were being withdrawn from my

24   account.

25   22. Approximately July 16,2006 I typed up a letter to Miss

26   Weitceil in the trust account office,explaining that funds were

27   being withdrawn from my account and that those funds were

28   illgotten and no one could lay claim to those funds until the

SCREENED OUT    SEP 25 2006        3  SCREENED OUT    OCT 06 2006
SCREENED OUT    SEP 29 2006                                              00254