1  BOBBY SHAWN JANOE   J25333

2  CSATF/SP   C-1-120

3  P.O.BOX 5244

4  CORCORAN CA 93212



IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

BOBBY SHAWN JANOE,            )
              Petitioner,     )  CASE NO.CV 08-0420 JLS(POR)
                              )
V.                            )  TRAVERSE
JAMES TILTON,                 )
              Respondent.     )  Judge:Honorable Louisa S.Porter
                              )

PETITIONER FILES THIS TRAVERSE

In response to the answer to petition for writ of habeas corpus filed March 5,2008,Petitioner hereby admints,denies,and alleges the following:

1. Petitioner is in lawful custody of California Dept.of Corrections and Rehabilitation(CDCR),following my conviction for in 1994 for murder.

2. Petitioner denies talking with Bret Janoe in the last 20 years. Petitioner denies knowing Bret was mailing stolen checks and money orders to Calipatria State Prison(CSP) in envelopes addressed to me.(Lodg-1 Declaration).

3. Petitioner alleges I received three(3)envelopes last week of April,2006,from CSP trust office.  On one of the envelopes was written:"love you bro!Yes me and scott are talking to work out to get you attorney on things".(Lodg-2 Copy Envelopes).  Petitioner wrote Bret a letter instructing him to not give attorney funds until he had spoken to me.(Lodg-1).

                                        1            CV 08-0420 JLS(POR)

4. Petitioner alleges first week of May 2006 I received two envelopes from CSP trust office. On the envelopes is written:"Say brother let me know what you need"and"I'll send more money in a couple days".(Lodg-2). Petitioner wrote Bret asking him why he was sending all of these funds to me?(Lodg-1).

5. Petitioner alleges based on the empty envelopes I was receiving with the numerical notations CSP employees had written on them,that checks and money orders had arrived with amounts,I relied on that information as being reliable and accurate information,and sent 99.00 dollars to mother;I spent 75.00 dollars in canteen;I submitted a trust withdrawal for 1100.00 dollars to mother as aid.(Lodg-1).

6. Petitioner alleges I received another envelope from the trust office but cannot remember when.(Lodg-1).

7. Petitioner received Rules violation report July 12,2006. (Respondent Lodg-4).

8. Petitioner received hearing on RVR August 4,2006,where I plead not guilty and submitted three declarations.(Lodg-1,3,4). I was found guilty,(Resp Lodg-5),and sanctioned,to include placement in Administrative Segregation(AD-SEG).(Lodg-5 114-D).

9. Petitioner alleges I submitted an Appeal to challenge the guilt findings of August 4,2006. At the Second level of review trust account employee W.Neciuk,admits they accidently deposited stolen checks to my trust account.(Lodg-6,2nd level Decision on Appeal).

10. Petitioner alleges I submitted another Appeal,to expose the actions of CDCR employees,depositing stolen checks to my trust account. At the Directors level of review,under findings,reviewer admits employees in CSP trust office inadvertently deposited stolen checks to my trust account.(Lodg-7 Appeal with Decisions).

11. Petitioner alleges pursuant to Penal Code section 5008 that trust office employees are in total control of trust accounts, as to the deposits and withdrawals. Once employees deposited stolen checks to my account, they immediately began to spend the money, April 27,2006 a check 74.90 to state Court; a check 74.90 to Federal Court; May 5,2006 a check 89.79 to state Court, before I even spent any money.(Lodg-8 two page trust account statement).

12. Petitioner alleges 2 page letter from Bret proves I knew nothing about stolen checks and money orders arriving at CSP trust office, as Bret explains his scam and cautions me, if asked where money comes from you don't know. If I was involved why would he be stating this?(Lodg-9 two page letter and copy of two checks).

13. Petitioner alleges state Court rulings(Resp Lodg-8,10,12) were nothing more than a cursory review of Habeas Corpus Petitions.

14. Petitioner alleges CSP would not refer the matter to the local DA office, as they know there is no evidence I knew anything.(Lodg-10).

15. Petitioner alleges an evidentiary hearing is necessary to settle the disputes of who is responsible for depositing stolen checks and money orders to my trust account and forwarding the empty envelopes they arrived in to me, notifying me funds had arrived for me to spend. (Lodg-11 Copy of envelopes). I based my decision to spend funds based on the envelopes I received, as I never had a problem before with my trust account; consequently, I had no reason to doubt the envelopes.

16. Except as expressly admitted herein petitioner denies each and every allegation of the answer and specifically alleges my due process rights were violated by guilt finding in rules report.

WHEREFORE, Petitioner Respectfully Requests, Writ of Habeas Corpus be Granted in full.

