

1   BOBBY SHAWN JANOE J25333

2   CSATF/SP  C-1-120

3   P.O.BOX 5244

4   CORCORAN CA 93212

5

6           IN THE UNITED STATES DISTRICT COURT

7           FOR THE SOUTHERN DISTRICT OF CALIFORNIA

8   BOBBY SHAWN JANOE,            )
                    Petitioner, )    CASE NO.CV 08-0420 JLS(POR)
9   V                            )
                                 )    NOTICE OF LODGEMENT OF
10  JAMES TILTON,                )    EXHIBITS IN SUPPORT OF
                    Respondents. )    TRAVERSE
11                               )
                                 )    Judge:Honorable Louisa S.
12                                          Porter

13  PLEASE TAKE NOTICE PETITIONER hereby lodges the following

14  documents with the Court in support of Traverse:

15  1.  Bobby Shawn Janoe Declaration

16  2.  Copy of envelopes back

17  3.  Marilyn Janoe Declaration

18  4.  Brian Janoe Declaration

19  5.  AD-SEG form 114-D

20  6.  Second level response appeal decision

21  7.  Appeal and decisions

22  8.  Two page trust account statement

23  9.  Two page letter from Bret,two checks

24  10.  Referral form

25  11.  Copy of envelopes front

26  12.  Autospy report,with Toxicology report

27  13.  One page report of employees in trust office

28  14.  One stolen check,3,187 dollars

                        1

                        CV 08-0420JLS(POR)

1
2  | Date July 31, 2008
3  |
4  |                              Respectfully Submitted,
5  |                              Bobby S. Janoe
   |                              _____
   |                              BOBBY SHAWN JANOE
6  |
7  |
8  |
9  |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

LODGEMENT ONE

CAL    A   0602524

RECEIVED CAL APPEALS  SEP 2 5 2006
RECEIVED CAL APPEALS  SEP 2 9 2006
RECEIVED CAL APPEALS  SEP 2 9 2006
RECEIVED CAL APPEALS  OCT 2 0 2006

DECLARATION

1    I BOBBY SHAWN JANOE DO DECLARE THE FOLLOWING:

2    1. I have personal knowledge of the facts stated herein and

3    could testify to there truth if called as a witness.

4

5    2. Approximately the thrid week of April 2006,I was talking with

6    my mother,Marilyn Janoe,on the telephone.  She mentioned that my

7    brother Brian Scott Janoe had ran into Bret Harvey Janoe's

8    former wife by accident;that brian went to visit with Bret;that

9    Bret stated he was doing good;that Bret was distressed to learn

10   Bobby Shawn Janoe was in prison at Calipatria State Prison;that

11   Bret stated he would try to send Bobby some funds when he could.

12   3. I was skeptical about the news of Bret,and did not want to

13   talk about Bret,as he had stolen my property about 20 years

14   earlier and did disappear.

15   4. Approximately the last week of April 2006 I received two

16   envelopes with no letter in them,but there was numerical writing

17   on the outside of the envelope and some other writing,about

18   obtaining a attorney for me.  I had no idea what was going on

19   since I had not spoken to Bret in 20 years.  I thought Bret was

20   feeling guilty about stealing my property 20 years earlier and

21   was trying to make amends by sending funds.

22   5. I wrote Bret and thanked him for the funds and told him not to

23   give any funds to a attorney until he had spoken to me prior.

24   6. Approximately May 3,2006 I turned in a trust account withdraw-

25   al order to counselor Nava,for 99.00 dollars to my mother for

26   financial aid.

27   7. I turned in a ducat for 75.00 dollars to go to canteen.

28

SCREENED OUT    SEP 2 5 2006
SCREENED OUT    SEP 2 9 2006
SCREENED OUT    OCT 0 6 2006

RECEIVED CAL APPEALS  SEP 2 5 2006
RECEIVED CAL APPEALS  SEP 2 9 2006
RECEIVED CAL APPEALS  OCT 0 6 2006
RECEIVED CAL APPEALS  OCT 2 0 2006

CAL A 0602524

1  Approximately the 4th or 5th of May 2006, I received three more

2  envelopes from Bret, with no letter inside, but with some numerical

3  writing on the outside of the envelopes.

4  9. I wrote Bret once again thanking him for the funds and asked

5  him what is going on.

6  10. Approximately May 24, 2006 I turned in a trust account withdra-

7  wal order to counselor Nava for 1,100.00 dollars to my mother for

8  financial aid.

9  11. I cannot remember when, but I did receive another envelope

10  from Bret with some numerical writing on the outside of the

11  envelope, but no letter inside.

12  12. Approximately June 19, 2006 the security and investigations

13  unit rushed to my assigned cell in the am.  They threw my property

14  all over the cell and proceeded to confiscate every piece of

15  paper in the cell; all letters; phone books; and photos.  I asked

16  officer Canada what the problem was, but he refused to respond.

17  I was escorted back to my assigned cell after the search was

18  completed.

19  13. Approximately June 20, 2006 officer Crittendon and Sergeant

20  Rutledge returned all of my property, minus the six envelopes I

21  had received from Bret.  Officer crittendon asked me to sign the

22  Cell/Locker search receipt, to acknowledge they confiscated the

23  six envelopes I had received from Bret and I did.  I asked

24  officer Crittendon what was going on, but he refused to even

25  discuss the matter at all.  I asked Sergeant Rutledge what was

26  going on, but he too refused to discuss the matter at all.

27  14. Approximately June 28, 2006 I turned in a trust account with-

28  drawal order to counselor Nava for 350.00 dollars to the federal

SCREENED OUT    OCT 0 6 2006
SCREENED OUT    SEP 2 5 2006
SCREENED OUT    SEP 2 9 2006

RECEIVED CAL APPEALS SEP 25 2006
RECEIVED CAL APPEALS OCT 0 6 2005
RECEIVED CAL APPEALS OCT 2 0 2006

CAL      A 0602524

1    court in San Diego California.

2    15. I turned in a ducat for 50.00 dollars to go to canteen.

3    16. Approximately July 5,2006 I turned in a trust account with-

4    drawal order to counselor Nava for 100.00 dollars to go to the

5    Superior Court in El Centro California.

6    17. Approximately July 10,2006 I spoke to a counselor in 1

7    housing building about my trust account,as my trust account with-

8    drawals were not being processed.

9    18. Approximately July 11,2006 I requested officer rodriguze to

10   contact the trust account office to see what the problem was with

11   my trust account.  I spoke to Miss Weitceil in the trust account

12   office,who stated that Lieutenant Straton had put a freeze on the

13   withdrawal of any funds from my account.

14   19. Approximately July 12,2006 I was called to go to the program

15   office on A-Yard,wherein facility captain Nelson and Lieutenant

16   Straton informed me that I was being issued a serious rule

17   violation(115)for possession of stolen property and check fraud.

18   20. On July 13,2006 I typed up a letter to Miss Weitceil,making

19   a request that a notation be placed on my trust account,so that

20   no personal checks be accepted for placement onto to my trust

21   account ever again.

22   21. Approximately July 14,2006 I received a copy of my trust

23   account activity,wherein funds were being withdrawn from my

24   account.

25   22. Approximately July 16,2006 I typed up a letter to Miss

26   Weitceil,in the trust account office,explaining that funds were

27   being withdrawn from my account and that those funds were

28   illgotten and no one could lay claim to those funds until the

SCREENED OUT    SEP 25 2006
SCREENED OUT    SEP 29 2006

3 SCREENED OUT    OCT 0 6 2006

RECEIVED CAL APPEALS SEP 25 2006
RECEIVED CAL APPEALS SEP 29 2006
RECEIVED CAL APPEALS OCT 06 2006
RECEIVED CAL APPEALS OCT 20 2006

CAL    A  0602524

was completed.

3       I declare under penalty of perjury under the laws of the

4    state of California, the foregoing is true and correct.  This

5    declaration was executed on July 16, 2006, at calipatria California.

6

7                                                Bobby S. Janoe
                                        Bobby Shawn Janoe
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCREENED OUT    SEP 25 2006          4
SCREENED OUT    SEP 29 2006
                                SCREENED OUT    OCT 06 2006

LODGEMENT TWO

CAL  A  0602524

RECEIVED CAL APPEALS  SEP  2 9  2006

RECEIVED CAL APPEALS  OCT  0 6  2006

RECEIVED CAL APPEALS  OCT  2 0  2006

THIS ENVELOPE IS RECYCLABLE AND MADE
WITH 30% POST CONSUMER CONTENT

SCREENED OUT    SEP  2 9  2006   SCREENED OUT    OCT  0 6  2006

LODGEMENT THREE

CAL     A   0602524

DECLARATION

RECEIVED CAL APPEALS   SEP 2 5 2006
RECEIVED CAL APPEALS   SEP 2 9 2006
RECEIVED CAL APPEALS   OCT 0 6 2006
RECEIVED CAL APPEALS   OCT 2 0 2005

I MARILYN JANOE DO DECLARE THE FOLLOWING:

1. I do have personal knowledge of the facts stated herein,of Bret Harvey Janoe contacting Bobby Shawn Janoe in the months of April to May 2006,and could testify to there truth if called as a witness.

2. Approximately the second or thrid week of April 2006 as I talked with my son Brian scott Janoe he mentioned to me that he had ran into Bret Harvey Janoe's former wife;that he had went to talk with Bret;that Bret said he was doing good;that Bret was distressed to learn Bobby Shawn Janoe was in prison at calipatria State Prison;that Bret would try to send Bobby Shawn Janoe some funds when he could.  I warned Brian to stay away from Bret as he could not be trusted.  I told Brian the last time I had seen Bret was about 20 years ago,as he had stole some property from my house that belonged to me and some property that belonged to Bobby Shawn Janoe,and Bret disappeared.

