1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11    BOBBY SHAWN JANOE,                                        CASE NO. 08-CV-420 JLS (POR)

12                                      Petitioner,    **ORDER: DENYING PETITIONER'S APPLICATION FOR A CERTIFICATE OF APPEALABILITY**

13         vs.

14    JAMES TILTON,

15                                      Respondent.    (Doc. No. 19.)

16

17         Bobby Shawn Janoe filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

18    On December 9, 2008, pursuant to 28 U.S.C. § 636(b)(1), Magistrate Judge Louisa S. Porter issued

19    a Report and Recommendation ("R&R") that the Court deny the petition.  (Doc. No. 15.)  Petitioner

20    did not file objections.  Therefore, on February 2, 2009,  the Court satisfied itself that there was no

21    clear error on the face of the record, and adopted Magistrate Judge Porter's R&R. (Doc. No. 16.)  On

22    February 19, 2009, Petitioner filed a notice of appeal  (Doc. No. 18) and a motion for certificate of

23    appealability.  (Doc. No. 19.)

24         A certificate of appealability is authorized "if the applicant has made a substantial showing of

25    the denial of a constitutional right."  28 U.S.C. § 2253(c)(2) (2008).  "A petitioner satisfies this

26    standard by demonstrating that jurists of reason could disagree with the district court's resolution of

27    his constitutional claims or that jurists could conclude the issues presented are adequate to deserve

28    encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); see also Slack

v. McDaniel, 529 U.S. 473, 484 (2000). The Court must either (1) grant the certificate of appealability indicating which issues satisfy the required showing or (2) state why a certificate should not issue. Fed. R. App. P. 22(b).

In this case, the pertinent legal question is whether the Court should have adopted Magistrate Judge Porter's R&R.  Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth the duties of a district court in connection with a magistrate judge's report and recommendation.  Since Petitioner did not object to the R&R,[1] the Rule states that the Court need "only satisfy itself that there is no clear error on the face of the record."  Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (citing Campbell v. U.S. Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974)).  Here, the certificate should not issue because reasonable jurists would agree that Magistrate Judge Porter's R&R did not contain clear error. Therefore, reasonable jurists would agree that the Court was correct in adopting that R&R, denying the petition, and denying the request for an evidentiary hearing. Accordingly, the Court **DENIES** Petitioner's requests for a certificate of appealability.

IT IS SO ORDERED.

DATED:  February 24, 2009

Janis L. Sammartino

Honorable Janis L. Sammartino
United States District Judge

---

[1] Petitioner argues that the certificate of appealability should issue because he "never received a copy of the Report and Recommendation," and therefore "cannot argue any objctions to the Report and Recommendation in this brief."  (Memo. ISO Motion, at 3.)  Even assuming that Petitioner actually did not receive a copy of the R&R, reasonable jurists would agree that it was proper for the Court to adopt the R&R.

08cv420