3

CV 08-0420JLS(POR)

## MEMORANDUM OF POINTS AND AUTHORITIES
### INTRODUCTION

This is a case where employees in the trust office at CSP accidentally deposited stolen checks and money orders to my trust account, because Bret had physically altered them by writing and/or typing my name onto them, without my knowledge. Had these employees been competently performing their job duties, they would have realized they were altered and took the appropriate action. There is no evidence in the CDCR record, that I knew anything about the stolen funds.

### ARGUMENT
### I
### PETITIONER HAS EXHAUSTED ALL STATE COURT REMEDIES

Petitioner raised one ground, i.e, the guilt finding on the rules report, as a due process violation, due to the lack of any evidence to prove I knew anything about the stolen checks or money orders.

Petitioner was placed in AD-SEG August 28, 2006 as a direct result of being found guilty of the rules report.(Lodg-5); consequently, the AD-SEG issue was brought under ground one. Federal Habeas Corpus can be used to challenge the denial of good time credits and placement in AD-SEG. Preiser V Rodriguez 1973 411 U.S. 475.

The Fourteenth Amendment Due Process Clause of the United States Constitution guarantees that people shall not be deprived of liberty without Due Process of Law. Petitioner argues he was placed in AD-SEG for over 19 months without grounds to do so. The California Code of Regulations, Title 15 section 3335(a) is suppose to provide me with Procedural Due Process Rights prior to and during placement in AD-SEG. Under this rule a prisoner may be placed or retained in segregation: When the prisoners presence in the general population would present a threat to the safety of the prisoner or others; or endangers institution security or jeopordize the intergity of an investigation into serious

misconduct;or criminal conduct. Looking at(Lodg-5) it states I pose a threat to institutional safety and security,as the reason for placement in AD-SEG. I would argue this is nothing more than a ruse, perpetrated by lieutenant Sigler,by a dark desire to clandestinely inflict continuing punishment for the guilt findings on the rules report. The person who mailed the stolen checks to the institution was found dead July 21,2006;over a month prior to my placement in AD-SEG consequently,the institution did not have to fear any more would be arriving. Moreover the employees in the trust office were the folks who were depositing the stolen checks to my account. How could I pose a threat to institutional safety and security?(Lodg-12 Autopsy report).

In Sandin V Conner 1995 515 U.S. 472,485,the Court held,where the state had specific rules for placing prisoners in segregation,these rules did not invoke Due Process protections unless the restraint at issue imposed atypical and significant hardship in relation to ordinary prison life. The Court went on to explain what facts would be relevant for deciding whether Due Process protections were required to include the length of segregation ,and the conditions in which the prisoner were housed.Ibid at p.483-485. I would argue that being housed in AD-SEG in only boxers shorts and t-shrit and plastic slippers for over 19 months,to include the freezing cold temperatures of winter months,was atypical and significant hardship in relation to ordinary prison life and would invoke Due Process protections. There is no evidence I posed a threat to institutional safety and security in the CDCR record. By analogy,in Wilkinson V Austin 2005 __U.S.__ 125S.CT 2384,the Court held,placement in supermax with only a yearly review met the atypical and significant hardship test of Sandin V Conner 515 U.S. 472,thus the prisoners who brought the suit had a liberty

interest in being free from supermax placement. I would argue I to had a liberty interest to be free from AD-SEG housing, Due Process Right.

## II
### PETITIONER HAS ALLEGED A COGNIZABLE CLAIM FOR FEDERAL HABEAS CORPUS RELIEF

Federal Habeas Corpus can be used to challenge the denial of good time credits and placement in AD-SEG. Preiser V Rodriguez 1973 411 U.S.475

In Wolff V McDonnell 1974 417 U.S.539, the Court held prisoners were entitled to procedural protections prior to punishment.

On a rule violation, guilt can only be found if there is a preponderance of the evidence. Penal Code section 2932(c)(5). To sustain a disciplinary finding of guilt on judicial review, there must be some evidence to support the decision. Superintendent V Hill 1985 472 US.445. Under that same evidence standard a disciplinary finding of guilt can be over turned by the Court, if there is no evidence supporting charge. Cato V Rushen(9th cir 1987)824 F.2d 703; also see Burnsworth V Gunderson(9th cir 1999)179F.2d 771,774.

There is no evidence in the cdcr record I knew anything about the stolen checks or money orders; nor any evidence I was a threat to the safety and security of the institution.

## III
### STATE COURT DENIAL OF PETITIONERS CLAIMS WAS INCONSISTENT WITH FEDERAL LAW AND WAS BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS

Under the Anti-Terrorism Effective Death Penalty Act(AEDPA) when a state prisoners claim has been adjudicated on the merits in state Court, a Federal Court may only grant an application for a Writ of Habeas Corpus, if the state Court adjudication was either 1) contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the United States Supreme Court; or 2) based on an unreasonable determination of the facts in light of the

1 evidence presented at the state Court proceedings. 28 U.S.C section
2 2254(d)(1)(2).   To over come the presumption that a state Court ruling
3 is correct petitioner must present clear and convincing evidence that
4 the factual findings was incorrect. 28 U.S.C section 2254(e)(1).