3. Approximately the thrid week of April 2006 as I spoke to Bobby Shawn Janoe on the telephone,I mentioned that Brian had seen Bret and Bret said he was doing good and would try to send him some funds when he got a chance.  Bobby Shawn Janoe was skeptical of Bret and really did not want to talk about Bret,as Bret had stolen his property 20 years earlier.


     I declare under penalty of perjury under the laws of the state of California,the foregoing is true and correct.  This declaration was executed on  7-18   2006 in Rialto California.

Marilyn Janoe

SCREENED OUT   SEP 2 5 2006
SCREENED OUT   SEP 2 9 2006
SCREENED OUT   OCT 0 6 2006

LODGEMENT FOUR

Case 3:08-cv-00420-JLS-POR     Document 13-2     Filed 08/07/2008     Page 13 of 24

DECLARATION

RECEIVED CAL APPEALS   SEP 2 5 2006
RECEIVED CAL APPEALS   SEP 29 2006

I, BRIAN SCOTT JANOE DO DECLARE THE FOLLOWING:

RECEIVED CAL APPEALS   OCT 2 0 2006

1. I do have personal knowledge of the facts stated herein,of Bret Harvey Janoe contacting Bobby Shawn Janoe in the months of April to May 2006,and could testify to there truth if called as a witness.

2. Approximately the second week of April 2006,I ran into Bret's former wife by accident.  I had not seen Bret in approximately 20 years.  Bret's former wife took me to see Bret.  Upon meeting Bret,he stated to me that he was doing good.and staying out of trouble.  Bret asked about Bobby Shawn Janoe,as to how he was doing.  Bret was distressed to learn Bobby Shawn Janoe was in prison at Calipatria state Prison.  Bret stated to me that he would try to send Bobby Shawn Janoe some funds when he could.

3. To be honest,I did not believe Bret's comment's as we talked, but I wanted to believe he had changed for the better,and gave him the benefit of the doubt,as to there truthfulness.

4. In the next few days,as I saw my mother(Marilyn Janoe)I was talking with her and explained I had seen Bret and that he was doing good;that he was distressed to learn Bobby Shawn Janoe was in prison;that Bret said he would try to sent Bobby Shawn Janoe some funds when he could.  My mother was skeptical of Bret and really did not want anything to do with him.  She warned me to stay away from Bret.


I declare under penalty of perjury under the laws of the state of California,the foregoing is true and correct.  This declaration was executed on 7-18  2006 in Rialto California.

SCREENED BY Brian Scott Janoe

SCREENED OUT   SEP 2 5 2006
SCREENED OUT   SEP 29 2006

LODGEMENT FIVE

CAL A 0802843

STATE OF CALIFORNIA
**ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE**
CDC 114-D (Rev 10/98)

SEP 2 0 2006

RECEIVED CAL APPEALS DEC 2 1 2006

DEPARTMENT OF CORRECTIONS

DISTRIBUTION:
WHITE - CENTRAL FILE          CANARY - WARDEN
BLUE - INMATE (2ND COPY)      PINK - HEALTH CARE MGR
GREEN - ASU                   GOLDENROD - INMATE (1ST COPY)

| INMATE'S NAME | CDC NUMBER |
|---|---|
| JANOE | J-25333 |

### REASON(S) FOR PLACEMENT *(PART A)*

- [ ] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS
- [ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY
- [ ] ENDANGERS INSTITUTION SECURITY    [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

On Monday, August 28, 2006, you (Inmate JANOE, (J-25333) it was determined that you meet the 180 classification criteria as a result of you being found guilty of a Division "B" offense within the previous three (3) years and are no longer eligible to be housed in a 270 design General Population. Due to your 180 classification you pose a threat to Institutional Safety and Security and are being placed into Administrative Segregation, pending ICC review and possible transfer to a 180 classification designated facility. As a result of this placement your Custody Level, Privilege Group, Work Status, and Visiting Status are subject to change. Inmate JANOE is a participant in the Mental Health Services Delivery System (MHSDS) at any level of care.

- [ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)    [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE:    /    /

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 08/28/06 | J. SIGLER | | Lieutenant |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| | | | | |

- [ ] INMATE REFUSED TO SIGN    INMATE SIGNATURE    CDC NUMBER

### ADMINISTRATIVE REVIEW *(PART B)*
*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |
| | | | |

**IS THIS INMATE:**

| | | EVIDENCE COLLECTION BY IE UNNECESSARY | [ ] YES [ ] NO |
|---|---|---|---|
| LITERATE? | [ ] YES [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY | [ ] YES [ ] NO |
| FLUENT IN ENGLISH? | [ ] YES [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | [ ] YES [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [ ] YES [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [ ] YES [ ] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [ ] YES [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ] YES |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | | |

Any "NO" requires SA assignment                     Any "NO" may require IE assignment

[ ] NOT ASSIGNED                                    [ ] NOT ASSIGNED

### INMATE WAIVERS

- [ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER    [ ] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME
- [ ] NO WITNESSES REQUESTED BY INMATE    INMATE SIGNATURE    DATE

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
| | | | |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY_____    [ ] RETAIN PENDING ICC REVIEW    [ ] DOUBLE CELL    [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| | | | | |

| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | DATE OF REVIEW |
|---|---|---|

SCREENED OUT    SEP 2 0 2006

**See chronological Classification Review document (CDC 128 - G) for specific hearing information**

LODGEMENT SIX

State of California                                          Department of Corrections and Rehabilitation

# Memorandum

Date:     DEC - 6 2006

To:       Janoe, J-25333
          Calipatria State Prison

Subject: SECOND LEVEL APPEAL RESPONSE
         LOG NO.:CAL-A-06-02524

ISSUE:

The appellant is submitting this appeal relative to CDC Form 115, Rules Violation
Report (RVR), Log #07-06-A-005, dated July 05, 2006, for Possession of Stolen
Property and Check Fraud.   It is the appellant's position that on
Friday, August 04, 2006, Senior Hearing Officer (SHO) J. Sigler, inappropriately
violated your due process rights by finding you guilty of the aforementioned RVR.
You allege you had no knowledge that your brother Bret Janoe was depositing
stolen money orders and checks into your inmate trust account at Calipatria
State Prison (CAL).  You state you never had possession or seen the money
orders that were sent to you, due to they were deposited into your inmate trust
account by accounting staff personnel.   You state Bret was arrested on
May 31, 2006, by the San Bernardino Sheriffs Department, Twin Peaks, for
burglary of a United States Post Office.   You state there was insufficient
evidence presented at your hearing, that you had knowledge that the money
orders deposited into your trust account were stolen.

You are requesting on appeal that the findings of your guilt in the matter be
rescinded.

INTERVIEWED BY:  D. Bell, Correctional Counselor II, on November 28, 2006.

REGULATIONS:  The rules governing this issue are:

    California Penal Code Section 12022.7.  Infliction of Great Bodily Injury

    California Code of Regulations, Title 15, Section (CCR) 3005.  Conduct.

    CCR 3084.5.  Levels of Appeal Review and Disposition.

    CCR 3313.  Classification of Rules Violation Report and Notice of Pending
    Charges.

    CCR 3320.  Hearing Procedures and Time Limitations.

On July 12, 2006, you were served a pre-hearing copy of RVR,
Log #07-06-A-005, dated July 05, 2006, for the specific act of Possession of
Stolen Property and Check Fraud, and served a copy of CDC-115 Supplement

JANOE, J-25333
CAL-A-06-02524
PAGE 2

authored by Correctional Officer (CO) V. Canada.  On August 03, 2006, you were served a copy of Incident Report # CAL-CEN-06-07-0224.

On July 17, 2006, you were served Xerox copies of your inmate trust account statements from May 01, 2005 to June 2005.  You were also served a copy of the CDC 193 Trust Account Withdrawal Order to Marilyn Janoe dated May 25, 2006, one (1) inmate letter, six (6) Xerox copies of inmate correspondence envelopes to you, from your brother Brett Janoe, Box 651 Running Springs CA. 92382, two (2) Xerox copies of checks paid to the order of Bobby Janoe, J25333, and two (2) copies of money orders paid to the order of Bobby Janoe.

On August 04, 2006, at approximately 1505 hours, you appeared before an experienced SHO, J. Sigler, for the adjudication of the RVR.  You plead not guilty, and elected to make the following statement:  "I have not seen my brother in over twenty years.  The last time I saw him he stole property from me and my mom, and then he disappeared.  I am surmising that he took it and sold it for money, now this is twenty years later etc."

The SHO considered your statement at the time of the hearing.  The SHO noted that he reviewed the three (3) typed declarations that you presented at your hearing from you, your mother and brother Brian Scott.

You were found guilty of Possession of a Stolen Property and Check Fraud, a Division "B" offense and assessed 150 days forfeiture of credit, and 90 days loss of phone, ten (10) days loss of yard, and 90 days temporary placement in privilege group "C" in accordance with CCR, Title 15, Section 3044(f)(1)(B), starting on August 04, 2006, and ending on November 03, 2006, consistent with a Division "B" offense.

You were found guilty based upon the preponderance of evidence submitted at the hearing, which was considered valid and substantiated the charge.  The evidence included:  Information contained in Incident Package Log #CAL-CEN-06-07-0244, CDC-837 authored by CO, S. Crittendon, dated July 11, 2006, CDC-837 Supplemental Report authored by CO, V. Canada, CDC-Supplemental Report authored by Accounting Clerk II, P. Weitzel, CDC-Supplemental Report authored by G. Shepard, 2nd CDC-115 Supplemental Report authored by CO, V. Canada, and 17 photocopies of evidence collected and/or recovered from your cell.