5    I was a victim of identity theft by my brother Bret, who wrote my name
6 on the stolen checks and money orders, and then mailed them to CSP trust
7 office.. The actions of the trust office employees is ridiculous, i.e,
8 depositing stolen checks and money orders to my trust account and then
9 forwarding the empty envelopes to me, as notification funds had arrived
10 for me to spend.  As a practical matter I have no control what others
11 mail to the prison or write on the outside of those envelopes they use
12 to mail to the prison. I would argue the employees in the trust office
13 are the gatekeepers as to what funds are deposited or withdrawn from my
14 trust account. Penal Code section 5008.   In Re Parker 1984 151 Cal.
15 App.3d 583, at p.586, the Court held, "The Dept. of corrections regula-
16 tions for establishing and maintaining inmate trust accounts, which
17 are authorized by Penal Code section 5008, provide a system for proper
18 accountability and control of all personal funds belonging to inmates".
19    On May 17, 2006 employees in trust office determine Bret mailed two
20 stolen checks and a letter explaining his scam(Loge-13 one page report
21 and Resp Answer p.2 line 11-16), yet they take no internal action
22 such as issuing a Notification of Disallowing Mail Form 1819 as is
23 required by Cal.Code of Regs, Tit 15 section 3136(a).  Moreover trust
24 office employees continue to withdraw funds from my trust account, for
25 a total of thirteen withdraws(Lodg-8).   Then June 2, 2006 just 16 days
26 later employees deposit a check that was obviously altered to my trust
27 account.(Lodg-14).   I would argue that the depositing of this check
28 (Lodg-14) was no accident, as employees were already on Notice that

1  stolen checks had arrived 16 days earlier. Look at the check(Lodg-14)
2  and you will clearly see another name behind my name on the check and
3  the address is not my address. It is not reasonable for trust office
4  employees to state they were so incompetent they did not see this check
5  was altered,and accidently deposited it to my trust account.(Lodg-7).
6  Out in society at a bank or store,if employees accepted this check(Lodg
7  -14)they would be fired. The 2 page letter from Bret(Lodg-9)provides
8  clear and convincing evidence that I did not know anything about the
9  stolen checks or money orders,as he explained his scam and cautions
10 me to state I don't know where money comes from,if asked. I never
11 attempted to send any funds to Bret,as I had no idea what he was doing.
12 (Lodg-1,9). The two Appeals(Lodg-6,7)provide clear and convincing
13 evidence trust office employees are the culpable party for depositing
14 the stolen funds to my account,which makes the state Court rulings a
15 unreasonable determination of the facts and a unreasonable application
16 of Superintendent V Hill 1985 472 U.S. 445,454.
17    To sustain a conviction for check fraud I would have to give the check
18 to trust office employees,knowing it was stolen,anticipating they
19 would be cashed onto my trust account. People V Pugh 2002 104 Cal.App
20 4th 66;Also see People V Jackson 1979 92 Cal.App 3d 556,561.
21    To sustain a conviction for possession of stolen property,property
22 must be stolen;I would have to know it was stolen;and I would have had
23 to possess it. In Re Anthony J. 2004 11 Cal.Rptr3d 865;People V
24 King 2000 81 Cal.App4th 472,476;People V Land 1994 30 Cal.App4th
25 220,223;People V Kunkin 1973 9 Cal.3d 245,249.
26    I never even saw the checks or money orders prior to being deposited
27 to my trust account;consequently,I could not be guilty of check fraud
28 or possession of stolen property(Resp Lodg-4,p.2,6th paragraph).

CONCLUSION

There is no evidence in the CDCR record that I knew anything about the stolen checks and money orders; nor that I was a threat to the safety and security of the institution, and as such my Due Process Rights were violated, pursuant to the 14th Amendment to the United States Constitution and California Constitution Atricle 1 section 7 and 15, by the guilt finding on the Serious Rule Violation Report 115 as the disciplinary findings are not supported by any evidence. Superintendent V Hill 1985 472 U.S. 445.

Petitioner would respectfully request the Court:

Issue Writ of Habeas Corpus;

Issue Order for Evidentiary Hearing;

Declare the Rights and Responsibilities of all involved parties;

Reverse the guilt findings on Serious Rule Violation Report 115 and Order the 115 be removed from my file and all copies destroyed.

Date July 31, 2008

Respectfully Submitted,

*Bobby S. Janoe*
BOBBY SHAWN JANOE