1.   The Reporting Employee's written report which states, "On Wednesday, July 05, 2006, Security and Investigations concluded its investigations into numerous altered checks received at Calipatria State Prison for Inmate Janoe, J-25333, A1-150." 2.  Four (4) out of Five (5) of the checks noted on CDC-115-C page #11 was deposited into your inmate trust account were confirmed stolen by the Security and Investigations Unit.

On August 15, 2006, the SHO's finding and disposition were reviewed and affirmed by a Chief Disciplinary Officer.  On August 24, 2006, you were issued the final copy of the adjudicated RVR.

The Second Level of Review (SLR) notes although you were not in a position to view the incoming checks, you received monthly statements from the Calipatria State Prison's Accounting Department.  These statements indicated deposits

JANOE, J-25333
CAL-A-06-02524
PAGE 3

had been made to your account, which would have given you knowledge of your account activity and current funds available.

It is also noted a cash withdrawal in the amount of $530.30 was withdrawn from your account prior to the CAL Accounting Office discovery of the altered checks. A review of your trust account statement and activity prior to the $2,021.51 dollar deposits on April 27, 2006, clearly indicated your previous account balance was zero.

It is noted on December 05, 2006, Correctional Counselor II, Inmate Appeals Coordinator, D. Bell, interviewed CAL Inmate Trust Account Office Technician, W. Neciuk, as to why were the checks and money orders processed and deposited into your trust account when it appeared that the checks were altered and fraudulent. Mr. Neciuk stated, "We should have visually caught it in the beginning, due to you could tell inmate Janoe's name was obviously typed over the original name printed on the check. However, we eventually caught on, flagged his incoming checks and sent copies to the Security and Investigations Unit. Prior to these checks being placed into inmate Janoe's account, he had no prior activity what so ever. He never had spent any money on canteen. However, after the checks were deposited into his accounts he spent money on canteen, and he even sent money to his mom."

The SLR notes Detective Pelkey of the San Bernardino Sheriff's Department, Twin Peaks, confirmed that your brother Bret Harvey Janoe and two (2) other suspects were arrested on May 30, 2006, for burglary of a United States Post Office.

After reviewing the processing of your RVR, it was determined that time constraints were met, procedures were followed, and due process was afforded to you. You provided no new or compelling evidence to the RVR. Therefore, I find no reason to alter the original decision.

DECISION: The appeal is denied.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

T. OCHOA
Chief Deputy Warden (A)
Calipatria State Prison

LODGEMENT SEVEN

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:  JUN 2 4 2007

In re:  Janoe, J-25333
Calipatria State Prison
P.O. Box 5002
Calipatria, CA 92233

IAB Case No.: 0612673        Local Log No.: CAL 06-02655

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner S. Hemenway. All submitted documentation and supporting arguments of the parties have been considered.

I  **APPELLANT'S ARGUMENT:** It is the appellant's position that his Calipatria State Prison (CAL), CDC form 602 "Inmate/Parolee Appeal Form was not being handled at an expeditious manner. The appellant wishes to have his appeal answered by the Accounting supervisor and returned to him for further disposition.

The original subject of this appeal was the posting of a fraudulent check by the accounting office at CAL. The appellant had a fraudulent check posted to his account and a subsequent freeze imposed on his account. The appellant is requesting an answer as to why this happened.

II  **SECOND LEVEL'S DECISION:** The Trust Office posted this and all checks that look legitimate. Any check in question is referred to investigative services for disposition. The deposit of this fraudulent check to appellant's trust account was done in error and training has since been provided to minimize this from reoccurring. The Trust Office staff apologized to appellant for causing any inconvenience. First Level of Review (FLR) and Second Level of Review (SLR) granted the appellant's appeal to not post fraudulent checks to his trust account.

III  **DIRECTOR'S LEVEL DECISION:** Appeal is partially granted.

 **A. FINDINGS:** All institution appeal levels responded appropriately. The appellant's request was granted at the FLR and SLR in that no fraudulent checks or altered funds be posted to his account. The appellant is requesting an answer to a previously answered question, "why did accounting post a fraudulent check to his trust account and who was the accounting person who deposited the check into his account." Accounting staff admitted this was an error as they process many checks a day as well as tend to other duties entrusted to the accounting office. Accounting staff acknowledged their error and responded to this "first time" occurrence by providing staff training to minimize the reoccurrence of this issue. Appellant continues to pursue the issue of "who posted the fraudulent check and why." This reviewer believes nothing was done maliciously and the posting of the fraudulent check was done unintentionally as staff have nothing to profit by posting such a check. This error only caused unintentional additional work to an already overburdened schedule. This appeal was granted at the informal, first and second levels. Granted was his request not to post fraudulent checks to his trust account as accounting staff would not intentionally post deposits that are suspicious in nature. Not granted was providing appellant with the name of the account staff who posted the fraudulent check as this has no bearing on the issue.

 **B. BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3084.1, 3084.2, 3084.3, 3084.6

 **C. ORDER:** No changes or modifications are required by the institution.

JANOE, J-25333
CASE NO. 0612673
PAGE 2


This decision exhausts the administrative remedy available to the appellant within CDCR.


N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, CAL
        Appeals Coordinator, CAL

RECEIVED CAL APPEALS   OCT 0 2 2006
INMATE/PAROLEE
APPEAL FORM   RECEIVED CAL APPEALS   NOV 0 9 2006
CDC 602 (12/87)
RECEIVED CAL APPEALS   JAN 1 7 2007

| | Location: Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| 1. | CAL | A. 0602655 | 18 |
| 2. | | | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

TO: APPEALS COORDINATOR OFFICE

| NAME B. Janoe Bobby | NUMBER J25333 | ASSIGNMENT N/A | UNIT/ROOM NUMBER 5-A-111 |
|---|---|---|---|

A. Describe Problem: I forwarded a 602 to accounting department supervisor P. Weitzeil on 8/8/06. pursuant to title 15 § 3084.6(a)(1) she had 10 working days to respond to that 602. on 8/20/06 I forwarded a letter to accounting department supervisor P. weitzeil, requesting she respond to the 602 I forwarded to her on 8/8/06. on 9/3/06 I forwarded a inmate request for interview to accounting department supervisor P. weitzeil requesting she respond to the 602 I forwarded to her on 8/8/06. on 9/11/06 I forwarded a inmate request for interview to accounting department supervisor P. weitzeil requesting she respond to the 602 I forwarded to her on

Cont. P. 2

If you need more space, attach one additional sheet.

B. Action Requested: I want Accounting department supervisor P. weitzeil to respond to the 602 I forwarded to her on 8/8/06.

Inmate/Parolee Signature: Bobby S. Janoe     Date Submitted: 9/28/06

OCT 0 2 2006

C. INFORMAL LEVEL (Date Received: OCT 0 2 2006 ) Due Date: 10/17/06

Staff Response: See attached

Staff Signature: P. Weitzel     Date Returned to Inmate: NOV 0 6 2006

RECEIVED INMATE APPEALS BRANCH APR 12 2007

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

I find the response from P. weitzeil disingenuous, specifically, "The trust office cannot stop funds from being posted to your trust account if the checks and/or money orders look legitimate". I have attached a copy (exhibit A) of one of the altered checks and envelope it arrived in that was posted onto my trust account. when you look at "PAY" "TO THE ORDER OF" you can actually see my name was typed over another name and the address

Signature: Bobby S. Janoe     Date Submitted: 11/7/06     Cont. P.2

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim     CDC Appeal Number:

CAL   A 0602655

RECEIVED CAL APPEALS NOV 0 9 2005
RECEIVED CAL APPEALS OCT 0 2 2006
RECEIVED CAL APPEALS JAN 1 7 2007

CAL    A    0602655

8/8/06. ON 9/18/06 I forwarded a inmate request for interview to accounting department supervisor P. Weitzeil requesting she respond to the 602 I forwarded to her on 8/8/06. ON 9/25/06 I forwarded a inmate request for interview to accounting department supervisor P. Weitzeil requesting she respond to the 602 I forwarded to her on 8/8/06. Accounting department supervisor P. Weitzeil as of this date has still not responded to the 602 I forwarded to her on 8/8/06.

Pursuant to title 15 §3391 (a) I am now filing this citizen's complaint and 602 against accounting department supervisor P. Weitzeil, pursuant to penal code 832.5, for not responding to the 602 I forwarded to her 8/8/06.

The actions of accounting department supervisor P. Weitzeil are unprofessional and tend to indicate she is attempting to use unethical conduct to suppress evidence in an investigation for check fraud.

2

CAL A 0602655

RECEIVED CAL APPEALS   OCT 0 2 2006
RECEIVED CAL APPEALS   NOV 0 9 2006
CDC 1858 (2/97)
RECEIVED CAL APPEALS JAN 1 7 2007

DEPARTMENT OF CORRECTIONS

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer]  FOR ANY IMPROPER POLICE [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS.  YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE.  THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY.  CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE.  IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE.  [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disiplinary rule violation, in addition to being prosecuted on a misdemeanor charge.]

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| INMATE/PAROLEE PRINTED NAME<br>Bobby S. Janve | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER<br>J25333 | DATE SIGNED |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:
ORIGINAL
PUBLIC - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

RECEIVED CAL APPEALS NOV 0 9 2006

RECEIVED CAL APPEALS JAN 17 2007

## CALIPATRIA STATE PRISON
### Calipatria, California

## INFORMAL APPEAL RESPONSE

**NAME:**            **B. Janoe**

**CDC NO:**          **J25333**

**APPEAL DECISION:**  **Partially Granted**

**APPEAL ISSUE:**    **LEGAL**
**You are requesting that no altered funds be posted to your trust account**

**APPEAL RESPONSE:**

The trust office cannot stop funds from being posted to your trust account if the checks and/or money orders look legitimate. If any checks and/or money orders appear to be altered or forged then they will be turned over to the Investigations Unit for further review, but note that this is our procedures for any altered or forged funds not just funds that come in for you.

Attached is a CDC 345 (Authorization from the Director to Maintain a Trust Account). It is your right to maintain a Trust Account, it also you're right to revoke your previous Authorization form. Note that if funds do come in they will be posted. Also, if you choose to complete the attached form, be aware that you will no longer have canteen privileges. This form MUST be completed in the presents of a CDCR Employee, usually your Correctional Counselor I then submitted back to the Trust Office. At that point; it is your responsibility to notify your friends and family and let them know to refrain from sending you future monetary contributions. It will also be your responsibility to ensure that any funds you do have available in your trust account are appropriately disbursed.

For your future reference, I am not nor have been the Supervisor in the Trust Office. Until this appeal, I was not aware that another appeal had previously been submitted. We do apologize for the delay in staff response.

Thank you, and sorry for any inconvenience this may have caused.

If you are dissatisfied with this decision, you may appeal at the First Level of Review.

_____          10/10/06
P. L. Weitzell                    Date
Account Clerk II

RECEIVED·CAL APPEALS NOV 0 9 2006

RECEIVED CAL APPEALS JAN 1 7 2007

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDC 345 (Rev. 5/95)

*CAL    A 0602655*


# *AUTHORIZATION FOR THE DIRECTOR TO MAINTAIN*
# *TRUST ACCOUNT*


Pursuant of Penal Code Sections 5008 and 5057, I understand that by signing this form, I authorize the Director of the California Department of Corrections and Rehabilitation, to maintain a trust fund account in my name, thus enabling me to make purchases from the canteen. I understand that I am not required to sign this form. I also understand that if I do not complete and sign this form, my canteen privileges will be lost.


### *PLEASE MARK YOUR CHOICE*


_____ I hereby authorize the Director of Corrections to maintain a trust account in my name. I also authorize any interest earned on monies held for me in such trust shall be deposited into the Inmate Welfare Fund.


_____ I choose **_not_** to authorize the Director of Corrections to maintain a trust account in my name. I acknowledge that it shall be my responsibility to ensure that any funds in my trust account are appropriately disbursed. I understand I shall have no canteen access. I shall notify my family and friends to refrain from sending me future monetary contributions.


Signed and delivered in the presence of:


_____             _____
SIGNATURE OF WITNESS                                      SIGNATURE OF INMATE


_____             _____
TITLE                                                              CDC NUMBER


Executed at Calipatria State Prison, California this _____ day of _____.
                                                                          Day                     Month and Year

RECEIVED CAL APPEALS NOV 0 9 2006
RECEIVED CAL APPEALS JAN yet 2007
Page 2

CAL    A 0602655

is not my address. This check does not look "legitimate" yet it was processed onto my trust account. 13 altered money orders and/or checks arrived at Calipatria State prison from april/06 to july/06 and all of them were altered in a similar fashion, yet 10 were posted onto my trust account, as funds available for me to spend. How did this occur?

The action I requested on this 602-citizens complaint, was for "supervisor P. weitzeil to respond to the 602 I forwarded to her on 8/8/06". On the response I received, the appeal issue states, "You are requesting that no altered funds be posted to your trust account", signed by P.C. weitzeil, dated 10/10/06. Then at the 3rd paragraph of the response it states, "until this appeal, I was not aware that another appeal had previously been submitted". I have attached a copy (exhibit B) of the 602 I submitted to P. weitzeil on 8/8/06 and the action requested was, "to make sure no altered money orders and/or checks are processed onto my trust account as funds available for me to spend". Circumstantially, it appears P. weitzeil did receive my 602 of 8/8/06, by her response of the action I requested. Additionally, after I forwarded the 602 to P. weitzeil on 8/8/06, I had submitted five different times, requests to her to respond to the 602, over several weeks, copy's attached (exhibit C). IF P. weitzeil never did receive the original 602 dated 8/8/06, she had five different times to respond to my requests, and state she had not received the 602 of 8/8/06, yet I never did receive any response to my requests. The response from P. weitzeil to the present 602-citizens complaint appears to be a incondite attempt to placate the real issue, of answering the original 602 of 8/8/06 that I had forwarded to her. Who processed the altered money orders and/or checks onto my trust account? why were obviously altered money orders and/or checks processed onto my trust account as funds available for me to spend?

RECEIVED CAL APPEALS JAN 17 2007

# CALIPATRIA STATE PRISON
## SUPPLEMENTAL PAGE
## FIRST LEVEL RESPONSE

**TO:**                    Inmate Janoe, J25333

**FROM:**                  Business Services

**APPEAL LOG NO:**         CAL-A-06-02655

**INTERVIEWED BY:**        N/A

**APPEAL DECISION:**       Granted

**APPEAL ISSUE:**          Response to previously submitted Appeal

**APPEAL RESPONSE:**    I received your Appeal Form 602 dated originally in September 2006 and submitted for a First Level Review on 11/7/06. I reviewed all of the documents you included with the appeal and discussed your situation with Trust Accounting staff.

Mr. Janoe, I must first apologize for the delays in getting responses to you from all of your attempts to get a response. I will offer no excuses to you as there are none. Trust Accounting was directed to put a freeze on your account due to the suspected fraudulent checks deposited into your account. Due to that direction, they were unsure of how to respond to your requests for a response. They should have requested assistance but as this was a "first" for this kind of situation, they didn't. Training has since been given to eliminate similar situations in the future.

In an effort to provide you with what answers I can, I offer the following:

The response to your original appeal from August 2006 is Granted in that Trust Accounting will make every effort to ensure all future deposits into your Trust Account are valid deposits.

In response to your request for a First Level Review of the current appeal, I offer the following:

I can agree with you that the sample of the check you provided shows your name being typed over something. That's pretty easy to recognize when that is the only check I have to look at and I'm not looking at it with respect to getting it (and the numerous other checks) posted for the funds to be deposited. I cannot however agree with any certainty that it is a fraudulent check simply because of the conditions of checks we've seen come through Trust over the years that have been legitimate.

RECEIVED CAL APPEALS JAN 1 2007

Inmate Janoe, J25333
Appeal No. CAL-A-06-02655
Page 2


I can assure you that the absence of responses from Trust was not an attempt to "use unethical conduct to suppress evidence in an investigation for check fraud". I can assure you of this because each request for interview they received, they forwarded as directed to the Investigative Services Unit.

Based on the information provided above, your appeal Number CAL-A-06-02655 is also Granted as your action requested was to have a response to your first appeal from August.

If you have any questions, please feel free to send me a request for interview or contact the Investigative Services Unit via institutional mail.


G. Garcia
Accountant I Supervisor

RECEIVED CAL APPEALS JAN 1 2007

CAL                    A 06 002655

F. Second level
Page 2

granted at the first level, the response is ambiguous. looking at page1 of that first level response, the last paragraph, it is not clear what G. Garcia is actually stating. Is G. Garcia stating that it was an accident, that the altered money orders and/or checks were posted onto my trust, as funds available for me to spend, because the employees were rushed to process all of the different checks onto prisoners trust accounts?

Is this why the trust account employees did not recognize these altered money orders and/or checks were in fact altered and fraudulent? OR was some state official stooping to subterfuse?

Additionally, I find it troubling that G. Garcia will not even acknowledge the altered check (exhibit A) is obviously fraudulent. The check appears to be from a water utility. I would ask, how many prisoners receive checks from a business? looking at the check (exhibit A), no bank would accept this check as legal tender, no individual with a checking account would accept this check for deposit, yet some-one in the trust account office processed these fraudulent money orders and/or checks onto my trust account, as funds available for me to spend and then forwarded the envelope to my housing building, to notify me that funds were deposited onto my trust account, that I could spend if I so choosed. Based on that notification I did turn in a trust withdrawal order to send my mother 99.00 dollars and I also turned in a ducat to go to canteen for 75.00 dollars; consequently, I am asking who processed these fraudulent money orders and/or checks onto my trust account? why were obviously altered money orders and/or checks processed onto my trust account, as funds available for me to spend?

State of California                                                        Department of Corrections and Rehabilitation

# Memorandum

Date :     **MAR 2 7 2007**

To   :    Mr. Janoe, J25333
           Calipatria State Prison

Subject:    **SECOND LEVEL APPEAL RESPONSE**
            **CAL-D-06-02619**

### ISSUE:

It is your contention that your original appeal contained two questions that were not responded to at the First Level of Review.

### DISCUSSION:

Your "Exhibit B" was a copy of your original appeal submitted on August 8, 2006. Your action requested stated: "to make sure no altered money orders and/or checks are processed onto my Trust Account." The response Granted your appeal at the First Level of Review with an explanation of what occurred regarding your appeal.

In response to your first question, "Who processed the altered money orders and/or checks onto my trust account?". The accounting office does not record which technician enters data into the tracking system.

Your second question concerned an altered money order. Specifically, "why were obviously altered money orders and/or checks processed into my trust account?" The fact that a check or money order may have been changed does not necessarily indicate the item presented is fraudulent.

Many inmates receive income or payments from a variety of sources; these variations are not normally cause for concern. For instance, the check from a water utility could be a legitimate refund of a deposit.

### DECISION:

Your appeal is Granted at the Second Level of Review, as your initial problem as stated was Granted at the First Level of Review. The questions you posed as reason for a Second Level of Review were addressed in the First Level of Review. The questions do not present any new or compelling evidence necessitating further review.

ª CDC 1617 (3/89)

2nd Level Appeal
CAL-A-06-02655
Mr. Janoe, J25333
Page 2


**Based on the above information, this Appeal is GRANTED at the Second Level of Review.**

You are advised however, that this issue may be submitted for a Director's Level of Review if desired.


T. OCHOA
Chief Deputy Warden (A)
Calipatria State Prison

CAL    A  0602655

RECEIVED CAL APPEALS  NOV  0 9 2006
RECEIVED CAL APPEALS  JAN 1 7 2007

EXHIBIT

A



RECEIVED CAL APPEALS JAN 17 2007

RECEIVED CAL APPEALS NOV 0 9 2006

CAL     A 0602655



RECEIVED CAL APPEALS NOV 0 9 2006
RECEIVED CAL APPEALS JAN 1 7 2007

CAL    A  0602655

5/31/6
ck# 204820
$ 3,157.30
the
30 days to process

FOR:BOBBY JANOE#J25333
UNIT-A-1-150
PO BOX 5002
CALIPATRIA,CALIF
92333

SAN BERNARDINO

30 NOV 2006 PM

RECEIVED CAL APPEALS NOV 0 9 2006

RECEIVED CAL APPEALS JAN 1 7 2007

CAL   A 0602655

EXHIBIT

B

  
STATE OF CALIFORNIA

**CAL** **A** 0602655

DEPARTMENT OF CORRECTIONS

RECEIVED CAL APPEALS NOV 0 9 2006

**INMATE/PAROLEE**

**APPEAL FORM** RECEIVED CAL APPEALS JAN 17 2007

CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| 1. _____ | | 1. _____ | |
| 2. _____ | | 2. _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly. TO: ACCOUNTING DEPARTMENT SUPERVISOR P. WEITZEIL

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Janoe | J25333 | N/A | A-1-150 |

**A. Describe Problem:** Altered money orders and/or checks were processed onto my trust account. Who was the person who processed those altered money orders and/or checks onto my trust account? Why were obviously altered money orders and/or checks processed onto my trust account, as funds available for me to spend? The deposits to my account were made on 4/27/06 for a total of four deposits; and on 5/5/06 for a total of five deposits. Crime/Incident Report Part C Staff Report, Incident Log Number CAL-CEN-06-07-0244.

If you need more space, attach one additional sheet.

**B. Action Requested:** To make sure no altered money orders and/or checks are processed onto my trust account as funds available for me to spend.

Inmate/Parolee Signature: _Bobby S. Janoe_     Date Submitted: 8/8/06

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: _____

INMATE APPEALS BRANCH APR-2 2007 RECEIVED

Staff Signature: _____     Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____     Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

RECEIVED CAL APPEALS NOV 0 9 2006

RECEIVED CAL APPEALS JAN 1 7 2007

CAL   A  0602655

EXHIBIT

C

RECEIVED CAL APPEALS NOV 0 9 2006

RECEIVED CAL APPEALS JAN 17 2007

CAL    A 0602655

August 20,2006


Bobby S.Janoe   J25333
P.O.Box 5004   A-1-150
Calipatria CA 92233


Calipatria State Prison
Accounting Department
Supervisor P.Weitzeil
P.O.Box 5001
Calipatria CA 92233


RE:Crime/Incident Report Incident Log Number CAL-CEN-06-07-0244


Dear Miss Weitzeil,


    I am writing to request you respond to the Inmate Appeal 602
I forwarded to your office on 8/8/06.  Pursuant to California Code
of Regulations Title 15 section 3084.6 Subd(1)Informal level
response shall be completed within 10 working days.


    Thank you for your time and consideration.


Sincerely,

Bobby S. Janoe

RECEIVED CAL APPEALS NOV 0 9 2006

RECEIVED CAL APPEALS JAN 1 7 2007

# VERIFICATION

**CAL   A 0602655**

## STATE OF CALIFORNIA
## COUNTY OF IMPERIAL

### (C.C.P. SEC.446 & 201.5; 28 U.S.C. SEC. 1746)

I, ___Bobby S.Janoe___ _____ DECLARE UNDER PENALTY OF PERJURY
THAT: I AM THE ___Declarant___ IN THE ABOVE ENTITLED ACTION;
I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS
TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND
BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS ___20___ DAY OF: ___August___ 2006  AT CALIPATRIA
STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002.

*(SIGNATURE)* ___Bobby S. Janoe___
(DECLARANT/PRISONER)

---

## PROOF OF SERVICE BY MAIL

### (C.C.P. SEC.1013 (a) & 2015.5; 28 U.S.C. SEC.1746)

I, ___Bobby S.Janoe___ AM A RESIDENT OF CALIPATRIA STATE PRISON, IN THE COUNTY
OF IMPERIAL, STATE OF CALIFORNIA. I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM /
A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: P.O. BOX 5002,
CALIPATRIA, CALIFORNIA #92233-5002.

ON ___August 20___ 2006   I SERVED THE FOREGOING: _____
Letter to request answer 602 at informal level,to P.Weitzeil.

### (SET FORTH EXACT TITLE OF DOCUMENTS SERVED)

ON THE PARTY (S) HEREIN BY PLACING A TRUE COPY (S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S),
WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL IN A DEPOSIT BOX SO PROVIDED
AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002.

Calipatria State Prison
Accounting Department
Supervisor P.Weitzeil
P.O.Box 5001
Calipatria CA 92233

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS
REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: ___August 20 2006___

___Bobby S. Janoe___
(DECLARANT/PRISONER)

CAL A 0602655

STATE OF CALIFORNIA
GA-22 (9/92)

**INMATE REQUEST FOR INTERVIEW**

DEPARTMENT OF CORRECTIONS

*CAL APPEALS NOV 0 9 2006*
*RECEIVED CAL APPEALS JAN*

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|---|
| 9/3/ | Accounting Supervisor P. Weitzeil | JANOE | J25333 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER | |
|---|---|---|---|---|
| A-5 | 111-L | N/A | FROM | TO |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | ASSIGNMENT HOURS | |
|---|---|---|
| | FROM | TO |

### Clearly state your reason for requesting this interview.
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

I forwarded a 602 to your office on 8/8/06. The 10 working days to respond has since passed. Please respond to the 602

| INTERVIEWED BY | DATE |
|---|---|
| DISPOSITION | |

---

STATE OF CALIFORNIA
GA-22 (9/92)

**INMATE REQUEST FOR INTERVIEW**

DEPARTMENT OF CORRECTIONS

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|---|
| 9/11/06 | Accounting Supervisor, P. Weitzeil | JANOE | J25333 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER | |
|---|---|---|---|---|
| A-5 | 111-L | N/A | FROM | TO |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | ASSIGNMENT HOURS | |
|---|---|---|
| | FROM | TO |

### Clearly state your reason for requesting this interview.
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

I forwarded a 602 to your office on 8/8/06. The 10 days to respond have since passed. Can you please respond to that 602?

| INTERVIEWED BY | DATE |
|---|---|
| DISPOSITION | |

RECEIVED CAL APPEALS NOV 0 7 2007

CAL   A 0602655

RECEIVED CAL APPEALS JAN 1 7 2007

STATE OF CALIFORNIA
GA-22 (9/92)

# INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|---|
| 9/18/06 | Accounting Supervisor P. Weitzeil | Janoe | J25333 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER | |
|---|---|---|---|---|
| A-5 | 111-L | N/A | FROM | TO |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | ASSIGNMENT HOURS | |
|---|---|---|
| | FROM | TO |

## Clearly state your reason for requesting this interview.

You will be called in for interview in the near future if the matter cannot be handled by correspondence.

I forwarded a 602 to your office on 8/8/06. The 10 working days to respond have since passed. Please respond to this 602.

INTERVIEWED BY _____ DATE _____

Do NOT write below this line. If more space is required, write on back.

DISPOSITION

---

STATE OF CALIFORNIA
GA-22 (9/92)

# INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTION

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|---|
| 9/25/06 | Accounting Supervisor P. Weitzeil | JANOE | J25333 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB HOURS | |
|---|---|---|---|---|
| A-5 | 111-L | N/A | FROM | TO |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | ASSIGNMENT HOURS | |
|---|---|---|
| | FROM | TO |

## Clearly state your reason for requesting this interview.

You will be called in for interview in the near future if the matter cannot be handled by correspondence.

I had forwarded a 602 to your office on 8/8/06. The 10 working days to respond to that 602 has long since passed, at the informal level. Do you really think ignoring the 602 is your best option? A record is being established. Please respond to the 602 as soon as possible. Thank you for your time and consideration.

INTERVIEWED BY _____

Do NOT write below this line. If more space is required, write on back.

DISPOSITION _____ DATE _____

LODGEMENT EIGHT

REPORT

CALIFORNIA DEPARTMENT OF CORRECTIONS
CALIFORNIA STATE PRISON
INMATE TRUST ACCOUNTING SYSTEM
INMATE TRUST ACCOUNT STATEMENT

CAL **A** 0602524

RECEIVED CAL APPEALS SEP 29 2006

RECEIVED CAL APPEALS OCT 06 2005

ACCOUNT NUMBER : J25333
ACCOUNT NAME : 
RECEIVED CAL APPEALS OCT 06 2006
PRIVILEGE GROUP: A

BED/CELL NUMBER: FA01000
ACCOUNT TYPE: I

TRUST ACCOUNT ACTIVITY

| DATE | TRAN CODE | DESCRIPTION | COMMENT | CHECK NUM | DEPOSITS | WITHDRAWALS |
|------|------|------|------|------|------|------|
| 05/01/2005 | | BEGINNING BALANCE | | | | |
| 05/04 | D554 | INMATE PAYROL | 04/05 | 5838 | 13.18 | |
| 05/11 | W213 | FEDERAL FILIN | 1421/06011 | | | 2.62 |
| 05/11 | W220 | STATE FILING | 15606/6015 | | | 2.62 |
| 06/03 | D554 | INMATE PAYROL | 05/01 | 6478 | 8.72 | |
| 06/03 | W512 | LEGAL POSTAGE | 5/12 | 6510 | | 8.40 |
| 06/06 | FC01 | DRAW-FAC 1 | A1 | 6520 | | 4.78 |
| 06/16 | W213 | FEDERAL FILIN | 1421/06804 | | | 1.74 |
| 06/16 | W220 | STATE FILING | 5606/06797 | | | 1.74 |
| 07/06 | D554 | INMATE PAYROL | 6/05 | 0063 | 10.16 | |
| 07/15 | W512 | LEGAL POSTAGE | 7/1 | 0289 | | 2.90 |
| 07/15 | W512 | LEGAL POSTAGE | 7/1 | 0289 | | 1.29 |
| 07/15 | W512 | LEGAL POSTAGE | 7/1 | 0289 | | 1.29 |
| 07/28 | W213 | FEDERAL FILIN | 1421/00547 | | | 2.03 |
| 07/28 | W220 | STATE FILING | 15606/0559 | | | 2.03 |
| 08/03 | D554 | INMATE PAYROL | 7/05 | 0625 | 8.40 | |
| 08/05 | W512 | LEGAL POSTAGE | 8/4 | 0686 | | 0.60 |
| 08/05 | W512 | LEGAL POSTAGE | 8/4 | 0686 | | 1.75 |
| 08/08 | W220 | STATE FILING | 15606/0722 | | | 1.68 |
| 08/08 | W213 | FEDERAL FILIN | 1421/0723 | | | 1.68 |
| 08/15 | W512 | LEGAL POSTAGE | 07/19 | 0873 | | 1.06 |
| 08/15 | W512 | LEGAL POSTAGE | 07/19 | 0873 | | 1.06 |
| 08/15 | W512 | LEGAL POSTAGE | 07/19 | 0873 | | 1.06 |
| 09/07 | D554 | INMATE PAYROL | 08/05 | 1269 | 6.80 | |
| 09/09 | W220 | STATE FILING | 15606/1342 | | | 1.36 |
| 09/09 | W213 | FEDERAL FILIN | 1421/01343 | | | 1.36 |
| 09/09 | W512 | LEGAL POSTAGE | 8/9 | 1351 | | 3.95 |
| 10/18 | W516 | LEGAL COPY CH | 09/14 | 2098 | | 0.20 |
| 11/15 | W516 | LEGAL COPY CH | 10/17 | 2657 | | 0.06 |
| | | ACTIVITY FOR 2006 | | | | |
| 4/27 | D310 | CHECK DEPOSIT | MR/ | 505780 | 2,021.51 | |
| 4/27 | D310 | CHECK DEPOSIT | MR/ | 505780 | 1,298.02 | |
| 4/27 | D300 | CASH DEPOSIT | MR/ | 505771 | 152.30 | |
| 4/27 | D300 | CASH DEPOSIT | MR/ | 505771 | 222.20 | |
| 4/27 | W213 | FEDERAL FILIN | 1421/05795 | | | 74.90 |
| 4/27 | W220 | STATE FILING | 15606/5796 | | | 74.90 |
| 5/28 | W512 | LEGAL POSTAGE | 4/29 | 5819 | | 0.63 |
| 5/28 | W512 | LEGAL POSTAGE | 4/26 | 5819 | | 0.63 |
| 5/01 | W513 | MISC. CHARGES | ENVELF5830 | | | 0.30 |
| 5/01 | W516 | LEGAL COPY CH | 04/24 | 5832 | | 1.20 |
| 5/05 | D310 | CHECK DEPOSIT | MR/ | 505930 | 525.74 | |
| 5/05 | D310 | CHECK DEPOSIT | MR/ | 505933 | | |
| | | CASH DEPOSIT | MR/ | 505937 | 160.00 | |

SCREENED OUT    OCT 06 2006

SCREENED OUT    SEP 29 2006

RECEIVED CAL APPEALS SEP 29 2006    CALIPATRIA STATE PRISON
INMATE TRUST ACCOUNT STATEMENT

RECEIVED CAL APPEALS OCT 06 2006    FOR THE PERIOD: JUN. 01, 2005 THRU JUN. 27, 2005

ACCT: J25333    ACCT NAME: JANOE, BOBBY SHAUN    ACCT TYPE: I

RECEIVED CAL APPEALS OCT 20 2005

| DATE | TRAN CODE | DESCRIPTION | COMMENT | CHECK NUM | DEPOSITS | WITHDRAWALS | BALANCE |
|------|------|-------------|---------|-----------|----------|-------------|---------|
| 05/05 | W220 | STATE FILING | 15606/5943 | | | 89.79 | 4,583.35 |
| 05/08 | FC01 | DRAW-FAC 1 | A1 | 5964 | | 76.00 | 4,507.35 |
| 05/15 | FR01 | CANTEEN RETUR | 506113 | | | 76.00- | 4,583.35 |
| 05/16 | W415 | CASH WITHDRAW AID | | 6161 111079976 | | 99.00 | 4,484.35 |
| 05/19 | W516 | LEGAL COPY CH 4/8 | 6255 | | | 0.20 | 4,484.15 |
| 05/19 | W516 | LEGAL COPY CH 4/8 | 6255 | | | 5.50 | 4,478.65 |
| 05/19 | W516 | LEGAL COPY CH 4/12 | 6255 | | | 0.10 | 4,478.55 |
| 05/19 | W513 | MISC. CHARGES ENVEL | 6256 | | | 0.45 | 4,478.10 |
| 05/19 | W513 | MISC. CHARGES ENVEL | 6261 | | | 1.80 | 4,476.30 |
| 05/19 | W513 | MISC. CHARGES ENVEL | 6261 | | | 45.50 | 4,430.80 |
| 05/23 | W512 | LEGAL POSTAGE 04/19 | 6320 | | | 0.87 | 4,429.93 |
| 05/23 | W516 | LEGAL COPY CH 05/19 | 6316 | | | 0.30 | 4,429.63 |
| 05/23 | W513 | MISC. CHARGES ENVELP | 6330 | | | 0.45 | 4,429.18 |
| 05/23 | W513 | MISC. CHARGES ENVELP | 6330 | | | 0.15 | 4,429.03 |
| 05/24 | W512 | LEGAL POSTAGE 4/21 | 6356 | | | 4.05 | 4,424.98 |
| 05/24 | W512 | LEGAL POSTAGE 4/21 | 6356 | | | 4.05 | 4,420.93 |
| 06/05 | FC01 | DRAW-FAC 1 | A1 | 6540 | | 75.00 | 4,345.93 |

CURRENT HOLDS IN EFFECT

| DATE PLACED | HOLD CODE | DESCRIPTION | COMMENT | HOLD AMOUNT |
|-------------|-----------|-------------|---------|-------------|
| 6/14/2006 | H118 | LEGAL COPIES HOLD | 06/13 6807 | 0.90 |

TRUST ACCOUNT SUMMARY

| BEGINNING BALANCE | TOTAL DEPOSITS | TOTAL WITHDRAWALS | CURRENT BALANCE | HOLDS BALANCE | TRANSACTIONS TO BE POSTED |
|-------------------|----------------|-------------------|-----------------|---------------|---------------------------|
| 7.88 | 4,909.53 | 571.48 | 4,345.93 | 0.90 | 0.00 |

| CURRENT AVAILABLE BALANCE |
|---------------------------|
| 4,345.03 |

SCREENED OUT    SEP 29 2006    SCREENED OUT    OCT 06 2006

LODGEMENT NINE

RECEIVED CAL APPEALS SEP 29 2006

RECEIVED CAL APPEALS OCT 2006

RECEIVED CAL APPEALS OCT 30 2005

SCREENED OUT SEP 29 2006

SCREENED OUT OCT 0 2006

CAL    A 0602524

5-16-06

was glad to hear from ya, as for out here,
I'm going thru it all a bunch of bull shit, I
and I just can't focus at the moment, I
do need to, I am planing on moving in 1 week,
and I still need to find a new house, so I will
Focus on that tommrow, I have lots to do!
Plus with my court case coming up next
month, it's nothing nice, any case, they plan
to raise my bail to 300,000.00 so I
can working on getting up my issues so I
anyhow, I fight my case from the streets, or
for ya, plus another letter with 5 ---,
your account over 10,000. so are this idears
take half of that and send it back to
me in a state of Calif check, I could
put that toward my bail, as soon
as it clears, just put in a request
to my P.O box ok, 65 of that to me ok,
send me out a kite when you do that!
things will get better, I will get at money
orders to ya next week bro!
And Keep your head up,

I'll get you out legally!

Trust, have faith I do need to focus right
my bail and for what? I've
the deal was 8 years
nothing... be of good

RECEIVED CAL APPEALS  SEP 29 2005

RECEIVED CAL APPEALS  OCT 06 2005

RECEIVED CAL APPEALS  OCT 20 2005

SCREENED OUT   SEP 29 20__

SCREENED OUT   OCT 06 2006

CAL A 0602524

Discover Your Family Story

Bellamy
28 May 1933
- Edgecombe
Jimmie?? Bellamy
B_C037_66001
20
422

Source Information:

Ancestry.com. *North Carolina Birth Index, 1800-2000* [database online]. Provo, Utah

This list shows the counties and year ranges covered in this index. Delayed births are also included in



RECEIVED CAL APPEALS. SEP 29 2006

CAL    A 0602524

RECEIVED CAL APPEALS OCT 06 2006

RECEIVED CAL APPEALS OCT

CMS/

MEDICARE PAYMENT

NHIC

FEDERAL HEALTH INSURANCE BENEFITS ACCOUNT
ADD01   0000559
J ROBERT WEST MD INC
PO BOX 2150
REDLANDS, CA   92373-0701
BOBBY JANOE # J-25333

CMS/

MEDICARE PAYMENT

NHIC

FEDERAL HEALTH INSURANCE BENEFITS ACCOUNT
ADD61   00009558
J ROBERT WEST MD INC
PO BOX 2150
REDLANDS, CA   92373-0701
BOBBY JANOE # J-25333

SCREENED OUT    SEP 29 2005

SCREENED OUT    OCT 06 2006

LODGEMENT TEN

CALIPATRIA STATE PRISON

INVESTIGATIVE SERVICES UNIT

CASE REFERRAL TO

IMPERIAL COUNTY DISTRICT ATTORNEY

DATE:               10-02-06          INCIDENT REPORT NUMBER        CAL-CEN-06-07-0244

REPORT RECEIVED:    08-03-06          INCIDENT REPORT TITLE         THEFT IN EXCESS OF $500.00

REPORT DATED:       07-20-06          INMATE NAME & CDC NUMBER:     JANOE   J25333

The above case was evaluated for referral to the Imperial County District Attorney and the following decision was made:

_____    Report returned to involved staff for more data:
_____    Investigation being conducted by Security and Investigations:
___X____    No referral to the District Attorney will be made since:

          _____    There was no significant injury.
          _____    Potential for injury existed, but victim will not testify
          _____    Prima facie evidence exists, but there is insufficient data for other than administrative action.
          _____    Insufficient quantity of drugs for prosecution.
          _____    Problems exist with the chain of evidence.
          _____    Inmate has a long sentence and the most appropriate resolution will be effected via administrative
                      disposition.
          _____    Not a referable offense.
          _____    Does not meet criteria of agreement with District Attorney.
          ___X____    Other   WILL BE ISSUED A CDC-115 FOR POSSESSION OF STOLEN PROPERTY AND
                      CHECK FRAUD. TO BE FILED BY OUTSIDE AGENCY IF FILED.
          _____    ____/____/____, this case was referred to the Imperial County District Attorney.
          _____    On ____/____/____, the Investigation Services Unit received written notice that the Imperial
                      County District Attorney rejected / dismissed this case.
          ___X____    Any pending disciplinary action should be completed at this time and a closure report completed and
                      Forwarded to the Associate Warden-Housing for distribution

The above is pursuant to revision of the California Code of regulations, Title 15 Section 3316, which allows for discretionary referral
of criminal cases.

Any questions may addressed via the Captain, Security and Investigations Unit at extension 5340.


G. Stratton, Lieutenant
Chief Investigator
Investigative Services Unit

Original: Incident Package

cc:     A W A/B or C/D
        Records
        AW Custody
        Inmate
        Facility Lieutenant



RECEIVED
OCT 10 2006
By_____

LODGEMENT ELEVEN





LODGEMENT TWELVE

RECEIVED CAL APPEALS   SEP 2 5 2006
RECEIVED CAL APPEALS   SEP 2 0 2006

CAL   **A 0602524**

Division of Medical Examiner
175 South Lena Road
San Bernardino, CA 92415-0037
(909) 387-2561
Fax (909) 387-2989

RECEIVED CAL APPEALS   SEP 29 2006
RECEIVED CAL APPEALS   OCT 0 6 2006

**Frank Sheridan, M.D.**
Chief Medical Examiner

**Eugene Carpenter**
_____, M.D., Deputy M.E.

RECEIVED CAL APPEALS   OCT 2 0 2006

# San Bernardino County Sheriff's Department
## Coroner Division

## Autopsy Protocol

| | |
|---|---|
| **Coroner's Case Number:** 06-5661LD | **Autopsy Number:** A-0394-06 |

| | | |
|---|---|---|
| **Name:** Brett Harvey Janoe | **Age:** 44 | **Sex:** Male |
| **Time of Death:** Reported Found 0739 hours, July 21, 2006 | | **Race:** Caucasian |
| **Time of Autopsy:** 0900 hours, July 28, 2006 | | |
| **Place of Autopsy:** San Bernardino County Coroner's Facility | | **Deputy:** De Nardo |

**HISTORY OF DEATH:** This is the case of a 44-year-old Caucasian male found floating in about 2 feet of water in a flood basin area. There is a past history of social distress, methamphetamine use, and possibly of diabetes. There is no history of foul play or trauma. There are no signs of trauma. Other past medical history is not given. Drug use and social stress have been the problems. No history of suicide ideation or previous suicide attempts has been given.

There is a history of pelvic fracture from a fall in the fairly recent past.

Also refer to Coroner's Investigative Report 06-5661LD.

**External Examination for Identification and for Signs of Natural Pathology:**

This is the body of a 44-year-old, well-developed, well-nourished Caucasian male, about 73 inches in length and weighing 169 pounds. It has been refrigerated and is not embalmed. The body is identified by tags.

The major identifying characteristics consist of a long body, brown, medium length, straight hair, brown eyes (might be obscured by decomposition changes), handlebar moustache, unshaven face for about a week, no teeth, upper dental plate, uncircumcised penis, well-developed and not obese body; no signs of amputations, deformities, or needle track scars are seen. There are two tattoos discovered. The body is moderately decomposed and this obscures surface findings. The following is what can be discerned through the discoloration and the skin slippage.

The skin, head, head hair, eyes, ears, nose, mouth, throat, neck, chest, abdomen, pelvis with external genitalia and anus, back and extremities are all unremarkable for signs of natural pathology as best as can be seen through the obscuring signs of decomposition.

**Clothing:** There is clothing on the body. It consists of a tee shirt, boxer shorts, blue jeans with wide brown belt, white socks, and white running shoes. All of the clothing is soaked and muddy. Abundant numbers of papers are found, some of which have been placed in a plastic envelope apparently by the decedent. All of these are retrieved and are cleaned and spread out on a table for drying. No other articles are found within the pockets of the pants. There does not seem to be the presence of a suicide note, but the papers are not examined in detail at this time.

RECEIVED CAL APPEALS   SEP 2 0 2005
RECEIVED CAL APPEALS   OCT 2 0 2006
JANOE AUTOPSY CONTINUED
RECEIVED CAL APPEALS   SEP 2 9 2006
PAGE 2
A-0394-06
RECEIVED CAL APPEALS   SEP 2 9 2006

CAL   A   0602524

RECEIVED CAL APPEALS   SEP 2 0 2006

### Evidence of Postmortem Changes:

1. Moderate decomposition is present with universal green-brown discoloration and skin slippage. There is moderate bloating of the abdomen and scrotum. The eyes are soft. About 7 to 8 mL of fresh appearing red blood is found within the heart. The gallbladder and urinary bladder are dry. There are about 20 mL of a wine-like decomposition fluid found within the left pleural space. The right pleural space is dry. The peritoneum is dry. There is no oil. Maggots and fly eggs are not seen. Animal activity is not seen.
2. Rigor mortis: the arms are loose. There is moderate rigor mortis in the lower extremities.
3. Lividity: lividity cannot be assessed.

### Evidence of Medical Intervention: None

### Evidence Collected at Autopsy:

1. Liver and kidneys for toxicology.
2. One tube of blood for toxicology, from the heart.
3. Tissues from the major organs.

### Tattoos: Two tattoos are seen. One is a none understood design with the word "Crazy" at the top. This is at the left lateral arm. The other is the name "Lori" written over the top surface of the shaft of the penis.

### Radiographs: None

### Incisions:

1. Head, coronal.
2. Chest, Y-shaped.
3. Abdomen, midline.
4. Throat, midline.

### Examination and Description of Injuries: Old bruises are present at the upper posterolateral pelvis. The larger is 2 inches and about 1 inch below it is the 1-1/2 inch bruise. They seem older. consistent with the history, but this is not clear due to the decomposition that obscures the findings. No incisions are made into them. No samples are collected. Other signs of trauma are lacking. The head is carefully examined. The brain is a gray-green pultaceous mass without signs of blood or other signs of trauma. There are no sharp force injuries or gunshot wounds to the body.

### Internal Examination for Signs of Natural Pathology:

A. BODY CAVITIES:

1. Head: The cranium and potential spaces of the head are unremarkable.

2. Chest: Unremarkable, except for decomposition.

3. Abdomen: Unremarkable, except for moderate decomposition.

4. Pelvis: Unremarkable, except for decomposition.

SCREENED OUT   SEP 2 8 2006   SCREENED OUT   SEP 2 9 2006   SCREENED OUT   OCT 0 6 2006

RECEIVED CAL APPEALS    SEP 2 0 2006
RECEIVED CAL APPEALS    SEP 2 5 2006

**CAL    A 0602524**

TANOE AUTOPSY CONTINUED
PAGE 3

RECEIVED CAL APPEALS    SEP 2 9 2006

RECEIVED CAL APPEALS    OCT 0 6 2006
RECEIVED CAL APPEALS    OCT 2 0 2006

**B. SYSTEMS:**

1. Central Nervous: The brain is 1245 grams. It consists of a slightly formed gray-green pultaceous mass with some preservation of the surface architecture. It is scooped out of the skull. There are no collections of blood nor are there any signs of pathology that might be seen beyond the obscuration of the decompositional process.

2. Cardiovascular: The heart is 345 grams. It appears enlarged. The estimated weight before decomposition is 445 grams. The left main coronary artery is 60% atherosclerotic with a 2 x less than 1 mm. residual space. The circumflex is 70% occluded near its origin. The left anterior descending branch is 80% occluded in many focal areas, especially proximally. The right coronary artery is unremarkable. Otherwise, the heart with its pericardial sac, epicardium, coronary arteries, myocardium, endocardium and valves is unremarkable. The aorta with its branches and the vena cava with its tributaries are unremarkable. The pulmonary arteries are unremarkable and there are no signs of thromboemboli.

3. Respiratory: The airway is clear. There are no signs of inflammation. The lungs are unremarkable, except for obvious anthracosis.

4. Gastrointestinal: The GI tract, liver, gallbladder and pancreas are all unremarkable. The GI tract is examined by visualization and palpation. No collections of blood are seen. No stones are felt in the gallbladder.

5. Lymphoid: The spleen is moderately enlarged. The estimated weight is 400 grams. The lymph nodes are not prominent.

6. Genitourinary: The kidney both appear hyperplastic. The estimated weight is about 230 grams for each kidney. The surface is smooth. There are no pitted scars. The kidneys, ureters, urinary bladder, prostate and testicles are unremarkable. The prostate and testicles are examined by palpation.

7. Endocrine: The pituitary is not seen. The thyroid and adrenal glands are unremarkable.

8. Musculoskeletal: Unremarkable

**TOXICOLOGY**: A standard coroner's panel is requested.

**Also refer to Toxicology Report**

SCREENED OUT    SEP 2 0 2006        SCREENED OUT    SEP 2 5 2006    SCREENED OUT    OCT 0 6 2006
SCREENED OUT    SEP

RECEIVED CAL APPEALS    SEP 2 0 2006

RECEIVED CAL APPEALS    SEP 2 9 2006

RECEIVED CAL APPEALS    OCT 0 6 2006

RECEIVED CAL APPEALS    OCT 2 0 2006

CAL    A 0602524

JANOE AUTOPSY CONTINUED
PAGE 4
A-0594-06

**DIAGNOSIS:**
I.   Severe atherosclerotic heart disease.
II.  Signs of old trauma to the right posterolateral pelvic region, no signs of complications.
III. Drowning.
IV.  History of methamphetamine use (see toxicology report) (33 mg/L blood level).
V.   No history of foul play.
VI.  History of social stress and strain and difficult drug problem.

**CAUSE OF DEATH:** Probable drowning, unknown.    Contributing Causes: 1) Chronic methamphetamine use. 2) Atherosclerotic heart disease.

**Manner of Death:** Natural

**How injury occurred:** Probable cardiac event due to heart disease and drug use; then drowned.

**WITNESSES PRESENT:** Detective John Munoz, Forensic Specialist Ricardo Tomboc, San Bernardino Police Department.

Autopsy Completed 1030 hours, July 28, 2006.

Eugene Carpenter, M.D.
Pathologist

Date: 8-29-6

EC:pm

SCREENED OUT    SEP 2 0 2006
SCREENED OUT    SEP 2 5 2006
SCREENED OUT    SEP 2 9 2006

SCREENED OUT    OCT 0 6 2006

RECEIVED CAL APPEALS  SEP 20 2006
RECEIVED CAL APPEALS  SEP 25 2006

CAL   A 0602524

RECEIVED CAL APPEALS  SEP 29 2006



# County of San Diego

GLENN N. WAGNER, D.O.
CHIEF MEDICAL EXAMINER

RECEIVED CAL APPEALS  OCT 06 2006

CHRISTINA STANLEY, M.D.
CHIEF DEPUTY MEDICAL EXAMINER

RECEIVED CAL APPEALS  OCT 20 2006  OFFICE OF THE MEDICAL EXAMINER
5555 OVERLAND AVE., Ste 1411, SAN DIEGO, CALIFORNIA 92123-1245
TEL: (858) 694-2895  FAX: (858) 495-5956

## TOXICOLOGY REPORT

Name:                       **JANOE, Brett Harvey**

SBCCO Number:               **06-05661 LD**
Autopsy Number:             **A0394-06 EC**

Date of Death:              **07/21/2006**

Pathologist:                **Eugene Carpenter, M.D.**

Specimens Received:         **Heart Blood, Kidney, Liver**

---

| Test Name (Method of Analysis) | Specimen Tested | Result |
|---|---|---|
| **Alcohol Analysis (GC)** | | |
| Alcohol (Ethanol) | Heart Blood | **0.06 % (w/v)** |
| Acetone, Methanol, Isopropanol | | Not Detected |
| | | |
| **Drugs of Abuse Screen (ELISA)** | Heart Blood | |
| Cocaine metabolites | | Not Detected |
| Opiates | | Not Detected |
| Amphetamines | | **Presumptive Positive** |
| Benzodiazepines | | Not Detected |
| Fentanyl | | Not Detected |
| Cannabinoids | | Not Detected |
| | | |
| **Amphetamines (GC/MS)** | Heart Blood | |
| Methamphetamine | | **0.33 mg/L** |
| Amphetamine | | Not Detected |
| Ephedrine | | Not Detected |
| Pseudoephedrine | | Not Detected |

End Results

**Comment:**                                    ECJ 8-29-6

**These results would be consistent with the use of alcohol and methamphetamine.**

Approved and Signed:    *Catherine E. Hamm*          Reviewed:  *J.L. Sherrard*
08/18/2006              Catherine E. Hamm                        James Sherrard
                       Toxicologist III                         Toxicologist II

SCREENED OUT       SEP 20 2006   SCREENED OUT   SEP 29 2006
SCREENED OUT       SEP 25 2006                  SCREENED OUT   OCT 06 2006

LODGEMENT THIRTEEN

CAL    A  0602524

STATE OF CALIFORNIA

RULES VIOLATION REPORT – PART C    OCT 2 0 2006

DEPARTMENT OF CORRECTIONS

PAGE 8 OF 8

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|------------|---------------|------------|-------------|--------------|
| J-25333 | JANOE | 07-06-A-005 | CSP-CAL | 07/17/06 |

| ☐ SUPPLEMENTAL | ☐ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☐ HEARING | ☐ IE REPORT | ☐ OTHER |
|---|---|---|---|---|---|

On, May 17, 2006 at approximately 1000 hours, while performing my duties processing monies received from the institutional mail room, I discovered that check(s) serial #146931907 for the amount of **$5,727.19** and check serial #146931908 for the amount of **$5,190.87** appeared to have been altered. Calipatria State Prison (CAL) Inmate Trust Account Office Personnel received the checks via the institutional mail. I notified Security and Investigations (S&I) Officer #5 V. Canada that I had received, 2 original checks serial #146931907 for the amount of **$5,727.19** and check serial #146931908 for the amount of **$5,190.87** endorsed for payment to a J. Robert West MD Inc, P.O. Box 2150, Redlands Ca. 92373-0701 and below the physician's name typed in bold letters and underlined, was Inmate Janoe, J25333/A1-150, underneath the original endorsee. Both checks were generated by National Heritage Insurance Company (NHIC) for Medicare Payment. On Tuesday, June 13, 2006, at approximately 1000 hours, I relinquished the checks to Squad Officer Canada.

Inmate Janoe is not a participant of the Mental Health Delivery System (MHSDS).

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| G. SHEPHERD  _John Pecunk_  4-G Sh | 7/18/06 |

| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| COPY OF CDC 115-C GIVEN TO INMATE | _Chinejw_ | 7-18-06 | 1105 |

CDC 115-C (5/95)

OSP 99 25082

LODGEMENT FOURTEEN

SCREENED OUT

SEP 29 2006

SCREENED OUT

OCT 0 6 2006

206430

**AMOUNT**
$3,187.00

90-3414
1222

**CONTROL NUMBER**
206430

US Dollars

CITIZEN'S BUSINESS BANK
1555 EAST HIGHLAND AVE.
SAN BERNARDINO, CA 92413

**CHECK DATE**
5/24/2006

AUTHORIZED SIGNATURES

EVWD East Valley Water District
Serving Our Community for Over 50 Years
P.O. BOX 3427
SAN BERNARDINO, CA 92413
(909) 889-9501

Three Thousand One Hundred Eighty-Seven and 00/100----------

BOBBY JANOE #J25333
PO BOX 5069
SAN BERNARDINO, CA 92412-5069
FOR;BOBBY JANOE#J25333

PAY; TO THE ORDER OF

"⑆206430" ⑆122234114⑆: 238"103363 "

REVERSE SIDE OF THIS CHECK HAS AN ARTIFICIAL WATERMARK. MICROLINE TYPE IN CHECK BORDER AND SIGNATURE LINES IS A SECURITY FEATURE

RECEIVED CAL APPEALS OCT 06

RECEIVED CAL APPEALS SEP 29 2006

# PROOF OF SERVICE

I, _Bobby S. Janoe_____, CERTIFY AND DECLARE THAT I AM OVER THE

AGE OF (18) YEARS, A PARTY TO THE WITHIN ACTION AND A CITIZEN AND OR RESIDENT OF THE UNITED

STATES.

                                                 _Notice of Lodgement of Exhibits_

        I SERVED THE FOLLOWING DOCUMENT(S) _Traverse, Case No CV 08-0420 JLS (PoR)_ ,

UPON THE PARTIES LISTED BELOW BY PLACING SEALED ENVELOPES IN THE UNITED STATES MAIL HERE

AT _Corcoran State Prison_____, CALIFORNIA AS FOLLOWS:

UNITED STATES DISTRICT COURT
UNITED STATES MAGISTRATE
JUDGE L.S. PORTER
Room 4290
880 Front Street
San Diego CA 92101-8900

ATTORNEY GENERAL OFFICE
110 WEST A STREET
San Diego CA 92101

I, _Bobby S. Janoe_____, SWEAR UNDER THE PENALTY OF PERJURY THAT

THE FOREGOING IS TRUE AND CORRECT.

EXECUTED AND DATED THIS ___31th___ DAY OF ___July_____, 20_08_

_Bobby S. Janoe_____
DECLARANT